MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Defendants*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
        zachary-peterson@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

---

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## IN AND FOR UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Defendants. | **CORRECTED NOTICE OF FILING OF NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**<br><br>Civil No. 190400159<br><br>TIER 3<br><br>Judge Lynn W. Davis |

TO:     THIS HONORABLE COURT AND PLAINTIFFS, SMASH TECHNOLOGY,

LLC and MICHAEL ALEXANDER AND TO THEIR ATTORNEYS OF

RECORD:

Please take notice that on February 15, 2019, Defendants Smash Solutions, LLC and Jerry Ulrich, by and through counsel of record, Zachary E. Peterson, Matthew C. Barneck, and Kristina H. Ruedas of RICHARDS BRANDT MILLER NELSON, removed this action to the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. §§ 1441 and 1446 by filing a Notice of Removal to United States District Court.  A copy of the Errata – Request to Replace DN 2 – Notice of Removal) is attached hereto as Exhibit A to this Notice. This pleading correctly attaches the Notice of Removal which was filed as DN 6 with the United States District Court.  The original of this Notice is filed with the Clerk of the above-entitled court.

DATED this 15th day of February, 2019.

RICHARDS BRANDT MILLER NELSON

_____*s/ Zachary E. Peterson*_____
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of February, 2019, I electronically filed the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** with the Clerk of the Court and notification of such filing was sent to the following:

> Darren G. Reid
> Brandon T. Christensen
> Holland & Hart LLP
> 222 South Main Street, Suite 2200
> Salt Lake City, UT 84101
> dgreid@hollandhart.com
> btchristensen@hollandhart.com
> *Attorneys for Plaintiffs*

*/s/ LaDonna A. Whelchel*

G:\EDSI\DOCS\21981\0002\18N8976.DOC

MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Defendants*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
        zachary-peterson@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; | **ERRATA (REQUEST TO REPLACE DN 2 – NOTICE OF REMOVAL)** |
| Plaintiffs, | |
| vs. | Civil No. 2:19-cv-00105-DBP |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; | Magistrate Judge Dustin B. Pead |
| Defendants. | |

Defendants, Smash Solutions, LLC and Jerry Ulrich, by and through counsel, Matthew C. Barneck, Zachary E. Peterson, and Kristina H. Ruedas of the law firm RICHARDS BRANDT MILLER NELSON, hereby file this Errata request to replace DN 2 Notice of Removal.  The corrected Notice of Removal with exhibits is attached.

DATED this 15th day of February, 2019.

RICHARDS BRANDT MILLER NELSON


_____*s/ Zachary E. Peterson*_____
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of February, 2019, I electronically filed the foregoing **ERRATA (REQUEST TO REPLACE DN 2 – NOTICE OF REMOVAL)** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Darren G. Reid
> Brandon T. Christensen
> Holland & Hart LLP
> 222 South Main Street, Suite 2200
> Salt Lake City, UT 84101
> dgreid@hollandhart.com
> btchristensen@hollandhart.com
> *Attorneys for Plaintiffs*

*/s/ Zachary E. Peterson*

G:\EDSI\DOCS\21981\0002\18O1826.DOC

MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Defendants*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Email: matthew-barneck@rbmn.com
        zachary-peterson@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Defendants. | **NOTICE OF REMOVAL OF STATE CIVIL ACTION**<br><br>Civil No. 2:19-cv-00105-DBP<br><br>Magistrate Judge Dustin B. Pead |

Each named Defendant, Smash Solutions, LLC and Jerry Ulrich, by and through counsel of record, Zachary E. Peterson, Matthew C. Barneck, and Kristina H. Ruedas of RICHARDS BRANDT MILLER NELSON, hereby give notice of the removal from the Fourth Judicial District Court in and for Utah County, State of Utah, of Civil Action No. 190400159, captioned *Smash*

*Technology, LLC and Michael Alexander v. Smash Solutions, LLC, Jerry "J.J." Ulrich and Does 1-3*, to the United States District Court for the District of Utah, Central Division.  This notice is submitted pursuant to 28 U.S.C. §§ 1441 and 1446.

In support of the removal of this action, all Defendants state as follows:

1.     Plaintiffs commenced this action in the Fourth Judicial District Court in and for Utah County, State of Utah, by filing of a Complaint on January 28, 2019.  (A copy of Plaintiffs' Complaint and a Court Docket from the Fourth Judicial District Court, Utah County, State of Utah are attached hereto as Exhibits A and B, respectively.)

2.     In the Complaint, Plaintiffs assert a sixth cause of action arising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for false advertising and false designation of origin. (*See* Exh. A at p.11.)

3.     In the Complaint, Plaintiffs allege a seventh cause of action rising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), for unfair competition.  (*See* Exh. A at p.12.)

4.     Based on these two causes of action, Plaintiffs' Complaint facially presents two federal questions under the Lanham Act, 15 U.S.C. § 1125, *et seq*.

5.     Accordingly, Defendants remove this case pursuant to 28 U.S.C. § 1441.

6.     Pursuant to 28 U.S.C. § 1446, Defendants state that Plaintiffs' Complaint was filed on January 28, 2019.  (*See* Court Docket attached as Exhibit B.)

7.     Defendant Smash Solutions was served with a copy of the Complaint on February 1, 2019.  (*See* Exh. B.)

8.     Defendant Jerry Ulrich was served with a copy of the Complaint on February 5 2019.  (*See* Exh. B.)

9. This Notice of Removal is being filed on February 15, 2019 and within the 30 days after receipt by the Defendants pursuant to 28 U.S.C. § 1446(b)(1) & (2)(C).

10. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1331 and this matter may be removed pursuant to the provisions of 28 U.S.C. § 1441, because the causes of action referenced above present federal questions. The Court has supplemental jurisdiction of all other claims alleged in the Complaint under 28 U.S.C. § 1367 because they form part of the same case or controversy under Article III of the United States Constitution.

11. Pursuant to the provisions of 28 U.S.C. § 1446(b)(2)(A), each Defendant, Smash Solutions, LLC and Jerry Ulrich, who have been properly joined and served, join in and consent to the removal of this action.

12. Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendants have filed this notice with the Clerk of the Fourth Judicial District Court in and for Utah County, State of Utah and provided notice to counsel for Plaintiffs.

WHEREFORE, all Defendants pray for the above-styled action now pending in the Fourth Judicial District Court in and for Utah County, State of Utah, be removed from said state court to the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. § 1441 and § 1446.

DATED this 15th day of February, 2019.

RICHARDS BRANDT MILLER NELSON


_____*s/ Zachary E. Peterson*_____
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 15th day of February, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL OF STATE CIVIL ACTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Darren G. Reid
> Brandon T. Christensen
> Holland & Hart LLP
> 222 South Main Street, Suite 2200
> Salt Lake City, UT 84101
> dgreid@hollandhart.com
> btchristensen@hollandhart.com
> *Attorneys for Plaintiffs*

/s/ Zachary E. Peterson

G:\EDSI\DOCS\21981\0002\18N9043.DOC

EXHIBIT A

Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com

*Attorneys for Plaintiffs*

---

**IN THE FOURTH JUDICIAL DISTRICT COURT**
**IN AND FOR UTAH COUNTY, STATE OF UTAH**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; <br><br> Defendants. | **COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF** <br><br> Case No. _____ <br><br> Judge _____ <br><br> **(TIER 3)** |

Plaintiffs Smash Technology, LLC ("**Technology**") and Michael Alexander

("**Alexander**"), by and through their undersigned counsel, hereby complains against Smash

Solutions, LLC ("**Solutions**"), Jerry "J.J." Ulrich ("**Ulrich**"), John Does 1-3 (collectively,

"**Innovations**") as follows:

## PARTIES

1.      Plaintiff Smash Technology, LLC is a Nevada limited liability company doing business in Utah and with its principal place of business in Nevada.

2.      Michael Alexander is an individual residing in Nevada and Indonesia.

3.      Smash Solutions, LLC is a Delaware limited liability company doing business in Utah and with its principal place of business in Utah.

4.      Defendant Jerry "J.J." Ulrich is an individual residing in Utah and upon information and belief is an owner, principal, agent, and/or employee of John Does 1-3, collectively called herein Smash Innovations or "Innovations."

5.      John Does 1-3 are as yet unknown entities—possibly Utah or Wyoming corporations or DBAs wherein Ulrich is attempting to operate as Smash Innovations.

## JURISDICTION & VENUE

6.      Jurisdiction and venue are appropriate in this Court pursuant to Utah Code Ann. §§ 78A-5-102, 78B-3-205(1)-(3), and 78B-3-307.

## GENERAL ALLEGATIONS

7.      Smash Technology has developed "customer relationship management" (CRM) technology that enhances businesses' ability to connect, develop, interact, and communicate with, and market to their customers and prospective contacts in a wide variety of ways, including by creating highly-detailed contact profiles and dashboard aggregating and updating data via public sources and databases to maximize communication, sales, marketing, social media, and various other activities.  Technology's intellectual property and proprietary technology (the "**CRM Platform**") is wholly-owned by Technology.

8.      Michael Alexander is the sole member and manager of Technology.

**The Formation of Smash Technology (Technology)**

9.      In forming Technology, Alexander partnered with J.J. Ulrich, who was previously the majority shareholder in Smash Solutions.  Alexander was also a shareholder in Solutions.

10.     Solutions dissolved its business by executing dissolution papers and sending notice to all interested parties.

11.     Alexander's and Ulrich's Technology partnership intended to work as follows: first, Ulrich agreed to transfer clear title to Solutions' infant intellectual property to Technology, and second, Alexander agreed to fund Technology.  Ulrich agreed to dissolve Smash Solutions and indemnify Alexander and Technology from any liability from Smash Solutions' creditors, investors, and employees.  Ulrich was unable to provide any of the initial funding.  Pursuant to this same agreement, Ulrich agreed to build his Bitclub Network business to produce adequate sales and production volume to maximize daily earnings from Tatiana Alexander's Uberfund and Centurion Bitclub Network.  Ulrich has defaulted on his obligations relating to the Bitclub Network.

12.     Based upon his representations, Ulrich transferred Solutions' intellectual property to Technology and dissolved Smash Solutions.  To date, Alexander has funded Technology with approximately $900,000.

13.     Alexander and Ulrich intended to develop Technology into a CRM technology powerhouse by developing the sophisticated and superior CRM Platform that would outpace all competitors in the marketplace.

14.     As Technology's primary operator, Ulrich was tasked with a simple mandate: hire a Chief Technology Officer (Sam Potter) to run point with the outsourced development team building out the CRM Platform.  Once this important task was completed, Technology would invest in hosting and server costs for the CRM Platform and other necessary operating expenses once ready to deploy the Alpha testing phase and become partially operational.

**The Feracode Agreement**

15.     In March 2018, Technology entered into a Master Services Agreement with Feracode, LLC, a Utah limited liability company, whereby Feracode agreed to develop the CRM Platform in exchange for $1.7 million.  The parties agreed that Feracode would develop the CRM Platform during 12 discrete time periods or milestones.  After each accomplished milestone, the parties would agree upon the completed work, exchange payment, and authorize the next milestone to be performed.  To date, Feracode has completed seven milestones, readying the CRM Platform for its Alpha deployment and testing phase.

16.     Though Solutions never fully developed CRM technology, Solutions developed limited templates and technical documents that could be used as a spring-board for Technology (with Feracode's expertise and services) to develop more sophisticated and superior CRM technology that was viable to market and was sustainable and scalable, including the use of current updated language and superior software code, among other things.

17.     Technology has developed the CRM Platform at great expense and implemented protocols to keep information and processes related to the CRM Platform confidential and proprietary.

18.     Technology's intellectual property, database, and CRM Platform is its most valuable asset.  Technology intends to develop significant goodwill and a quality business reputation in the marketplace with its CRM Platform.

**Ulrich's Financial Misconduct**

19.     Upon information and belief, Ulrich has engaged in numerous unauthorized transactions for Technology without Alexander's knowledge or authorization, including but not limited to entering into unauthorized vendor agreements, commingling Technology funds with Solutions and personal accounts, and using Technology funds for personal expenses.  For example, Ulrich has used funds for personal expenses such as moving expenses, travel and food expenses, investments, computers, and internet and cable services for his home and other businesses.

20.     Upon information and belief, Ulrich has failed to account for substantial funds Alexander invested into Technology, including two wires in the amount of approximately $90,000 and earnings provided from Alexander's other business interests in the amount of approximately $900,000.

21.     Despite repeated requests from Alexander, Ulrich has only provided limited (and troubling) financial information related to Technology's expenses.  Significantly, Ulrich has failed to provide any original documentation of Technology's transactions like bank and credit card statements, digital exchanges conversion transaction reports (when Ulrich converted crypto currencies into U.S. dollars), invoices, and vendor contracts.

22.     Upon information and belief, Ulrich has also fraudulently invoiced Solutions and/or himself for various Technology purchases.  In either instance, Ulrich is enriching himself to the of detriment Technology and Alexander.

**Innovations: Ulrich's Misappropriation and Deceit**

23.     Upon information and belief, Alexander has recently discovered that Ulrich has formed a new entity or entities—John Does 1-3 and referred to herein as Smash Innovations— for the purpose of misappropriating Technology's intellectual property and CRM Platform, hi-jacking Technology's development relationship with Feracode, and soliciting new investors and customers outside of Technology.

24.     Ulrich recently locked Alexander out of chatroom discussions with Feracode, presumably to supplant Technology with his newly-formed enterprise Innovations and to redirect Feracode's development efforts to support his misappropriation of the CRM Platform.  Upon information and belief, Ulrich is working with and/or directing Feracode to circumvent its contractual obligations with Technology and to divert the CRM Platform and related intellectual property to Innovations.

25.     Upon information and belief, and without authorization, Ulrich has dusted off Solutions' old private placement memorandum (PPM) to solicit funds from investors while misrepresenting his ownership of the CRM platform and Technology's business.

26.     Upon information and belief, Ulrich has removed access to Technology's website and is directing investors or customers to the old Solutions website or new Innovations websites.

27.     Ulrich's current actions are causing immediate and irreparable harm to Technology and the CRM Platform by diluting the brand and technology, creating confusion in

the marketplace, and interfering with Technology's current and long-term business value proposition to investors and customers.

## FIRST CAUSE OF ACTION
### (Injunctive Relief)

28.     Plaintiffs hereby incorporate the preceding paragraphs as if fully stated herein.

29.     Upon information and belief, Ulrich and Innovations, acting in concert, have misappropriated Technology's CRM Platform, hi-jacked Technology's development relationship with Feracode, and solicited new investors and customers outside of Technology.

30.     Upon information and belief, and without authorization, Ulrich is using Solutions' old private placement memorandum (PPM) to solicit funds from investors while misrepresenting his ownership of the CRM platform, intellectual property, and Technology's business.

31.     Ulrich's and Innovations' conduct has caused Technology and its CRM Platform to suffer immediate and irreparable harm for which there is no adequate remedy at law.

32.     The injury to Technology and its CRM Platform outweighs whatever damage an injunction may cause to Ulrich and Innovations.

33.     The issuance of an injunction will not be adverse to the public interest.

34.     There is a substantial likelihood that Plaintiffs will prevail on the merits of their underlying claims and the case presents serious issues on the merits which should be the subject of further litigation.

35.     Because of Ulrich's and Innovations' conduct, Plaintiffs are entitled to an order from this Court effective for the pendency of this action and permanently restraining Ulrich and Innovations from (a) misappropriating Technology's intellectual property and CRM Platform;

(b) interfering with Technology's Feracode contract and prospective customers; and (c) misrepresenting their ownership of Technology's intellectual property, CRM Platform, business tool suite, and database to investors, customers, or other third parties; and (d) taking any other action that would impair Plaintiffs' rights and cause them additional harm.

**SECOND CAUSE OF ACTION**
**(Breach of Contract—Ulrich)**

36.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

37.     Alexander and Ulrich entered into an agreement regarding the formation, funding, and operation of Technology.

38.    Alexander has performed all of his material obligations under the agreement.

39.    Ulrich has breached his material obligations under the agreement as described above.

40.    As a direct and proximate result of Ulrich's breach, Alexander has suffered and will continue to suffer damages in an amount to be proven at trial, plus applicable interest, late fees, and costs of collection.

**THIRD CAUSE OF ACTION**
**(Breach of the Covenant of Good Faith and Fair Dealing—Ulrich)**

41.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

42.    At the time of entering into their agreement, Alexander justifiably expected— based upon Ulrich's representations and the express terms of the agreement—that he would use his best efforts to form, fund, and operate Technology as agreed upon.

43.     Alexander has performed all of his material obligations under the agreement.

44.     Ulrich has breached his material obligations under the agreement as described

above.

45.     Ulrich's failures constitute a breach of his duty of good faith and fair dealing.

46.     Ulrich's conduct was and is intentional, purposeful, and in direct violation of the

terms of the agreement, and as a result, his conduct has injured Alexander's right to receive the

benefits of the agreement.

47.     Ulrich's conduct has impeded the performance of Alexander's obligations or

made it difficult or impossible for Alexander to continue performance while Ulrich takes

advantage of any non-performance he has caused.

48.     As a direct and proximate result of Ulrich's breach of the covenant of good faith

and fair dealing, Alexander has suffered and will continue to suffer damages in an amount to be

proven at trial, plus applicable interest, late fees, and costs of collection.

## **FOURTH CAUSE OF ACTION**
### **(Unjust Enrichment—Ulrich and Solutions)**

49.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

above.

50.     Upon information and belief, Ulrich has fraudulently invoiced Solutions and/or

himself for various Technology "expenses."  Moreover, Ulrich has used Technology's funds for

personal expenses.

51.     Thus, Technology and Alexander conferred significant benefits on Ulrich and/or

Solutions.

52.     Ulrich and/or Solutions knowingly accepted these benefits.

53.     Ulrich and/or Solutions will be unjustly enriched if they are allowed to retain the unauthorized benefits bestowed upon them by an unknowing Technology and Alexander.

54.     As a direct and proximate result of Ulrich's and/or Solutions' unjust enrichment at Technology's and Alexander's expense, Technology and Alexander have suffered damages in an amount to be proven at trial, plus applicable interest, late fees, and costs of collection.

## FIFTH CAUSE OF ACTION
**(Intentional Interference with Economic Relations—Ulrich and Innovations)**

55.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

56.     Technology has a contractual relationship with Feracode for the development of the CRM Platform.

57.     Ulrich and Innovations knew about the existing contractual relationship between Technology and Feracode.

58.     Ulrich's and Innovations' intentional actions were by improper means – their misappropriation, dishonesty, and deceit described above – and interfered with Technology's contractual relationship with Feracode, including but not limited to Technology's rights in the CRM Platform and Feracode's development services.

59.     Ulrich's and Innovations' interference was wrongful and/or illegal.

60.     Technology's contractual relationship with Feracode—and its CRM Platform and intellectual property—was damaged and diluted by Ulrich's and Innovations' interference.

61.     As a direct and proximate result of Ulrich's and Innovations' intentional interference, Technology has suffered damages in an amount to be proven at trial, plus applicable interest, late fees, and costs of collection.

**SIXTH CAUSE OF ACTION**
**(False Advertising and False Designation of Origin 15 U.S.C. § 1125(a)(1)(B))**
**(Ulrich and Innovations)**

62.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

63.     Upon information and belief, Ulrich's and Innovations' advertisement and promotion of Innovations' business and CRM Platform, using descriptions and images that pertain solely to Technology's CRM Platform and/or Solutions' old private placement memorandum, constitutes misrepresentation of the nature, characteristics, and qualities of Innovations' products, services, and commercial activities.

64.     Technology has invested substantial effort and resources to develop the CRM Platform.  Technology is harmed by the false advertising of Innovations' misappropriated products and services in the form of lost sales and dilution of Technology's brand and technology.

65.     Ulrich's and Innovations' advertising of Innovations' products and services is false and misleading because the description of the CRM Platform, intellectual property, products, and services falsely implies that Innovations is the owner and operator of the CRM Platform and related intellectual property that is actually associated with Technology.

66.     Ulrich's and Innovations' acts, alleged herein, constitute false advertising and false designation of origin in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

67.     By reason of Ulrich's and Innovations' actions, Technology has suffered irreparable harm to its reputation and business.  Technology has been and, unless Ulrich and Innovations are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.  Plaintiffs therefore seek a preliminary and permanent injunction to restrain the advertisement, sale, and/or promotion of Innovations' purported products and services.

68.     As a direct and proximate result of Ulrich's and Innovations' conduct, Technology has suffered and will continue to suffer damages in an amount to be proved at trial.

69.     Technology further seeks damages in the form of disgorgement of all revenue Ulrich and Innovations have received from the advertisement, sale, or promotion of products and services wholly owned by Technology and related to its CRM Platform.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition 15 U.S.C. § 1125(a)(1)(A))**
**(Ulrich and Innovations)**

70.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

71.     Ulrich's and Innovations' use in commerce of Technology's CRM Platform and intellectual property, or a confusingly similar variation thereof, and other materials identified herein in connection with Innovations' advertising, marketing, and sale of products and services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Innovations' products, and is likely to

cause consumers to mistakenly believe that Innovations' products have been authorized, sponsored, approved, endorsed, or licensed by Technology, or that Innovations is in some way affiliated with Technology or its wholly-owned CRM Platform.

72.     Ulrich's and Innovations' acts, alleged herein, constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

73.     By reason of Ulrich's and Innovations' actions, Technology suffered irreparable harm to its valuable intellectual property and CRM Platform. Technology has been and, unless Ulrich and Innovations are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

74.     As a direct and proximate result of Ulrich's and Innovations' conduct, Technology has suffered and will continue to suffer damages in an amount to be proved at trial.

### EIGHTH CAUSE OF ACTION
**(Deceptive Trade Practices Utah Code Ann. § 13-11a-3(1)(b), (c) and (e))**
**(Ulrich and Innovations)**

75.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

76.     Ulrich's and Innovations' advertisement, marketing, and/or promotion of Innovations' products and services using descriptions that pertain solely to the CRM Platform and Technology's intellectual property, products, and services constitutes misrepresentation of the characteristics, benefits, and qualities of Technology's products and services.

77.     Ulrich's and Innovations' representations regarding Innovations' products and services is likely to cause confusion or misunderstanding among consumers as to the source, sponsorship, approval or certification of its products and services and as to Innovations'

affiliation, connection, or association with Technology and its CRM Platform and intellectual property.

78.　　Ulrich's and Innovations' conduct constitutes a violation of Sections 13-11a-3(1)(b), (c) and (e) of the Utah Truth in Advertising Act, and Technology therefore asks that the Court enjoin Defendants from continuance of the violation pursuant to Section 13-11a-4(2)(a).

79.　　By reason of Ulrich's and Innovations' actions, Technology has suffered irreparable harm to its valuable CRM Platform.

80.　　Technology is entitled to recover its actual damages, costs, and attorneys' fees incurred as a result of Ulrich's and Innovations' conduct in an amount to be ascertained at trial or, if Technology elects, statutory damages in the amount of $2,000 pursuant to Section 13-11a-4(2)(b) of the Utah Truth in Advertising Act.

### NINTH CAUSE OF ACTION
**(Declaratory Judgment)**
**(Ulrich and Solutions)**

81.　　Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

82.　　Based upon his representations of clear title and ownership, Ulrich transferred Solutions' infant intellectual property to Technology.

83.　　Recently, some previous shareholders in Solutions have disputed Ulrich's ability to transfer the intellectual property to Technology.

84.　　Thus, an actual controversy has arisen and now exists regarding the ownership and control of Solutions' intellectual property that was transferred to Technology and the parties' rights and obligations thereto.

85.     Technology asserts that Ulrich/Solutions transferred the intellectual property

under clear title and Technology now wholly owns and controls the intellectual property, which

is only a small component part of Technology's more sophisticated and superior CRM Platform

developed in concert with Feracode.

86.     Technology seeks a declaration that: (a) Ulrich/Solutions transferred the

intellectual property to Technology under clear title and (b) Technology wholly owns and

controls the intellectual property.

**TENTH CAUSE OF ACTION**
**(Equitable Accounting)**
**(Ulrich)**

87.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

above.

88.     Based upon the above allegations, Plaintiffs seek a full accounting from Ulrich to

determine the amounts that Technology and Innovations have received and spent.

89.     There does not appear to be an adequate remedy at law to uncover Ulrich's

financial misdeeds and the transactions in this case appear to be complicated enough that only a

court of equity can unravel them.

90.     Accordingly, Technology seeks an order requiring Ulrich to produce all original

documentation for Technology and Innovations transactions, including but not limited to bank

statements, checks, invoices, purchase orders, ledgers, balance sheets, income statements, and

other related documents.

## ELEVENTH CAUSE OF ACTION
### (Conversion)
### (All Defendants)

91.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

92.     Defendants are willfully and intentionally interfering with Plaintiffs' property without lawful justification.

93.     Among other things, Defendants currently maintain possession of funds from Technology obtained through fraudulent payments or by other wrongful means.  Upon information and belief, Ulrich has fraudulently invoiced Solutions and/or himself for various Technology "expenses."  Moreover, Ulrich has used Technology's funds for personal expenses.

94.     As a legitimate owner of the funds but for Defendants' fraud and conversion, Plaintiffs are entitled to immediate possession of its property and has therefore been deprived of possession by Defendants.

95.     As a direct and proximate result of Defendants' conversion of Plaintiffs' property, Plaintiffs have suffered damages in an amount to be proven at trial, plus applicable interest, late fees, and costs of collection.

## TWELFTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets)
### (All Defendants)

96.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

97.     Defendants had access to information contained in Technology's confidential and proprietary processes, including but not limited to its Feracode Agreement, intellectual property,

CRM platform, customer and vendor lists, local official contact lists, designs, and other strategies and processes, among other information. All of this information is confidential and proprietary and meets the definition of a protectable trade secret under Utah's Uniform Trade Secret Act as set forth in Utah Code Ann. § 13-24-2 and as recognized at common law.

98. The information contained in Technology's above trade secrets and proprietary processes, as well as its other confidential information, is the subject of reasonable efforts by Technology to maintain the information as confidential. Technology derives economic value from its above trade secrets and proprietary processes, as well as its other confidential information, and because the information is not generally known or readily ascertainable by proper means.

99. As more fully set forth above, and on information and belief, the conduct of Defendants constitutes an actual and continuing misappropriation of Technology's trade secrets by virtue of the disclosure and use of such trade secrets with actual knowledge that the trade secrets had been acquired under circumstances giving rise to a duty to maintain the secrecy of such trade secrets.

100. Defendants have acquired Technology's trade secrets through improper means.

101. Upon information and belief, Defendants have utilized and disclosed Technology's trade secrets to other persons or entities without the express or implied consent of Technology.

102. Technology is entitled to the issuance of a Temporary Restraining Order and an Order of Preliminary and Permanent Injunction enjoining Defendants, and any person or company associated with them, or to whom they have disclosed such trade secrets, from their

further disclosure and use of such trade secrets. Technology is entitled to have such injunction continue until such time as Lantern Fest's trade secrets cease to exist, in order to prevent Defendants from obtaining a commercial advantage derived from the misappropriation and use of Technology's trade secrets.

103. Technology is further entitled to recover damages for Defendants' misappropriation of trade secrets and violations of the Uniform Trade Secret Act, including any actual losses caused, any unjust enrichment, and for punitive damages in an amount equal to twice the award of any actual damages caused by Defendants' misappropriation. Such damages will be proven at trial.

104. Pursuant to Utah Code Ann. § 13-24-5, Technology is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief.

1. That Ulrich and Innovations, their affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from:

      (i)    misappropriating Technology's intellectual property and CRM Platform; interfering with Technology's Feracode contract and prospective customers; misrepresenting their ownership of Technology's intellectual property, CRM Platform, business tool suite, and database to investors, customers, or other third parties; and

(ii)     using Technology's CRM Platform and intellectual property, or any
         confusingly similar imitation thereof in connection with the advertisement,
         marketing, and sale of any products or services offered by Ulrich and/or
         Innovations;

(iii)    performing any act, making any statement, or distributing any materials
         that are likely to lead members of the public to believe that any products
         or services advertised, marketed, or sold by Ulrich and/or Innovations are
         associated or connected with Technology, or are sold, licensed, sponsored,
         approved, or authorized by Technology, or provide services that are the
         equivalent of the CRM Platform or any products or services offered by
         Technology;

(iv)     reproducing, displaying, distributing, or creating derivative works from
         any code, text, graphics, photographs, videos, or other materials owned by
         or emanating from Technology or concerning the CRM Platform and the
         products and services related thereto;

(v)      referring to the Technology's CRM Platform, products, and services in
         any way in connection with the promotion of any products or services by
         Ulrich and Innovations, including in any code, texts, graphics,
         photographs, videos, or any other materials; and

(vi)     otherwise taking any action likely to cause public confusion, mistake, or
         deception as to the connection, affiliation, sponsorship, approval, or other

association of Ulrich's and Innovations' products or services with

Technology or its CRM Platform and related products or services;

2.      For an order awarding damages pursuant to 15 U.S.C. § 1117 and Utah Code

Ann. § 13-11a-4(2)(b), including but not limited to Defendants' profits associated with their

advertising, marketing, or sale of Innovations' products or services identified herein,

Technology's and Alexander's damages and costs, and, if Plaintiffs elect, statutory damages.

3.      For an order directing Ulrich to provide a full written accounting of all

transactions—including supporting documents—for purchases, expenses, and/or investments

related to Technology and Innovations.

4.      For an order requiring Ulrich and Innovations to issue corrective advertising to

Feracode and all customers, potential customers, and other recipients of its prior false advertising

in a form and manner directed by the Court.

5.      For an order directing Ulrich and Innovations to file with this Court and serve

upon Plaintiffs' counsel within thirty days after entry of such judgment, a written report under

oath, setting forth in detail the manner and form in which it has complied with such judgment.

6.      For an award of Technology's costs and disbursements incurred in this action.

7.      For an order awarding attorneys' fees for violation of the Lanham Act, the Utah

Truth in Advertising Act, or as otherwise allowed by law or equity.

8.      On Plaintiffs' Second Claim for Relief, Breach of Contract, for an award of

damages in an amount to be proven at trial, plus attorneys' fees, costs and after-accruing interest.

9. On Plaintiffs' Claim for Relief, Breach of Covenant of Good Faith and Fair Dealing, for an award of damages in an amount to be proven at trial, plus attorneys' fees, costs and after-accruing interest.

10. On Plaintiffs' Third Claim for Relief, Unjust Enrichment, for an award of damages in an amount to be proven at trial, plus attorneys' fees, costs and after-accruing interest.

11. On Plaintiffs' Fourth Claim for Relief, Intentional Interference with Economic Relations, for an award of damages in an amount to be proven at trial, plus attorneys' fees, costs and after-accruing interest.

12. On Plaintiffs' Ninth Claim for Relief, Declaratory Judgment, for a declaration that: (a) Ulrich/Solutions transferred the intellectual property to Technology under clear title and (b) Technology wholly owns and controls the intellectual property at issue.

13. On Plaintiffs' Tenth Claim for Relief, Equitable Accounting, for an order requiring Ulrich to produce all original documentation for Technology and Innovations transactions, including but not limited to bank statements, checks, invoices, purchase orders, ledgers, balance sheets, income statements, and other related documents.

14. On Plaintiffs' Eleventh Claim for Relief, Conversion, for an award of damages in an amount to be proven at trial, plus attorneys' fees, costs and after-accruing interest.

15. On Plaintiffs' Twelfth Claim for Relief, Misappropriation of Trade Secrets, for an award of damages in an amount to be proven at trial, including any actual losses caused, any unjust enrichment, and for punitive damages in an amount equal to twice the award of any actual damages caused by Defendants' misappropriation.

16. An award of general damages in an amount to be proven at trial.

17.     An award of attorneys' fees and costs incurred in bringing this action as permitted by contract and law.

18.     For such other and further relief as the Court deems just and proper.

Plaintiffs' damages are such to qualify for at least tier 3 pursuant to Utah Rule of Civil Procedure 26(c)(3).

DATED this 28th day of January, 2019.

HOLLAND & HART LLP


/s/ Darren G. Reid
Darren G. Reid
Brandon T. Christensen
*Attorneys for Plaintiff*



**Plaintiff's Address:**

C/O HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT  84101

11528267_1

EXHIBIT B

4TH DISTRICT COURT - PROVO
UTAH COUNTY, STATE OF UTAH


SMASH TECHNOLOGY LLC vs.  SMASH SOLUTIONS LLC
CASE NUMBER 190400159 Contracts

_____


CURRENT ASSIGNED JUDGE
        LYNN W DAVIS
        Division  8


PARTIES
        Plaintiff -  SMASH TECHNOLOGY LLC
        Represented by: DARREN G REID
        Represented by: BRANDON T CHRISTENSEN
        Plaintiff - MICHAEL ALEXANDER
        Represented by: DARREN G REID
        Represented by: BRANDON T CHRISTENSEN
        Defendant -  SMASH SOLUTIONS LLC
        Defendant - JERRY JJ ULRICH
        Defendant - JOHN DOES 1-3


ACCOUNT SUMMARY
        TOTAL REVENUE  Amount Due:        360.00
                        Amount Paid:        360.00
                            Credit:          0.00
                           Balance:          0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                        Amount Due:        360.00
                        Amount Paid:        360.00
                     Amount Credit:          0.00
                           Balance:          0.00


PROCEEDINGS
01-28-19 Filed: Complaint for Injunctive and Other Relief
01-28-19 Case filed
01-28-19 Fee Account created       Total Due:        360.00
01-28-19 COMPLAINT - NO AMT S      Payment Received:        360.00
01-28-19 Judge LYNN W DAVIS assigned.
01-28-19 Filed: Return of Electronic Notification
01-28-19 Filed: Motion for Temporary Restraining Order and Preliminary
Printed: 02/12/19 13:59:12         Page 1

CASE NUMBER 190400159 Contracts

---

```
          Injunction
          Filed by: SMASH TECHNOLOGY LLC,
01-28-19 Filed: Return of Electronic Notification
02-05-19 Filed return: Summons on Return to Smash Solutions, LLC upon
          FRANCES HERNANDEZ for
                      Party Served:  SMASH TECHNOLOGY LLC
                      Service Type: Personal
                      Service Date: February 01, 2019
02-05-19 Filed: Return of Electronic Notification
02-07-19 Filed return: Summons on Return (Jerry Ulrich) upon JERRY J.J.
          ULRICH for
                      Party Served: JERRY JJ ULRICH
                      Service Type: Personal
                      Service Date: February 05, 2019
02-07-19 Filed: Return of Electronic Notification
02-12-19 Filed: Request/Notice to Submit for Decision Oral Argument
          Requested
02-12-19 Filed: Return of Electronic Notification
```

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Smash Technology LLC & Michael Alexander | Smash Solutions, LLC & Jerry Ulrich, John Does 1-3 |

**(b)** County of Residence of First Listed Plaintiff    Nevada
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware Corp.,/Utah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Darren G. Reid, Brandon T. Christensen - Holland & Hard LLP
222 S Main St., Ste 2200, SLC, UT 84101 Tel 801-799-5800

Attorneys *(If Known)*
Zachary E. Peterson & Matthew C. Barneck - Richards Brandt Miller
Nelson, 299 S. Main Street, 15th Floor, SLC, UT 84111 8015312000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1441 and 1446

Brief description of cause:
Lanham Act 15 U.S.C. §1125 (False advertising & false designation of origin;unfair competition); breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____ DOCKET NUMBER _____

DATE
02/15/2019

SIGNATURE OF ATTORNEY OF RECORD
ZACHARY E. PETERSON

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

Case: **2:19-cv-00105**
Assigned To : Pead, Dustin B.
Assign. Date : **2/15/2019**
Description: **Smash Technology, et al v. Smash Solutions, et al.**