```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF UTAH

                        CENTRAL DIVISION


In re:                      )
                            )
SMASH TECHNOLOGY, a         )
Nevada limited              )
liability company, et       )
al,                         )
                            )
       Plaintiffs,          )
                            )
vs.                         )   Case No.
                            )   2:19-CV-00105TC
SMASH SOLUTIONS, a          )
Delaware limited            )
liability company, et       )
al,                         )
                            )
       Defendants.          )
_____        )
```

BEFORE THE HONORABLE TENA CAMPBELL

February 26, 2019

Status Conference

**Appearances of Counsel:**

For the Plaintiffs:       Darren G. Reid
                          Attorney at Law
                          Holland & Hart
                          222 S. Main Street
                          Suite 2200
                          Salt Lake City, Utah 84101

For the Defendants:       Matthew C. Barneck
                          Attorney at Law
                          Richards Brandt Miller Nelson
                          299 S. Main Street
                          15th Floor
                          Salt Lake City, Utah  84110

                          Kristina H. Ruedas
                          Attorney at Law
                          Richards Brandt Miller
                          299 S. Main Street
                          15th Floor
                          Salt Lake City, Utah 84110

Court Reporter:

         Laura W. Robinson, RPR, FCRR, CSR, CP
              351 South West Temple
              8.430 U.S. Courthouse
           Salt Lake City, Utah 84101
                 (801)328-4800

```
                 1          Salt Lake City, Utah February 26, 2019
                 2                        * * * * *
                 3          THE COURT:  Okay.  We are here in Smash
                 4  Technology and others versus Smash Solutions.
00:00:15         5  Initially we were here for a status on the motion for
                 6  temporary restraining order and preliminary
                 7  injunction filed by the plaintiffs.  Then I received,
                 8  I guess it was yesterday, a stipulation for an
                 9  extension of time that appears to be indefinite.
00:00:39        10          So I'll have to ask you, Mr. Reid, and
                11  Ms. Ruedas, did I say that correctly?
                12          MS. RUEDAS:  Yes, Your Honor.  Thank you.
                13          THE COURT:  And Mr. Barneck for the
                14  defendants, what's up and where do we go now?
00:00:55        15          Mr. Reid, since you brought the motion.
                16          MR. REID:  Yes, Your Honor, thank you.  Darren
                17  Reid on behalf of the plaintiffs.  Um, we filed in
                18  state court --
                19          THE COURT:  I know and that's something else I
00:01:12        20  have got to bring up with you.  I don't know that
                21  technically you have dotted all of the Is and crossed
                22  all of the Ts, but I'll tell you about that in a
                23  minute.
                24          MR. REID:  Fair enough, Your Honor.  We filed
00:01:25        25  our complaint and TRO on January 28th in state court
```

3

```
 1  and we eventually received a hearing date for
 2  February 19th before Judge Davis there.  And a couple
 3  of days before the hearing date, defendants removed
 4  here to this court and we obviously are anxious to
 5  move forward with having defendants respond to our
 6  complaint and respond to the TRO motion and have a
 7  scheduled date with the court.
 8          However, we have been informed that the
 9  defendant, Mr. Jerry Ulrich, is dealing with some
10  substantial and serious medical issues and I can let
11  defendants elaborate further.  And we're certainly
12  sympathetic to that, and so we are willing to let him
13  have some additional time to respond to the complaint
14  and TRO motion and maybe we can discuss some more
15  specifics here about that.  Our concern, however, is
16  preserving the status quo during that interim period.
17          THE COURT:  So that there is no money taken or
18  what do you see as the status quo?
19          MR. REID:  Well, yeah, it's a great question.
20  I think right now we are concerned that Mr. Ulrich
21  has been conducting business under the umbrella of a
22  third entity, we'll call it Smash Innovations, and
23  that he has been raising money pursuant to that
24  entity, that he has potentially been creating
25  liabilities and obligations for our entity, Smash
```

4

1 Technology, and that he has potentially been
2 interfering with our intellectual property rights and
3 our agreement with Feracode who has been developing
4 our CRM platform technology. And so I think, and we
5 have discussed some of these issues with counsel, and
6 I said look, I'm willing to propose some terms for a
7 sort of an interim agreement so that we can preserve
8 this status quo. And maybe it's something that even
9 the court can order for the time being. Obviously,
10 I don't want the court being in a position where it
11 is uncomfortable making kind of a pre-TRO type of
12 determination. But that said, that is some of our
13 concerns.
14     Now, if Mr. Ulrich is laid up with the
15 conditions he is dealing with, it's probably unlikely
16 he is going to be doing too much any way, but we do
17 understand that he has been working with some other
18 individuals. And our concern is just essentially
19 that all of this sort of stuff just stop and that
20 everyone just take a big deep breath so that we can
21 determine what everyone's rights are at the
22 appropriate time.
23     So that's kind of where we're at. I had
24 suggested to counsel that perhaps we and of course
25 the court has already asked the parties for a

5

|  |  |
|---|---|
| | 1 scheduling order and so we're looking through that |
| | 2 and going to be preparing something, but my hope is |
| | 3 that, you know, we get something at least firm on the |
| | 4 court's calendar for a response date.  I suggested |
| 00:04:54 | 5 maybe March 22nd which is -- |
| | 6     THE COURT:  Response to what, the complaint? |
| | 7 And I don't see the value of a TRO.  I could see a |
| | 8 preliminary injunction.  Why, why waste time with a |
| | 9 TRO? |
| 00:05:07 | 10     MR. REID:  And that that's probably a fair |
| | 11 point, Your Honor.  You know, so that we basically |
| | 12 get -- give them adequate time to get the facts from |
| | 13 their clients, respond to the complaint, respond and |
| | 14 then we set a time, maybe it's the end of March for a |
| 00:05:22 | 15 hearing on the issues. |
| | 16     In the meantime, I think my client is amenable |
| | 17 to trying to make a run at potential settlement. |
| | 18 Maybe we get there, maybe we don't, but if we don't, |
| | 19 we will have something firm on the court's calendar |
| 00:05:39 | 20 that, you know, that the defendants can respond to. |
| | 21 And I'm obviously sympathetic too.  That I understand |
| | 22 that they're operating in somewhat of a gray area and |
| | 23 maybe they are going to need more time.  But if we |
| | 24 have some parameters in place, um, preserving the |
| 00:05:55 | 25 status quo, I think, you know, that's probably |

6

```
            1   something that we can live with.
            2          THE COURT:  All right.  Thank you.  To begin
            3   with, it's going to be Mr. Barneck, you'll be
            4   speaking?
00:06:05    5          MR. BARNECK:  Yes, thank you.
            6          THE COURT:  I would -- I would like you to
            7   look, when you get back, we certainly have, I
            8   certainly do have subject matter jurisdiction, but
            9   there are some niceties about what you have to file
00:06:21   10   to remove.  So if you would take a closer look at 28
           11   USC Section 1446 and there is sort of a statement, a
           12   document, that needs to be filed, okay?
           13          MR. BARNECK:  I will do that.  Thank you, Your
           14   Honor.
00:06:35   15          THE COURT:  Okay.  So what are you thinking
           16   there, Mr. Barneck?
           17          MR. BARNECK:  Well, I think that our view of
           18   things is not in terms of status and how we move
           19   forward is not far off from what Mr. Reid described.
00:06:57   20   We do have a client who is facing quite serious
           21   medical circumstances right now.  That's Mr. Ulrich
           22   himself who is a named inventor and he is the manager
           23   of Smash Solutions.  He is not the only one we can
           24   get information from so we -- we're not completely
00:07:26   25   limited in that way, but he is -- he is pretty
```

1  important.  And what is happening right now is he has
2  had a leg injury from years ago that has developed an
3  infection and it has become quite severe.  And about
4  10 days ago, his foot was amputated.  That infection
5  has traveled through his body and last week he was
6  expected to have all of his teeth removed.  So it's
7  fairly serious stuff.  They were told -- he was told
8  that it would be a good four to six weeks before he
9  would be able to function at any level to where he
10 could work or and support us in this in the defense
11 of this case.  So we don't know, that could change,
12 that could be shorter, it could be longer.  It will
13 be months before he has a full recovery.  So we are
14 willing to do anything and everything that we can but
15 we do -- we do have I think one arm tied behind our
16 backs with his limitations right now.
17         THE COURT:  What about the agreement that
18 Mr. Reid suggested that you work out -- that we just
19 maintain the status quo?
20         MR. BARNECK:  Well, we think generally that's
21 a good suggestion.  We haven't seen details that he
22 is going to propose and we will be happy to look at
23 those.
24         THE COURT:  Okay.
25         MR. BARNECK:  And we think there is a

8

```
         1   reasonable possibility that that may work.  And if I
         2   could answer the question by adding this as well --
         3           THE COURT:  Sure.
         4           MR. BARNECK:  -- Your Honor, the way we see
00:08:57 5   the case is it's primarily a dispute over who owns
         6   the intellectual property that is now being developed
         7   into a commercially marketable software product.
         8           THE COURT:  Right.
         9           MR. BARNECK:  My client's say Smash Solutions
00:09:16 10  developed the concept and the build plan for this
         11  software long before Mr. Alexander came into the
         12  picture and before Smash Technology was ever formed.
         13  And that ownership of it was never transferred to the
         14  plaintiff.  There was a verbal agreement to work
00:09:33 15  toward that, but our position is that the plaintiffs
         16  did not fulfill their part of that agreement and the
         17  transfer of ownership never -- never took place.  And
         18  Feracode is now writing the code and building it into
         19  what will hopefully be a commercially marketable
00:09:54 20  product.  Solutions is paying that contract and our
         21  view is that that should continue.  Regardless of who
         22  prevails in the case, the prevailing party is going
         23  to want to have that product as developed as
         24  possible.  And if we stop paying Feracode, they're
00:10:15 25  going to move to other projects that will
```

```
                1    substantially delay the development of the software.
                2    We don't think that is in anyone's best interest.
                3    So, our thought of any kind of agreement or partial
                4    resolution would need to include the continuation of
00:10:33        5    the development in that -- in that fashion.  So we
                6    have had some productive conversations with counsel
                7    so far, and we look forward to more of those and the
                8    possibility of an agreement like that, with respect
                9    to what Mr. Reid proposed to me before we came in the
00:10:53        10   courtroom, March 22nd as a possible deadline.
                11           THE COURT:  Deadline for what, for filing
                12   answers, or filing a response, or reaching a
                13   resolution?  What did you see that date as being,
                14   Mr. Reid?
00:11:07        15           MR. REID:  Yeah, I think it was -- I was
                16   contemplating filing a response and filing both an
                17   answer and a response to the TRO motion, if that is
                18   still in the mix, and then scheduling a hearing
                19   shortly thereafter.  But I think that at the end of
00:11:25        20   the day, I was just trying to afford an opportunity
                21   for defendants to gather all of the facts, have the
                22   participation of Mr. Ulrich so that they cannot be
                23   having their hands tied behind their back and doing
                24   all of that work.  And so I think that we're fine
00:11:40        25   with some sort of concept like that that they have,
```

10

1  you know, an additional few weeks to provide
2  something to the court.
3          THE COURT: Okay. What if I did this? I am
4  going to grant the motion for the extension, since it
5  is stipulated. And then March 22nd, I think, I am
6  out of town, is that right, Ms. Rice?
7          THE CLERK: You will be back by then.
8          THE COURT: Okay. We will have another
9  hearing at 10:00, March 22nd. What day of the week
10 is that?
11         THE CLERK: That is a --
12         MR. REID: It is a Friday.
13         MR. BARNECK: It is a Friday, I believe.
14         THE COURT: Friday. And whether there is a --
15 I am not going to order that there be answers or
16 responses because by then I would direct that you
17 have met and conferred and tried to settle this some
18 way short of injunctive relief. So all it will be
19 will be a status, but I will expect that for the
20 status you can report some progress in negotiations
21 or how you want to proceed.
22         MR. REID: That sounds -- that sounds good to
23 me, Your Honor.
24         MR. BARNECK: Yes, very helpful. Yes, thank
25 you.

11

1          MR. REID:  And I explained to counsel today
2  that I expect to have a letter with formal terms sent
3  to him today so we should hopefully have made really
4  good progress before then.
5          THE COURT:  Okay.  So we'll just meet -- I am
6  going to not reach any sort of decision on the
7  injunctive relief because it seems like the TRO would
8  be moot.  So I am going to deny that as moot, but
9  that does not mean that a preliminary injunction
10 might not be in the future.  But we'll just see what
11 happens on March 22nd.
12         MR. BARNECK:  Thank you.  And I hope to have a
13 better forecast of my own client's health.
14         THE COURT:  I imagine this is about the last
15 thing he is thinking of with an amputated foot and a
16 loss of his teeth.  He is probably just trying to
17 stay alive.
18         MR. BARNECK:  Yeah.  Yeah, I think so.
19         THE COURT:  All right.  Thank you.
20         MR. BARNECK:  Thank you.
21         THE CLERK:  That will be 10:00 a.m.
22         THE COURT:  10:00 a.m. on March 22nd.  Okay.
23         MR. BARNECK:  Sorry.  10:00 a.m. March 22nd.
24         THE COURT:  Thank you.
25         MR. REID:  Great.  Thank you.

```
 1         (Whereupon, the hearing concluded at
 2          10:52 a.m.)
 3
 4              REPORTER'S CERTIFICATE
 5
 6         I, Laura W. Robinson, Certified Shorthand
 7   Reporter, Registered Professional Reporter and Notary
 8   Public within and for the County of Salt Lake, State
 9   of Utah, do hereby certify:
10         That the foregoing proceedings were taken
11   before me at the time and place set forth herein and
12   were taken down by me in shorthand and thereafter
13   transcribed into typewriting under my direction and
14   supervision;
15         That the foregoing pages contain a true and
16   correct transcription of my said shorthand notes so
17   taken.
18         In witness whereof I have subscribed my name
19   this 11th day of March, 2019.
20
21                          _____
22                          Laura W. Robinson
23                          RPR, FCRR, CSR, CP
24
25
```

13