Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>     Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>     Defendants. | **SCHEDULING ORDER**<br><br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |

Pursuant to Fed. R. Civ. P. 16(b), and in lieu of an Attorneys Planning Meeting Report, the Court receives and enters this Scheduling Order based upon the stipulation of the parties. The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.     **PRELIMINARY MATTERS**                                                                         **DATE**

Nature of claims and any affirmative defenses:

*Plaintiffs' claims against Defendants are as follows: (1) injunctive relief, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) unjust enrichment, (5) intentional interference with economic relations, (6) false advertising and false designation of origin, (7) unfair competition, (8) deceptive trade practices, (9) declaratory judgment, (10) equitable accounting, (11) conversion, and (12) misappropriation of trade secrets.*

*Defendants will assert applicable defenses, affirmative defenses, and/or counterclaims within the time frames prescribed by this Order and the Federal Rules of Civil Procedure.*

| | | |
|---|---|---|
| a. | Date the Rule 26(f)(1) conference was held? | *3/25/19* |
| b. | Have the parties submitted the Attorney Planning Meeting Report? | *3/25/19* |
| c. | Deadline for 26(a)(1) initial disclosures? | *5/3/19* |

**2.   DISCOVERY LIMITATIONS**                                                             **NUMBER**

| | | |
|---|---|---|
| a. | Maximum number of depositions by Plaintiff(s): | *15* |
| b. | Maximum number of depositions by Defendant(s): | *15* |
| c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | *7* |
| d. | Maximum interrogatories by any party to any party: | *25* |
| e. | Maximum requests for admissions by any party to any party: | *25* |
| f. | Maximum requests for production by any party to any party: | *50* |

g.   The parties shall handle discovery of electronically stored information as follows:  The parties do not anticipate any unusual circumstances regarding electronically stored information that would necessitate a special provision.  All electronically stored information will be produced via file share service, DropBox, flash drive, or other similar facility.  The Standard Protective Order adopted by DUCivR 26-2 will apply to the exchange of electronically stored information.

|   |   |   |
|---|---|---|
| h. | The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).* | |
| i. | Last day to serve written discovery: | *11/8/19* |
| j. | Close of fact discovery: | *12/20/19* |
| k. | (*optional*) Final date for supplementation of disclosures and discovery under Rule 26(e): | *12/20/19* |

| 3. | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
|---|---|---|
| a. | Last Day to File Motion to Amend Pleadings (Plaintiff) | *7/31/19* |
| b. | Last Day to File Motion to Add Parties (Defendant) | *7/31/19* |

| 4. | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
|---|---|---|
| | **Disclosures (subject and identity of experts)** | |
| a. | Party(ies) bearing burden of proof: | *1/3/20* |
| b. | Counter disclosures: | *1/24/20* |
| | **Reports** | |
| a. | Party(ies) bearing burden of proof: | *4/03/20* |
| b. | Counter reports: | *5/1/20* |

| 5. | **OTHER DEADLINES** | **DATE** |
|---|---|---|
| a. | Last day for expert discovery: | *6/19/20* |
| b. | Deadline for filing dispositive or potentially dispositive motions: | *7/17/20* |
| c. | Deadline for filing partial or complete motions to exclude expert testimony: | *7/17/20* |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | | |
|---|---|---|---|---|
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | a. | Likely to request referral to a magistrate judge for settlement conference: | *No* | |
| | b. | Likely to request referral to court-annexed arbitration: | *No* | |
| | c. | Likely to request referral to court-annexed mediation: | *No* | |
| | d. | The parties will complete private mediation/arbitration by: | | *12/20/19* |
| | e. | Evaluate case for settlement/ADR on: | | *9/6/19* |
| | f. | Settlement probability: *For the time being, the potential for resolution is poor. The parties will, however, reevaluate the case for settlement/ADR resolution on or about September 6, 2019.* | | |

***Specify # of days for Bench or Jury trial as appropriate.***
***The Court will complete the shaded areas.***

| | | | | |
|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |
| | a. | Rule 26(a)(3) pretrial disclosures[2] | | |
| | | Plaintiff(s): | | *8/28/20* |
| | | Defendant(s): | | *9/4/20* |
| | b. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | |
| | c. | Special Attorney Conference[3] on or before: | | *9/18/20* |

---

[2] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[3] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

4

|     |                                      |         |           |            |
| --- | ------------------------------------ | ------- | --------- | ---------- |
| d.  | Settlement Conference[4] on or before: |       |           | *9/18/20*  |
| e.  | Final Pretrial Conference:           |         | 3:00 p.m. | *10/2/20*  |
| f.  | Trial                                | **Length** |        |            |
|     | i. Bench Trial                       |         |           |            |
|     | ii. Jury Trial                       | *4 days* | 8:30 a.m. | *11/16/2020* |

8.  **OTHER MATTERS**

    Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 29th day of March, 2019.

**BY THE COURT:**

*/s/ Tena Campbell*

Judge Tena Campbell
United States District Court

12170533_1.docx

---

[4] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.