Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICTCOURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>Counterclaim Defendants. | |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Smash Technology, LLC ("Technology") and Michael Alexander (collectively, "Plaintiffs") move the Court for an order granting leave to file their First Amended Complaint, attached as Exhibit A.

## ARGUMENT

"The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> This is a liberal standard, as "[t]he purpose of [Rule 15] is to provide litigants with maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).
>
> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of an amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Strong v. Cochran*, 2017 WL 1745478, *2 (D. Utah May 4, 2017) (alterations in original) (quoting *Fomen v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

Plaintiffs seek to amend their Complaint for three primary reasons: (1) to formally include Smash Innovations, LLC as a defendant in lieu of John Does 1-3; (2) to add Feracode, LLC as a defendant; and (3) to clarify allegations related to the parties' agreements and course of dealing.

### I. PLAINTIFFS SEEK TO INCLUDE SMASH INNOVATIONS, LLC AS A DEFENDANT

In Plaintiff's Complaint, "Smash Innovations" is identified as John Does 1-3 and specifically referred to dozens of times in the allegations. To formally add Smash Innovations, LLC to the action, Plaintiffs need only to update the case caption and insert Smash Innovations,

LLC for the shorthand "Smash Innovations" used throughout the Complaint.  In their pending Partial Motion to Dismiss (Dkt. 26), Defendants positively identified Ulrich's newly formed entity at issue in this case as Smash Innovations, LLC, a Wyoming corporation.  Accordingly, it can now be joined as a party and substituted in for John Does 1-3 in the caption of this case, and the parties will forego needless discovery to confirm the appropriate entity.

Defendants argue in their Partial Motion to Dismiss that Plaintiffs failed to join Smash Innovations, LLC as an indispensable party, undermining a common-sense approach to Rule 12(b)(7), the John Doe pleading rules, and the plain import of Plaintiffs' allegations.  As described in Plaintiffs' Opposition, Defendants Rule 12(b)(7) argument is both hypertechnical and nonsensical, elevating form over substance (Dkt. 30).[1]

To be clear, Plaintiffs alleged that Ulrich's "*as yet unknown entities*—possibly Utah or Wyoming corporations or DBAs—wherein Ulrich *is attempting to operate as Smash Innovations*."  Compl. ¶¶ 4-5.  Defendants argue that Plaintiffs "do not set forth any reason why Innovations was not joined in this action;" however, not only was Smash Innovations identified as John Does 1-3, Plaintiffs clearly alleged why the "recently discovered" and "as yet unknown entities" formed by Ulrich were identified as John Does.  Dkt. 26 at 11; Compl. ¶¶ 4-5, 23.  Though Defendants argue that Plaintiffs "did not specifically identify all of the parties that should have been joined pursuant to Rule 19(a)," this notion is demonstrably false.  Dkt. 26 at 11.  **Plaintiffs discuss Smash Innovations <u>65 times</u>** in its Complaint.  Defendants even

---

[1] Rule 12(b)(7) is the sole basis for Defendants' pending request to dismiss five of Plaintiffs' claims—causes of action Nos. 1 (injunctive relief) and 5-8 (intentional interference, false advertising, unfair competition, and deceptive trade practices).  Defendants do not argue that Plaintiffs have failed to sufficiently plead the elements of these claims.

acknowledge that Plaintiffs "say Innovations is one of the entities represented by John Does 1-3 and direct allegations against it throughout the Complaint." Dkt. 26 at 3.

## II. PLAINTIFFS SEEK TO INCLUDE FERACODE, LLC AS A DEFENDANT

Plaintiffs intend to add Feracode, LLC as a defendant in order to preserve all of their rights and interests in the new intellectual property and proprietary CRM platform at issue in this case. As described in the Complaint, Smash Technology entered into a Master Services Agreement with Feracode, LLC, a Utah limited liability company, whereby Feracode agreed to develop the CRM Platform in exchange for $1.7 million. *See* Complaint, ¶ 15. Technology paid for Feracode to develop the new intellectual property and CRM Platform at great expense, *id.* ¶ 17, notwithstanding Defendants recently filed Motion for Partial Summary Judgment alleging there are no material disputes of fact regarding ownership of the new intellectual property and CRM Platform (Dkt. 32). Plaintiffs hotly contest Defendants' purported undisputed facts and will do so vigorously in their Opposition. It now appears prudent, however, to establish Plaintiff's rights, interests, and ownership among the parties by including Feracode, the actual entity that developed the new intellectual property and CRM platform pursuant to its Agreement with Technology and with cash and cryptocurrencies paid by Plaintiffs.

## III. PLAINTIFFS SEEK TO AMEND ALLEGATIONS REGARDING THE PARTIES' AGREEMENT AND COURSE OF DEALING

Alexander and Ulrich partnered together and entered into an agreement for the formation, funding, and operation of Smash Technology. *Id.* ¶¶ 9, 11, 15-17, 37. Though Plaintiffs made it clear that Alexander and Ulrich partnered together and exchanged mutually beneficial promises, Plaintiffs seek to clarify the terms of the agreement, among other allegations, including the

4

parties' course of dealing and Plaintiffs' investments used to pay Feracode to develop Technology's new intellectual property and CRM Platform.

## CONCLUSION

None of the reasons that amended pleadings are denied exist in this case.  This is Plaintiffs' first motion to amend.  Furthermore, aside from the parties propounding their first sets of written discovery requests, no discovery has occurred.  The last day to file a motion to amend is July 31, 2019.  Fact discovery closes in December 2019 and the trial is currently set for November 2020.  Thus, no party will be unduly prejudiced if the Court grants the Plaintiffs leave to file their First Amended Complaint.  Therefore, the Court should grant this motion and allow Plaintiffs leave to file their First Amended Complaint.

DATED this 12th day of June, 2019.

HOLLAND & HART LLP

/s/  Darren G. Reid
Darren G. Reid
Brandon T. Christensen
*Attorneys for Plaintiffs*

13090628_v1