# MASTER SERVICES AGREEMENT

This MASTER SERVICES AGREEMENT (the "Agreement"), effective as of the 2 day of March, 2018 (the "Effective Date"), is made by and between Feracode, LLC ("Feracode"), a [Utah] corporation and Smash Technology, LLC, a Nevada limited liability company,.

("Smash Technology").

This Agreement sets forth the terms and conditions under which Feracode will provide professional services for Client and supersedes all prior written and oral understandings between Feracode and Client, including any interim agreements executed by the parties. Services will be performed in accordance with the Standard Terms and Conditions set forth in Exhibit A, and must be authorized via Work Orders issued pursuant to this Agreement.

1. **Work Orders**

Individual service engagements to be performed under this Agreement will be defined by a Work Order. Work Orders will include a description of the Services to be provided, pricing, a milestone and payment schedule, and special terms and conditions applicable to the specific Work Order, and if applicable, the detailed Specifications for the Services to be performed and/or the Deliverables to be developed. Each executed Work Order, together with the terms of this Agreement, constitutes a separate contract that will be effective as of the date signed by authorized representatives of both Feracode and Client. If any terms of the Work Order conflict with the terms of this Agreement, the terms of this Agreement shall take precedence.

2. **Invoices**

Unless otherwise indicated in a Work Order, invoices for Services provided and expenses incurred by Feracode shall be rendered in accordance with the payment schedule included in each Work Order. Invoices shall be payable upon receipt and sent to Feracode's address indicated above, or different address set forth in a Work Order, to the attention of the Accounts Receivable Department.

3. **Attachments**

The following Exhibits are included in this Agreement and incorporated herein by this reference:

Exhibit A     Standard Terms and Conditions
Exhibit B     Work Order Form

**FERACODE AND CLIENT ACKNOWLEDGE HAVING READ THIS ENTIRE AGREEMENT AND ALL OF ITS ATTACHMENTS AND AGREE TO BE BOUND THEREBY.**

| FERACODE, LLC: *Ribeiro Jr.* | CLIENT: *Michael Alexander* |
|---|---|
| Authorized Signature | Authorized Signature |
| Wladimir Ribeiro Junior | Michael Alexander |
| Printed Name | Printed Name |
| CEO | Managing Partner |
| Title | Title |
| 03/13/2018 | 03/14/2018 |
| Date | Date |
| | |
| Authorized Signature | Authorized Signature |
| Printed Name | Printed Name |
| Title | Title |
| Date | Date |

EXHIBIT A

1

WR / MA

**Exhibit A**
**STANDARD TERMS AND CONDITIONS**

1. **DEFINITIONS**

**"Change Order"** means a written, signed document by which the parties agree to change, modify or amend an existing Work Order.

**"Client Information"** means data, materials, images and text which Client owns or is otherwise authorized to use, and which Client provides to Feracode in digital or other readily useable format for incorporation into a Deliverable.

**"Confidential Information"** means all information not generally known to the public, relating to each party's business, in any form, including, but not limited to, all information that is produced or developed under this Agreement and/or in connection with a Work Order, regardless of whether such information or material is marked "Confidential" or "Proprietary" or by another similar marking. Confidential Information includes, but is not limited to, all information known by a party to be considered confidential and proprietary by the other party or from all relevant circumstances should reasonably be assumed by Client or Feracode to be confidential and proprietary to the other, including, without limitation, trade secrets, inventions, software, technical processes and formulas, and development methodologies. Confidential Information also includes any information described above which Client or Feracode obtains from another party and which Client or Feracode designates as Confidential Information.

**"Deliverables"** means all of the components set forth in each executed Work Order which Feracode is expected to deliver to Client, including, without limitation, Project Works, Feracode (as applicable), design elements, software, applications, web pages, websites, and any tools or functionalities embedded in such Deliverables solely to the extent such tools or functionalities may be required to operate the Deliverables. "Deliverables" does not include Services such as marketing, hosting, and maintenance.

**"Error"** means a bug or defect that is directly attributable to Feracode's programming of a Deliverable, and which results in a repeated and repeatable malfunction of such Deliverable.

**"Feracode Code"** means software, in object code form, and any data and/or tools created, acquired or licensed by or to Feracode during the course of performing the Services for Client, and utilized in any manner by Feracode in performing the Services, and which are generally applicable to software, website or application development, and which are not specifically created, acquired or licensed by Feracode exclusively for Client pursuant to the terms of a Work Order. Feracode Code shall be treated as Confidential Information in accordance with the terms hereof.

**"Host"** means the entity, whether a third party, Client or Feracode, who will provide Internet hosting services, including, but not limited to, use of the Host's owned, leased or licensed telecommunication facilities, hardware and software which allow Client's website, service or other deliverable to be accessible by an Internet user.

"**Intellectual Property Rights**" means, on a world-wide basis, any and all now known or hereafter known tangible and intangible (a) rights associated with works of authorship including, without limitation, copyrights, moral rights and mask-works, (b) trademark and trade name rights and similar rights, (c) trade secret rights, (d) patents, designs, algorithms and other industrial property rights, and (e) all other intellectual and industrial property rights of every kind and nature and however designated, whether arising by operation of law, contract, license or otherwise.

**"Project Work"** means software, in object code form, data, tools, artwork, screen presentations, drawings, audiovisual works, text, graphics, audio and/or video files, and other works of authorship created by or on behalf of Feracode specifically and exclusively for Client pursuant to the terms of a Work Order, which distinguish the Deliverables from other products which Feracode has developed for itself or other clients, but shall not include any Feracode Code.

**"Services"** means the services to be provided by Feracode to Client as set forth in this Agreement and in each Work Order and/or Change Order.

**"Specifications"** means a detailed description included in a Work Order of the features and functionality of a Deliverable or description of other Services.

**"Third Party Works"** means any third party software, information, or other materials, incorporated into or integrated with a Deliverable by Feracode.

**"Trademarks"** means the trademarks, service marks, trade names, trade dress, URLs, domain names, and other proprietary designs, and logos used or intended to be used by each party to identify or market its goods and/or services, as set forth in each executed Work Order.

2

*WR* / *MA*

"**Work Order**" means a written description of the Services and Deliverables to be provided by Feracode to Client in form substantially as set forth in Exhibit B attached hereto, as may be modified by Change Orders from time to time.

**2.   SERVICES**

2.1   Performance of Services.  In consideration of payment by Client of the fees set out in each executed Work Order, Feracode shall provide the Services and Deliverables described in each executed Work Order.  Modifications or changes to a Work Order shall not be effective, and Feracode will have no obligation to perform any Services outside the scope of a Work Order unless agreed to by the parties, as evidenced by a Change Order or a new Work Order executed by both parties.

2.2   Client's Obligations.  Client shall cooperate with Feracode in the performance of the Services, and shall be responsible for providing the following:

(a) Client shall deliver sufficient Client Information to Feracode to enable Feracode to perform the Services in accordance with the schedule set forth in each executed Work Order.

(b) Client shall designate in a Work Order a representative who is authorized to accept the Deliverables, as described in Section 3.4 ("Acceptance").

(c) Client shall maintain a log of any Errors experienced in the Deliverables and promptly make such log available to Feracode upon Feracode's request.

2.3   Changes.  If Client wishes to implement any changes or revisions that deviate in any material respect from the Specifications or the schedule set out in any Work Order, Client shall submit a change request to Feracode specifying in detail such changes or revisions.  Feracode shall review the change request and promptly submit to Client a written proposal for implementing such changes or revisions, including any price or schedule changes.  Client shall have five (5) business days from receipt of Feracode's proposal to accept or reject, in writing, such proposal.  If Client accepts Feracode's proposal, the parties shall execute a Change Order for the changes requested by Client.   Feracode shall not be responsible for any delays caused by the evaluation and execution of a Change Order, and any such delays shall not be considered a breach of Feracode's obligations under this Agreement.

2.4.   Third Party Consultants and Subcontractors.  Feracode may employ the services of its affiliates or of third party consultants, subcontractors and service providers to provide any Services detailed in any Work Order, provided that Feracode shall remain responsible for the performance of each Work Order.

2.5.   Modifications By Clients.  The parties agree that Feracode shall be neither responsible nor liable for modifications of or any work relating to the Deliverables performed by Client or by any third party not retained and compensated by Feracode.

**3.   DELIVERY, INSTALLATION AND ACCEPTANCE OF DELIVERABLES**

3.1   Delivery and Installation.  Feracode shall use commercially reasonable efforts to deliver the Deliverables to Client in accordance with the schedule set forth in the applicable Work Order, provided that there has not been an unremedied default by Client.  If any Deliverable is a website, application or online service, Feracode shall be responsible for installation of such Deliverable on its test server and for installation of the Deliverable with Client's designated Host, if applicable.  Client shall obtain sufficient access for Feracode with such Host so that Feracode may perform such installation.  Feracode shall have no responsibility for the speed, availability or other performance issues for a Deliverable if Feracode is not the Host for the Deliverable.  To the extent that Client cannot obtain necessary access to the Host, Feracode shall be relieved of the responsibility for performing such installation until such access can be obtained by Client, or if access is denied for an unreasonably long period, Feracode shall be relieved of all obligation to install the Deliverable with the Host. If set forth on an Order, Feracode will serve as Host for the Deliverable in an ongoing production Host environment.

3.2   Limitations.  Notwithstanding any other provision of this Agreement, and except as provided in a properly executed Work Order, Feracode shall not be responsible for: (i) system administration of any Deliverable after hard launch; (ii) installation of upgrades to Third Party Works after hard launch; (iii) installation of upgrades to the Feracode Code, except as necessary during the applicable warranty period to correct an Error as provided in Section 7.1 or under maintenance services; and (iv) installation and configuration of network equipment on the hosting premises.

3.3   Client Delays.  In the event that Client has delayed Feracode's performance for any reason including, without limiting the generality of the foregoing, (i) failure to cooperate with or respond to a reasonable request of Feracode, (ii) failure to timely provide the Client

3

_WR_ / _MA_

Information to Feracode, (iii) failure of Client to meet deadlines for approval of Deliverables, or (iv) requests from Client for change requests, then the applicable schedule shall be deemed modified to allow Feracode to deliver the Deliverables within a reasonable period from the date specified in the original Work Order, in light of Client's actions or omissions.

3.4  **Acceptance**.  After Feracode's delivery of a Deliverable to Client, Client shall have up to seven (7) calendar days (or such other period as specified in the applicable Work Order) to review, test and evaluate the Deliverable (the "Acceptance Period").  During the Acceptance Period, Client shall accept the Deliverable by notifying Feracode in writing or, alternatively, shall provide Feracode with written notice of material discrepancies between the Deliverable as delivered and the features and/or functionality of the Deliverable as described in the Work Order and Specifications, and request that Feracode correct such material discrepancies.  Notwithstanding the foregoing, if the Deliverable contains all material features and functionality as described in the applicable Work Order and Specifications, Client shall accept the Deliverable.  Subject to Section 7.1, Client acknowledges that software is not generally Error-free, that the final delivery of a Deliverable which includes software may contain Errors, and that the presence of such Errors shall neither constitute a breach of Feracode's obligations under this Agreement nor preclude acceptance of the Deliverable.  If, at the end of any Acceptance Period, Client has not issued a request that Feracode correct material discrepancies, or if at any time Client uses a Deliverable in a production environment, the Deliverable will be deemed to have been accepted by Client.

3.5  **Correction of Deliverables**.  Feracode shall notify Client upon completion of its correction of any material discrepancies specified by Client in accordance with Section 3.4.  After Feracode so notifies Client, Client shall have five (5) calendar days (the "Retesting Period") to review, test and evaluate the corrected Deliverable, unless the parties mutually agree to an alternative time period.  Within such time period, so long as the previously specified discrepancies are substantially corrected, Client shall accept the Deliverable by notifying Feracode in writing.  If the material discrepancies are not corrected, the parties shall repeat the acceptance procedures described in Section 3.4 until the corrections have been completed.  Failure of Client to notify Feracode in writing during a Retesting Period that the previously reported material discrepancies have not been corrected shall be deemed acceptance of the Deliverables.

**4.   PAYMENT**

4.1  **Service Fee Payments**.  In consideration of the Services provided and the rights granted by Feracode to Client under this Agreement, Client shall pay Feracode the fees as set forth in any Work Order(s).  Such fees shall be exclusive of and in addition to Feracode's out-of-pocket costs and expenses incurred in the course of Feracode's performance of its obligations hereunder.  Payments are due ten (10) days after invoice or as otherwise indicated in a Work Order. All payments shall be in U.S. dollars. If Client fails to make timely payments, Feracode may suspend the performance of Services, deny to Client access to Deliverables, and/or terminate the applicable Work Order and/or this Agreement as provided in Section 9 ("Term and Termination"). This will come to affect if FeraCode does not receive payments within 20 days of invoice.

4.2  **Reimbursable Expenses**.  Client shall reimburse Feracode for out-of-pocket costs and expenses incurred by Feracode in performing the Services or otherwise arising under this Agreement.  Out-of-pocket expenses exceeding __3% of the invoice require pre-approval by the client.

4.3  **Taxes**.  Client shall pay or reimburse Feracode for all sales, use, transfer, privilege, excise, and all other taxes and all duties, whether international, national, state or local, however designated, which are levied or imposed by reason of the performance by Feracode under this Agreement, excluding income taxes which may be levied against Feracode.

**5.   OWNERSHIP RIGHTS, ASSIGNMENT AND LICENSE**

5.1  **Ownership**.

5.1.1  **By Client**.  Feracode acknowledges and agrees that Project Works created pursuant to a Work Order, and incorporated into a Deliverable, whether such Project Works are derived from the Client Information or are original works created by Feracode and its employees or consultants, are specially commissioned works made for hire, and Client shall be deemed the author of all such Project Works.  To the extent that the Project Works are not deemed works made for hire under U.S. copyright law, Feracode hereby assigns to Client all right, title and interest held by Feracode in and to any such Project Works, including all Intellectual Property Rights therein.  Delivery of the Project Works will be accompanied by the source code for the Project Works. Client, or its licensors, shall retain all right, title and interest to the Client Information.  To the extent that the Project Works or any deliverable include Feracode and require such

4

_WR_ / _MA_

Feracode to operate properly, such Feracode incorporated in the Project Works or deliverable shall be owned by the Client.

5.1.2 By Feracode. Feracode shall retain all right, title and interest in and to the Feracode Code, including any updates or enhancements thereto and all Intellectual Property Rights therein. Feracode hereby reserves all rights in and to the Feracode Code not expressly granted to Client herein, and Client shall have no ownership rights of any kind in or to the Feracode Code, except as set forth in 5.1.1 herein.

5.2 License of the Feracode Code. Subject to the terms and conditions of this Agreement, Feracode hereby grants to Client, in perpetuity, a worldwide, non-exclusive, royalty-free license to use the Feracode Code for Client's business purposes, to the extent that such Feracode Code is (a) incorporated into the Deliverables, and (b) required for operation of the Deliverables. Client shall not reverse compile or reverse assemble or otherwise attempt to obtain the source code for all or any portion of the Feracode Code. Such license shall be effective upon acceptance of the applicable Deliverable by Client.

5.3 License to Client Information. Client hereby grants to Feracode a royalty-free, non-exclusive license to use, reproduce, modify, transmit, digitize, adapt and publicly display the Client Information solely as necessary to perform its obligations under this Agreement.

5.4 Third Party Works. To the extent Client elects to include Third Party Works as a component of a Deliverable, or to the extent Third Party Works are otherwise required to maintain the functionality or design of a Deliverable, Client shall acquire, and if applicable, pay for, any licenses to such Third Party Works. Such licenses shall include all rights necessary for Feracode to modify or otherwise utilize the Third Party Works in a manner consistent with Feracode's obligations under this Agreement. Client hereby grants to Feracode a royalty-free, non-exclusive license to use, modify, reproduce and publicly display all such Third Party Works contemplated by this Section solely as necessary to perform its obligations under this Agreement.

5.5 Reservation of Rights. Notwithstanding any other provision of this Agreement, Client shall obtain no right, title or interest in or to the Project Works or a license to the Feracode Code unless and until Client pays the applicable fees in accordance with Section 4.1 ("Service Fee Payments").

## 6. TRADEMARKS & CREDIT

6.1 Use of Trademarks and Work Product by Feracode. Client hereby expressly grants Feracode the right to use and reproduce Client's Trademarks (i) to create any Deliverables, as specified or contemplated in the Specifications, and (ii) in Feracode's marketing materials, advertisements, press releases, promotional brochures, presentation portfolios, contest entries, Feracode's website, or in any media now known or later developed, solely for the purpose of identifying Client as a client and describing Feracode's Services provided to Client.

6.2 Trademark Use by Client. Subject to the terms and conditions of this Agreement, Feracode grants to Client the right to use the Feracode's Trademarks solely for the purpose of providing Feracode credit for the development of the Deliverables, as described in Section 6.3 ("Credit").

6.3 reserved.

6.4 Ownership of Trademarks. Each party shall be the sole and exclusive owner of its Trademarks, and any goodwill arising from either party's use of such Trademarks shall inure solely to the benefit of the Trademark owner.

## 7. REPRESENTATIONS, WARRANTIES & INDEMNIFICATION

7.1 Feracode's Limited Warranty of Performance. Feracode warrants that the Services shall be performed in a professional manner, and, if applicable, that final Deliverables will operate substantially in accordance with the Specifications, and will continue to do so for a period of thirty (30) days after the acceptance of the final Deliverables (the "Warranty Period"). Notwithstanding acceptance of a Deliverable by Client, if, during the Warranty Period, Client makes a written request to Feracode to correct material Errors in a Deliverable, Client's sole and exclusive remedy and Feracode's sole responsibility shall be to correct or provide a work-around for such Errors, at Feracode's expense. This warranty is void to the extent that the affected Deliverable is modified by Client or any third party not authorized by Feracode.

7.2 Feracode's Non-Infringement Warranty and Indemnity. To the best of Feracode's knowledge, the Deliverable as delivered do not infringe Intellectual Property Rights of any other person or entity. Notwithstanding the foregoing, Feracode shall not be deemed to have breached the warranties contained in this Section 7.2 to the extent that

5

_WR_ / _MA_

Doc ID: 68e8a30dd23f3392916ed11565ed7a5148583d38

Client, its employees, agents, independent contractors or assigns have modified the Deliverable in any manner, or to the extent that the Deliverable is based on Specifications provided by Client, incorporates third party materials or open source code, or incorporates Client Information provided by Client. Subject to the conditions contained in Section 7.6 ("Conditions to Indemnity"), Feracode agrees to defend, indemnify, and hold harmless Client, and its directors, officers, employees and agents from and against any third party claim, demand, cause of action, debt or liability (including reasonable attorneys' fees) arising out of the breach of this Section 7.2 of this Agreement. If Client is enjoined from using the Deliverables due to a claim that the Deliverables infringe a third party's Intellectual Property Rights, Feracode may modify the Deliverables to make them non-infringing, acquire for Client the right to continue using the Deliverables or refund to Client the fees paid for the applicable enjoined Deliverables, decreased in accordance with three year straightline depreciation. This indemnity represents Feracode's sole liability and Client's sole remedy for claims of infringement relating to the Deliverables.

7.3  WARRANTY DISCLAIMER. EXCEPT FOR THE WARRANTIES SET FORTH IN SECTIONS 7.1 AND 7.2, FERACODE MAKES NO OTHER WARRANTIES HEREUNDER, AND EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE OR USE, ACCURACY, COMPLETENESS, NON-INFRINGEMENT AND ALL WARRANTIES ARISING FROM COURSE OF PERFORMANCE, COURSE OF DEALING, AND USAGE OF TRADE, OR THEIR EQUIVALENTS UNDER THE LAWS OF ANY JURISDICTION. FERACODE DOES NOT WARRANT THE ACCURACY OR COMPLETENESS OF THE DELIVERABLES, OR THAT THE DELIVERABLES WILL BE FREE FROM ERROR.

7.4  Client's Warranty of Responsibility. Client acknowledges that it has directed Feracode to develop the Deliverables utilizing the Specifications, Client Information, and, where applicable, Third Party Works. Except as expressly provided herein, Client shall be solely responsible for the Deliverables, including, without limitation, any and all forms of Project Works, Client Information, and media included in the Deliverables; any means or methods of, or items placed into, commerce via the Deliverables; any membership programs and/or benefits available on or contained within the Deliverables; and conforming the Deliverables to any and all applicable laws, rules and/or regulations.

7.5  Client's Non-Infringement Warranty and Indemnity. Client represents and warrants that (i) Client owns or has the right to use and to sublicense to Feracode, as specified in Sections 5.3 and 5.4, all Client Information, Third Party Works, and any Trademarks supplied by Client, including the right to publicly display, publish, and distribute the Client Information on the Internet and to authorize Feracode to use the same in accordance with this Agreement; (ii) Client is authorized to use the Client Information in connection with the advertising, promotion and exploitation of the Deliverables as provided herein; and (iii) the use by Feracode of any Client Information or Third Party Works in accordance with this Agreement shall not violate the Intellectual Property Rights of any third party. Subject to the conditions contained in Section 7.6 ("Conditions to Indemnity"), Client agrees to defend, indemnify, and hold harmless Feracode, its parent, subsidiaries, and affiliates, and each of their respective directors, officers, employees and agents from and against any claim, demand, cause of action, debt or liability (including reasonable attorneys' fees) arising out of the breach of Sections 7.4 or 7.5 of this Agreement. This indemnity represents Client's sole liability and Feracode's sole remedy for claims of infringement relating to the items covered by this Section.

7.6  Conditions to Indemnity. In claiming any indemnification hereunder, the indemnified party shall promptly provide the indemnifying party with written notice of any claim which the indemnified party believes falls within the scope of this Section 7. The indemnified party shall, at the indemnifying party's expense, reasonably assist in the defense of such claims, provided that the indemnifying party shall control such defense and all negotiations relative to the settlement of any such claim, and further provided that any settlement intended to bind the indemnified party shall not be final without the indemnified party's prior written consent, which shall not be unreasonably withheld.

7.7  LIMITATION OF LIABILITY. NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, FERACODE SHALL NOT BE LIABLE UNDER THIS AGREEMENT OR OTHERWISE FOR ANY FORM OF INDIRECT, CONSEQUENTIAL, EXEMPLARY, SPECIAL, INCIDENTAL, OR PUNITIVE DAMAGES, EVEN IF FERACODE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, FERACODE'S LIABILITY FOR ANY REASON AND UPON ANY CAUSE OF ACTION SHALL

*WR* / *MA*

Doc ID: 68e8a30dd23f3392916ed11565ed7a5148583d38

BE LIMITED TO THE FEES PAYABLE TO FERACODE FROM CLIENT UNDER AN APPLICABLE WORK ORDER. THIS LIMITATION APPLIES TO ALL CAUSES OF ACTION IN THE AGGREGATE, WITHOUT LIMITATION, BREACH OF CONTRACT, BREACH OF WARRANTY, NEGLIGENCE, STRICT LIABILITY, MISREPRESENTATION, AND ANY OTHER TORT.

**8.    CONFIDENTIALITY**

8.1    <u>Non-Disclosure of Confidential Information</u>.  Client and Feracode recognize that in carrying out this Agreement, they may receive, develop, or otherwise acquire Confidential Information of the other party.  All Confidential Information which the parties may now possess, obtain or create during or after the work contemplated by this Agreement will be held confidential by the parties for the benefit of the other, using the same standard of care that each uses to protect its own confidential and proprietary information to prevent the disclosure of the Confidential Information, but in no event less than reasonable care.  Client and Feracode will not directly or indirectly reveal, report, publish or disclose such Confidential Information to any person, firm or corporation not expressly authorized by the owner of such Confidential Information to receive such Confidential Information, or use (or assist any person to use) such Confidential Information except for the benefit of the owner thereof and in the course of their work hereunder.  In addition, neither Client nor Feracode shall appropriate the Confidential Information to its own use, or to the use of any third party.  Each party shall require that each of its independent contractors who work on or have access to the Confidential Information sign a suitable confidentiality and work-for-hire/assignment agreement and be advised of the confidentiality and other applicable provisions of this Agreement.

8.2    <u>Disclosure Exception</u>.  The foregoing will not apply to the extent Client or Feracode is required to disclose any Confidential Information by applicable law or legal process, nor will any information be deemed confidential that the receiving party can demonstrate (a) is, as of the time of its disclosure, or thereafter becomes part of the public domain without violation of this Agreement by Client or Feracode as the receiving party, (b) is already in Client's or Feracode's possession as evidenced by written documents prior to the disclosure thereof by the other party, or (c) is subsequently learned, without violation of this Agreement by the receiving party, from a third party not under a confidentiality obligation to the disclosing party.

**9.    TERM AND TERMINATION**

9.1    <u>Term</u>.  This Agreement shall commence on the Effective Date and continue for a period of one (1) year. Thereafter, this Agreement shall automatically renew for subsequent periods of one (1) year each unless either party notifies the other party in writing at least thirty (30) days prior to the end of the initial term or prior to the end of any renewal term of such party's intent that this Agreement not renew, unless earlier terminated as provided in this Section 9. Any Work Orders in effect on the date of any termination or expiration of this Agreement shall remain in effect under the terms of this Agreement until completed or otherwise terminated.

9.2    <u>Termination for Cause</u>.  In addition to any other right or remedy provided by this Agreement or by law, each party shall be entitled to terminate this Agreement and/or any Work Order for cause either (a) upon the expiration of thirty (30) calendar days following written notice to the other party of its material breach of any of its obligations under this Agreement, provided that the other party has not remedied such breach within such thirty (30) day period; or (b) if a petition in bankruptcy is filed by or against the other party and is not withdrawn within sixty (60) days, or if the other party becomes insolvent, or makes an assignment for the benefit of its creditors or an arrangement pursuant to any bankruptcy law, or if the other party discontinues its business or if a receiver is appointed for its business.

9.3    <u>Effect of Termination</u>.

9.3.1    Upon a termination of this Agreement, provided all fees due have been paid to Feracode, all licenses granted to Client under Section 5 ("Ownership Rights, Assignment, and License") shall survive in accordance with their terms.

9.4    <u>Survival</u>.    Sections 1 (Definitions), 4 (Payment); 5 (Ownership Rights, Assignment and License); 6 (Trademarks and Credit);  7 (Representations,  Warranties & Indemnification); 8 (Confidentiality); 9 (Term and Termination) and 10 (Miscellaneous) shall survive any termination or expiration of this Agreement.

**10.    MISCELLANEOUS**

10.1    <u>Status of Parties</u>.  Nothing contained in this Agreement nor the performance hereunder shall render Feracode, its employees or contractors to be an agent, employee, joint venturer or partner of Client.  Neither Client nor any of its officers or employees shall have authority to contract for or bind Feracode in any manner and shall not represent themselves as an

_WR_ / _MA_

Doc ID: 68e8a30dd23f3392916ed11565ed7a5148583d38

agent of Feracode or as otherwise authorized to act for or on behalf of Feracode.

10.2    Force Majeure.  Except for the failure to pay any money due hereunder, any failure by Feracode or Client to perform any obligation arising under or in connection with this Agreement shall be excused, if such failure shall have been caused by any act or circumstance beyond the reasonable control of a party, including, but without limiting the generality of the foregoing, any act of god, fire, flood, explosion, lightning, windstorm, earthquake, failure of machinery or equipment, shortage of materials, discontinuation of power supply, court order or governmental interference, civil commotion, riot, war, strike, labor disturbances or transportation difficulties.

10.3 reserved

10.4    Notice.  Any notice required or permitted hereunder shall be validly and effectively given if delivered personally to the other party or sent by overnight mail to the address provided above (or to such other address as shall be advised by either party to the other in writing), or by facsimile, or by email, or by U.S. certified or registered mail.  With copy to:

    The Law Offices of P. Sterling Kerr
    2450 St. Rose Pkwy., Suite 120
    Henderson, NV 89074

10.5    Severability.  If any provision of this Agreement is held to be unenforceable, invalid or illegal, in whole or in part, by any court of competent jurisdiction, such unenforceable, invalid or illegal provisions shall not affect the remainder of this Agreement, unless to do so would clearly violate the present legal and valid intention of the parties hereto.

10.6    Entire Agreement.  The Master Agreement, and any Exhibits and Work Orders thereto, constitutes the entire agreement between the parties and contains all of the agreements between the parties with respect to the subject matter hereof; this Agreement supersedes any and all other agreements, either oral or in writing (including any interim agreements executed by the parties), between the parties hereto with respect to the subject matter hereof.  No change or modification of this Agreement shall be valid unless the same be in writing and signed by an officer of Client and Feracode, respectively.

10.7    Governing Law and Jurisdiction.  This Agreement shall be governed by the laws of the State of Utah, without reference to conflict of law principles.  The Parties agree that the United Nations Convention on Agreements for the International Sale of Goods shall not apply to this Agreement. Additionally, application of the Uniform Computer Information Transaction Act (UCITA) is excluded from this Agreement. The Parties agree that jurisdiction and venue for any matter arising out of or pertaining to this Agreement shall be proper in any state or federal courts located in the United States of America.

10.8    Waivers.  No waiver of any provision of this Agreement shall be valid unless in writing and signed by the person or party against whom enforcement of such waiver is sought.

10.9    Counterparts.  This Agreement may be executed in any number of counterparts, but all counterparts hereof shall together constitute but one agreement.

10.10    Assignment.  Neither party will have the right to assign, pledge or transfer all or any part of this Agreement without the prior written consent of the other, which consent shall not be unreasonably withheld or delayed, except that Feracode may assign this Agreement in connection with any merger, consolidation, sale of the relevant assets or any other transaction in which substantially all of the equity of Feracode is transferred.

*WR* / *MA*

**EXHIBIT B**
**WORK ORDER FORM**

This Work Order is issued pursuant to the Master Services Agreement ("Agreement") between Feracode, LLC ("Feracode") and Smash Technology, LLC, a Nevada limited liability Company ("Client") effective March 4, 2018 (the "Agreement").  When executed by the parties, this Work Order will become a part of and be incorporated by reference into the Agreement.

**Project Name:** Smash 2.0

**Project Representatives:**

| For Feracode | Wladimir Ribeiro Junior |
| For Client | Jerry Ulrich |

**Scope of Services:**  Feracode will provide the Services described in this Work Order, including any Specifications attached hereto as Annex A, which may be amended from time to time by mutual agreement of the parties pursuant to Change Orders referencing this Work Order. Smash Technology has agreed to the risks and assumptions as put into the work order.

**Start Date:** March 10, 2018/ After Initial payment.

**End Date:**  2019 (According to appendix C)

**Price and Payment Schedule:** $1,788,000 divided into Milestones.  FeraCode will only start a milestone after Smash Technology executives have approved previous milestones and paid invoice of the next milestone. Any late payments will also extend time of development. And All price points have been agreed by Smash Technology Executives.

**Milestone 1:**  Setup, Blue Print, and Prototype. Total business days until delivered (37) after initial payment.  Milestone number 1 will include the scope of the project and have specific days and times of the delivery of the other milestones. FeraCode has informed client that once first milestone is delivered it will be subject to all dates. We will add this scope and blueprint as appendix C. We estimate that every Milestone will take up to, but not surpass 25 business days. But each milestone will be different and so it will be ruled under appendix c. FeraCode will provide Those details to scope and specifics on the Milestones in 25 business days as part of the first Milestone.  Should FeraCode conclude that it cannot perform this project, FeraCode will draw out a written statement that it cannot continue and Deliver all works to Smash Technology. If there is no statement made by FeraCode, FeraCode will continue with the project as agreed upon before. No matter end conclusion of the Scope, FeraCode Will Not Exceed its agreed price point of $1,788,000, unless significant changes are made By Smash Technology Executives after the delivered Scope has been approved.
**Cost: $76,000 USD**

**Milestone 2: $79,000 USD**
**Milestone 3: $79,000 USD**
**Milestone 4: $79,000 USD**

**Milestone 5: $149,000 USD** . Alpha. FeraCode Estimates that the Alpha portion of this Project Will be completed July 25th, 2018. But this is subject to change to an earlier date/Later date of delivery after Blueprint, prototype and Scope Milestone have been delivered.

**Milestone 6: $94,000 USD**
**Milestone 7: $205,000 USD**
**Milesonte 8: $205,000 USD**
**Milestone 9: $205,000 USD**
**Milestone 10: $205,000 USD**
**Milestone 12: $205,000 USD**

FeraCode will deliver source code to Smash Technology LLC after completion of all 12 milestones. FeraCode will also be subject to all dates outlined in appendix C, that will be added after the first milestone completion. All Milestones are subject to approval by Smash Executives, should any milestone not be approved, due date will be extended for that milestone.

**Payment Method:** USD, wire transfer to FeraCode LLC Corporate Account.
**Account Number: 501010711353**

9

*WR* / *MA*

Doc ID: 68e8a30dd23f3392916ed11565ed7a5148583d38

**Routing Number: 324079555**
**This number is confidential and only to be shared among Executives and/or members who will be executing payment.**

**Special Terms & Conditions:**
This project will be based off the scope of a previous scope shown to FeraCode by Smash Technology Executives. This is scope is subject to change as well as the price if large changes to the scope are made but Feracode will not exceed price if they are not. But will not be less than $1,788,000. But the price may increase and have limits per Smash Executives.

FeraCode has agreed upon maintenance after completion of the project as well as be a 3rd party support staff to all future needs of Smash Technology. Terms on this will be handled in a future contract. FeraCode will write up a Maintenance contract after the completion of Milestone 4. This Contract will override clauses 7.1, 3.1 and 3.2. s it will deal with all servers and maintenance of project after hard launch. FeraCode will provide fixes to code, performance, and bugs at no additional cost to client during the duration of this contract as well the agreed upon maintenance contract.

**AGREED TO AND ACCEPTED:**

| FERACODE, LLC: | CLIENT: |
|---|---|
| *RibeiroJr.* (signature) | *Michael Alexander* (signature) |
| Authorized Signature | Authorized Signature |
| Wladimir Ribeiro Junior | Michael Alexander |
| Printed Name | Printed Name |
| CEO | Managing Partner |
| Title | Title |
| 03/13/2018 | 03/14/2018 |
| Date | Date |
| | |
| Authorized Signature | Authorized Signature |
| Printed Name | Printed Name |
| Title | Title |
| Date | Date |

WR / MA

Doc ID: 68e8a30dd23f3392916ed11565ed7a5148583d38

**ANNEX A**
**SPECIFICATIONS**

11     *WR* / *MA*

Doc ID: 68e8a30dd23f3392916ed11565ed7a5148583d38

 Audit Trail

| | |
|---|---|
| **TITLE** | Final Feracode Services Agreement |
| **FILE NAME** | Final Feracode Se...er 2.0 .doc .docx |
| **DOCUMENT ID** | 68e8a30dd23f3392916ed11565ed7a5148583d38 |
| **STATUS** | ● Completed |

## Document History

**SENT**  03/14/2018  03:37:26 UTC
Sent for signature to Michael Alexander (michael@michaelalexander.me) and Wladimir Ribeiro Jr. (ribeirowlad@gmail.com) from kevin.kern@smashsolutions.com
IP: 73.41.98.158

**VIEWED**  03/14/2018  03:38:04 UTC
Viewed by Wladimir Ribeiro Jr. (ribeirowlad@gmail.com)
IP: 174.23.210.66

**SIGNED**  03/14/2018  03:41:39 UTC
Signed by Wladimir Ribeiro Jr. (ribeirowlad@gmail.com)
IP: 174.23.210.66

**VIEWED**  03/14/2018  15:28:11 UTC
Viewed by Michael Alexander (michael@michaelalexander.me)
IP: 180.252.240.77

**SIGNED**  03/14/2018  15:31:10 UTC
Signed by Michael Alexander (michael@michaelalexander.me)
IP: 180.252.240.77

**COMPLETED**  03/14/2018  15:31:10 UTC
The document has been completed.