MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Defendants and Counterclaim Plaintiffs*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
          zachary-peterson@rbmn.com
          kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; <br><br> Plaintiffs, <br> vs. <br><br> SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; <br><br> Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; <br><br> Counterclaim Plaintiffs, <br> vs. <br><br> SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; <br><br> Counterclaim Defendants. | Civil No. 2:19-cv-00105-TC <br><br> Judge Tena Campbell |

Defendants and Counterclaim Plaintiffs Smash Solutions, LLC ("**Solutions**") and Jerry J. Ulrich ("**Ulrich**") (collectively "**Defendants**"), through their counsel of record Matthew C. Barneck, Zachary E. Peterson, and Kristina H. Ruedas of RICHARDS BRANDT MILLER NELSON, and pursuant to Rules 7 and 15 of the Federal Rules of Civil Procedure and DUCivR 7-1, submit the following Memorandum in Opposition to Motion for Leave to File First Amended Complaint (Doc. 36), filed by Plaintiffs Smash Technology, LLC ("**Technology**") and Michael Alexander ("**Alexander**") on June 12, 2019.

## STATEMENT OF RELIEF SOUGHT

Defendants Solutions and Ulrich oppose the Motion to Amend in part because the proposed First Amended Complaint for Injunctive and Other Relief (the "**Amended Complaint**") (Doc. 36-1) is futile with respect to the Second and Third Causes of Action.

On April 12, 2019, Defendants filed a Partial Motion to Dismiss (Doc. 26) arguing the Second and Third Causes of Action in Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs failed to plead those claims with sufficient specificity. In particular, Plaintiffs failed to adequately plead a breach of contract claim because the Complaint did not allege a contract with sufficient definiteness to be enforceable and because it also did not allege consideration in favor of Ulrich.

The Defendants' Motion also sought dismissal of the First and Fifth through Eighth Causes of Action pursuant to Rule 12(b)(7) because Plaintiffs failed to join Smash Innovations, LLC ("**Innovations**") as a required and indispensable party.

After Defendants' Motion to Dismiss was fully briefed, and also after Defendants filed a Motion for Partial Summary Judgment (Doc. 32), Plaintiffs filed their Motion to Amend on June

12, 2019 (Doc. 36).  They ask to join Innovations as a party Defendant, which satisfies the Rule 12(b)(7) concerns addressed in the Motion to Dismiss.  Therefore, Defendants do not oppose the Motion to Amend with respect to the joinder of Innovations.  Plaintiffs also seek to join Feracode, LLC ("**Feracode**") and Defendants do not oppose that part of the Motion to Amend.

However, the Second and Third Causes of Action in the proposed Amended Complaint suffer from the same flaws as in the original Complaint, which Defendant challenge in their Motion to Dismiss.  (Doc. 26.)  Nor does the Amended Complaint overcome the challenge raised in Defendants' Motion for Partial Summary Judgment (Doc. 32).  There is no material change to those causes of action in the Amended Complaint.  (*See* Doc. 36-1.)  Therefore, with respect to the Second and Third Causes of Action, the proposed amendment is futile and should be denied.

## RELEVANT ALLEGATIONS

Plaintiffs' proposed Amended Complaint seeks to add the following allegations against Solutions and Ulrich related to the parties' agreements and course of dealing, as part of Plaintiffs' Second and Third Causes of Action:

1. It describes Solutions' intellectual property as "infant" or "a limited beta model," and describes the intellectual property purportedly owned by Technology as "new." (*See* Doc. 36-1, ¶¶8, 12, 14, 17-18, 20, 22, 25-26, and 29.)

2. It alleges Ulrich agreed to build the Bitclub Network to maximize Tatiana Alexander's Uberfund and Centurion positions in order "to fund Technology and pay for the development of the new intellectual property and CRM Platform." (*See id.* ¶13.)

3. It further contends that, to date, Alexander has funded Technology "and its development of the new intellectual property, new code, new features, new functionality, new

software technology, and CRM Platform by investing more than $2.4 million." (*See id.* ¶¶14, 22.) These investments were allegedly made in "cash, cryptocurrencies, and other resources." (*See id.* ¶19.) Alexander previously alleged that he funded Technology with about $900,000. (Complaint, ¶12.)

4.     The proposed Amended Complaint alleges that Alexander and Ulrich understood and agreed they would be equity partners in Technology and share in its ultimate proceeds and success, and that they initially performed accordingly. (*See* Doc. 36-1, ¶15.)

5.     It says Ulrich commingled Technology funds and Alexander's investments with Solutions', Innovations', and personal accounts. (*See id.* ¶21.) It alleges Ulrich improperly used these funds to pay his rent and other personal expenses. (*See id.*)

6.     It also alleges Ulrich failed to provide documentation of Technology's cryptocurrency transactions and digital exchange conversion transaction receipts. (*See id.* ¶23.)

7.     Finally, it alleges Ulrich has misrepresented "his development and ownership of the new CRM Platform and Plaintiffs' investment and participation in its development" to potential investors. (*See id.* ¶27.)

## ARGUMENT

**I.     Defendants Do Not Oppose Plaintiffs' Request to Add Innovations and Feracode as Defendants.**

Defendants do not oppose the Motion to Amend to the extent it seeks to add Innovations as a defendant. This joinder is consistent with Defendants' position that Innovations is a required and indispensable party to Plaintiffs' First and Fifth through Eighth causes of action. The joinder of Innovations is necessary to satisfy the fundamental due process requirements of Rule 4 of the Federal Rules of Civil Procedure and allow Innovations to defend its interests in

this action.  However, this joinder may become moot if the Court grants the relief Defendants seek in their Motion for Partial Summary Judgment (Doc. 32) and rules that Solutions owns the intellectual property at issue (the "**Intellectual Property**").

Defendants also do not oppose Plaintiffs' Motion to Amend to the extent it seeks to add Feracode as a defendant.  Defendants do not take a position at this time regarding the merits of Plaintiffs' proposed claims against Feracode, but they do not oppose the proposed amendment as stated above under Rule 15 standards for amended pleadings.

**II.   The Court Should Deny Plaintiffs' Motion in Part Because Their Proposed New Allegations Relating to the Parties' Agreements and Course of Dealing are Futile.**

Plaintiffs also seek leave of Court to amend their allegations related to the parties' agreements and course of dealing, as part of the Second and Third Causes of Action.  This proposed Amended Complaint does not cure the deficiencies addressed in Defendants' Partial Motion to Dismiss (Doc. 26), or those addressed in Defendants' Motion for Partial Summary Judgment (Doc. 32), and therefore is futile to that extent.  Further, these allegations should have been included in Plaintiffs' original complaint.

**A.   Plaintiffs' Proposed Amendment Concerning the Second and Third Causes of Action is Futile.**

The Court should deny leave to amend the Second and Third Causes of Action in Plaintiffs' Complaint, and all related preliminary allegations, because the proposed new allegations are futile.  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend a complaint "when justice so requires."  However, a court should deny leave to amend under Rule 15(a) if the proposed "amendment would be futile."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859

(10th Cir. 1999); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (internal citations omitted); *Navajo Nation Human Rights Comm'n v. San Juan Cty.*, 281 F. Supp. 3d 1136, 1152 (D. Utah 2017).  An amendment is "futile" if the new "complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (internal citations omitted); *Navajo Nation*, 281 F. Supp.3d at 1152.

      The denial of a motion to amend a pleading is ordinarily reviewed for abuse of discretion. *See Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to [Fed. R. Civ. P.] 15(a) is within the discretion of the trial court").  However, when denial is based on a determination that the amendment would be futile, the review for abuse of discretion includes *de novo* review of the legal basis for the finding of futility.  *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

      Plaintiffs' proposed Amended Complaint is futile because the Second and Third Causes of Action are still subject to dismissal even with the new or clarified allegations.  Plaintiffs still fail to allege the terms of a contract with sufficient specificity and definiteness to be enforceable.  The allegations in the proposed Amended Complaint do not set forth each element of a claim for breach of contract or connect the alleged facts with the elements of the claim.

      First, Plaintiffs still fail to allege Alexander's obligation under the "agreement" with sufficient definiteness to be understood or to be enforceable.  The only obligation he allegedly had was to "fund Technology." (Doc. 36-1, ¶12.)  Plaintiffs now say Alexander funded Technology with "cash, cryptocurrencies, and other resources." (*See* Doc. 36-1, ¶19.)  They

6

allege his funding included "two wires in the amount of $100,000 and earnings provided from Alexander's other business interests." (*See id.* ¶22.) But the proposed Amended Complaint still contains no allegation about the amount of funding he agreed to provide, or even a range of amounts. There is no allegation about whether he agreed to provide funding by cash investment, by a loan of funds, by facilitating the extension of credit, by in-kind contributions, or by some other means. And there is no allegation about when funding would begin, how long it would last, if it would come in one or more increments, or the sizes of any such increments.

"'An agreement cannot be enforced if its terms are indefinite ….'" *Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, ¶ 22, 989 P.2d 1077 (*quoting Richard Barton Enter., Inc., et al. v. Tsern, et al.,* 928 P.2d 368, 373 (Utah 1996)). Utah courts have consistently refused to enforce an alleged contract where the terms are indefinite or uncertain. *See Prince, Yeates & Geldzahler v. Young,* 2004 UT 26, ¶14, 94 P.3d 179 (refusing to enforce claim "[w]ithout some definite language addressing the amount, timing, or conditions of Young's potential additional compensation"); *Carter v. Sorensen,* 2004 UT 33, ¶7, 90 P.3d. 637 (refusing to enforce option with "no ascertainable price term"); *Nunley,* 1999 UT 100, ¶¶22-23 (upholding refusal to enforce stock purchase option where parties could not agree upon critical issue of "how and when and on what terms" it could be exercised); *Tsern,* 928 P.2d at 373-74 (upholding refusal to enforce lease modification agreement where parties did not agree "on a reasonable price or a method for determining one").

The proposed Amended Complaint (Doc. 36-1) does not allege an agreement between Alexander and Ulrich with sufficient definiteness to be enforceable. As a result, the proposed

claims for breach of contract (Second Cause of Action) and breach of implied covenant (Third Cause of Action) are still subject to dismissal.

Second, such an indefinite promise also cannot serve as consideration to support an enforceable agreement.  Based on Plaintiffs' proposed allegations, Alexander "retain[ed] an unlimited right to decide the nature or extent of his performance" in funding Technology. *Resource Mgmt. Co. v. Weston Ranch & Livestock Co., et al.,* 706 P.2d 1028, 1038 (Utah 1985). Thus, there is only "the façade of a promise" because Alexander "commit[ted] himself to nothing …." *Id.*  Such an alleged "promise" is "illusory" and an "illusory promise … neither binds the person making it … nor functions as consideration for a return promise." *Id.*

Further, Plaintiffs' allegations do not identify any benefit conferred upon Ulrich in the alleged agreement.  Utah law requires "that the parties to a contract must supply consideration to each other." *Gull Labs., Inc. v. Diagnostic Tech., Inc.*, 695 F. Supp. 1151, 1153 (D. Utah 1988). Long ago the Utah Supreme Court held that for a contract to be valid and binding "each party must be bound to give some legal consideration to the other by conferring a benefit upon him or suffering a legal detriment at his request." *Manwill v. Oyler, et al.,* 11 Utah 2d 433, 361 P.2d 177, 178 (1961); *see also, Gasser, et al. v. Horne, et al.,* 557 P.2d 154, 155 (Utah 1976) (same); *Developers Sur. & Indem. Co. v. Barlow*, 628 F. App'x 980, 983 (10th Cir. 2015) (unpublished disposition) (same).

Here, Plaintiffs allege "Alexander agreed to fund *Technology* …." (Doc. 36-1, ¶12 (emphasis added).)  They also concede that "Michael Alexander is currently the sole member and manager of Technology." (*Id.* ¶9.)  This alleged agreement to "fund Technology" conferred

no benefit upon Ulrich because Alexander was and is the sole owner.  Further, Alexander undertook no detriment by agreeing to fund Technology, a company he owned solely.

Apparently in response to Defendants' Motion to Dismiss, Plaintiffs now want to allege that "Alexander and Ulrich understood and agreed they *would be* equity partners in Technology and share in its ultimate proceeds and success, and they initially performed accordingly." (*See id.* ¶15 (emphasis added).)  Yet they fail to provide any specificity with this allegation.  For example, Plaintiffs do not allege when Alexander and Ulrich would become equity partners, what conditions must be satisfied first, or how they would share in its ultimate proceeds and success.  Thus, the allegation is too vague and indefinite to modify Technology's current Operating Agreement, which lists Alexander as the only member with a 100% ownership interest and makes no mention of Ulrich or any agreement for him to become a member.  (*See* (Doc. 32), *Ex. 4*.)[1]

Plaintiffs' proposed amendment fails to cure the deficiencies identified in Defendants' Partial Motion to Dismiss (Doc. 26).  Nor does it refute the assertion that Solutions owns the Intellectual Property as argued in Defendants' Motion for Partial Summary Judgment (Doc. 32).  Therefore, the Court should deny leave to amend the Second and Third Causes of Action in Plaintiffs' Complaint as futile.

### B.     Plaintiffs' Proposed Amendments Should Have Been Included in the Original Complaint.

This Court should also deny Plaintiffs' Motion to Amend because the new or amended allegations could have been pleaded from the outset of the case.  Where "the party seeking

---

[1] Plaintiffs have not produced any amended Operating Agreement, either with their Initial Disclosures or in their Opposition to Defendants' Motion for Partial Summary Judgment.  (*See* Doc. 37.)

amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Alpenglow Botanicals, LLC, et al. v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (internal citations omitted); *Las Vegas Ice and Cold Storage Co., et al. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *State Distributors, Inc. v. Glenmore Distilleries Co., et al.*, 738 F.2d 405, 416 (10th Cir. 1984). Motions to amend are properly denied when plaintiffs knew of the events or claims earlier yet failed to plead them due to a dilatory motive, bad faith effort during the pleading process, or unreasonable neglect in terms of pleading preparation. *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

Plaintiffs do not explain why the new or clarified allegations were not pleaded in the original Complaint. None of the proposed amendments come from information obtained through discovery in this case; instead, the new allegations contain information that Plaintiffs controlled and possessed from the outset of the case. Therefore, in addition to being futile, Plaintiffs' Motion to Amend is subject to denial because the proposed amendments should have been included with the original pleading.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion to Amend as futile to the extent it seeks to add or clarify allegations related to the parties' agreement or course of dealing. Specifically, Defendants do not object to the joinder of Innovations and Feracode, but the proposed amendments relating to the Second and Third Causes of Action should be denied as futile.

DATED this 10th day of July, 2019.

                                        RICHARDS BRANDT MILLER NELSON

                                        */s/ Kristina H. Ruedas*
                                        MATTHEW C. BARNECK
                                        ZACHARY E. PETERSON
                                        KRISTINA H. RUEDAS
                                        *Attorneys for Smash Solutions, LLC*
                                        *and Jerry J. Ulrich*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of July, 2019, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Darren G. Reid
>Brandon T. Christensen
>HOLLAND & HART LLP
>222 South Main Street, Suite 2200
>Salt Lake City, UT 84101
>dgreid@hollandhart.com
>btchristensen@hollandhart.com
>*Attorneys for Plaintiffs and*
>*Counterclaim Defendants*

>*/s/ Peggy Stockton*

G:\EDSI\DOCS\21981\0002\1982548.DOC