Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Defendants. | **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Counterclaim Defendants. | |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Smash Technology, LLC ("Technology") and Michael Alexander (collectively, "Plaintiffs") submit this Reply Memorandum in support of their Motion for Leave to File First Amended Complaint (Dkt. 36, Ex. A, First Amended Complaint ("Am. Compl.")).

## ARGUMENT

At the onset of this case—*before* any discovery and *before* the parties' stipulated deadline to amend—Plaintiffs' motion for leave to amend should be granted. Plaintiffs' motion is timely and appropriate, and Defendants are not prejudiced by the Court liberally granting amendment. Defendants' Opposition repeats the same meritless arguments contained in their motion to dismiss and, unfortunately, continues to riddle the Court with mischaracterizations and misrepresentations regarding Plaintiffs' allegations in this case.

Significantly, Defendants do not oppose the addition of Feracode, LLC and Smash Innovations, LLC as defendants, conceding that Plaintiffs' joinder of Smash Innovations as a party "satisfies Rule 12(b)(7) concerns addressed in the Motion to Dismiss." (Dkt. 43, Defendants' Opposition ("Opp") at 3.) Defendants take issue only with Plaintiffs' Second (breach of contract) and Third (breach of the implied covenant of good faith and fair dealing) Causes of Action, arguing the First Amended Complaint is futile. It is not.

**I.   DEFENDANTS ARE NOT PREJUDICED BY PLAINTIFFS' TIMELY MOTION**

This is Plaintiffs' first motion to amend. The parties have not exchanged any discovery responses. The last day to file a motion to amend is July 31, 2019. Fact discovery closes in December 2019 and the trial is currently set for November 2020. Thus, no party will be unduly prejudiced if the Court grants Plaintiffs leave to file their First Amended Complaint.

"A district court should refuse leave to amend only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation and internal quotation marks omitted). "The purpose of the Rule [for leave to amend a complaint] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation and internal quotation marks omitted). The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Id.* at 1207. Nowhere in their Opposition do Defendants assert that they will be prejudiced by the Court granting Plaintiffs' motion, nor can they assert any prejudice.

Defendants cite several cases for the proposition that where "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Alpenglow Botanicals, LLC, et al. v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). But Defendants misrepresent the import of their cited cases—none of them are even closely on point. (Opp at 10.) First, Defendants cite two cases involving litigants seeking to amend complaints in the later stages of litigation and after decisions on the merits have already been made by the Court. *See Alpenglow*, 894 F.3d 1187 at 1203-04 (affirming denial of plaintiffs' Second Amended Complaint that was attached to its Rule 59(e) motion to alter or amend the judgment); *Las Vegas Ice and Cold Storage Co., et al. v. Far West Bank*, 893 F.2d 1182, 1184-85 (10th Cir. 1990) (affirming denial of a motion to amend after entry of partial summary judgment and 17 months after initial complaint was filed). Second, Defendants cite a

case where the Tenth Circuit affirmed denial on completely other grounds. *See State Distributors, Inc. v. Glenmore Distilleries Co., et al.*, 738 F.2d 405, 416 (10th Cir. 1984) (affirming denial because requested joinder of party was "only tangentially related to the issues and series of transactions in the present case," requiring "[d]ifferent elements of proof" and "involving different questions of fact and law"). Third, Defendants cite a case where the litigant moved to amend for a second time "nearly three years after filing his first amended complaint," and he did so without "a proper motion" and by failing "to provide the court with a proposed complaint as local rules required." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018). In short, Defendants' cases are wholly inapposite, and they cannot argue that Plaintiffs' motion is anything but timely, appropriate, and unprejudicial.

## II. PLAINTIFFS' FIRST AMENDED COMPLAINT IS NOT FUTILE

Plaintiffs' claims against Ulrich for breach of contract/breach of the implied covenant of good faith and fair dealing are properly pled. Defendants continue to argue that Plaintiffs fail to allege facts to support the elements of a breach of contract claim–*i.e.*, (a) a contract; (b) performance under the contract; (c) breach of the contract; and (d) damages. *See Global Fitness Holdings, LLC v. Fed. Recovery Acceptance*, Inc., 127 F. Supp. 2d 1176, 1187 (D. Utah 2015). To be clear, however, as described in Plaintiffs' Opposition to Defendants' Motion to Dismiss, the initial Complaint and the First Amended Complaint are replete with supporting allegations for the elements of breach of contract/breach of good faith.[1] (Dkt. 30 at 5-11.)

---

[1] Plaintiffs refer the Court to its Opposition to Defendants' Motion to Dismiss (Dkt. 30), which sets out the well-pled contract allegations contained in its initial Complaint. Because Defendants repeat the same arguments raised in their Motion to Dismiss, Plaintiffs only intend to address new issues in this Reply.

Defendants argue the First Amended Complaint is futile because it fails "to allege the terms of a contract with sufficient specificity and definiteness to be enforceable." (Opp. at 6.) Further, Defendants argue the allegations "do not set forth each element of a claim for breach of contract or connect the alleged facts with the elements of the claim." (*Id.*)  Defendants are wrong.

"A proposed amendment is futile only where '*it is patently obvious* that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Prop. Sols. Int'l, Inc. v. Yardi Sys., Inc.*, No. 2:15CV102, 2016 WL 1411357, at *1 (D. Utah Apr. 8, 2016) (quoting *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (emphasis in original)).  "A futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *Clearone Commc'ns, Inc. v. Chiang*, No. CIV. 2:07CV00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).  Here, Defendants seek to turn notice pleading into an assessment of the merits, improperly disguising its Opposition as a summary judgment-like inquiry into factual issues related to the parties' contract.

Plaintiffs are only required to allege the elements of a breach of contract claim, which they have done in spades. *See Global Fitness Holdings, LLC* at 127 F. Supp. 2d 1176, 1187. First, Plaintiffs have alleged *a contract* between Alexander and Ulrich. (Am. Compl. ¶¶ 10-16, 39, 44.)  Second, Plaintiffs have alleged *actual performance* of that contract, which Defendants ignore entirely. (*Id.* ¶¶ 8, 10-20, 40, 45.)  Third, Plaintiffs have alleged *breach* of the contract. (*Id.* ¶¶ 21-29, 41, 46-49.)  Fourth, Plaintiffs have alleged *damages*. (*Id.* ¶¶ 24, 29, 31-37, 42, 50.)  In short, alleging facts sufficient to survive a motion to dismiss on a breach of contract claim is a simple matter. *See MBNA Am. Bank, N.A. v. Goodman*, 2006 UT App 276, ¶¶ 6-7,

4

140 P.3d 589 (concluding that the "trial court erred as a matter of law in dismissing" plaintiff's claim, where plaintiff simply "alleg[ed] that there [was] a contract, that [defendant] breached the contract by failing to make his credit card payments, and that there [were] damages").

Defendants argue the First Amended Complaint fails to allege Alexander's obligations under the Agreement "with sufficient definiteness to be understood or to be enforceable." (Opp. at 6.) But this is not a pleading standard for breach of contract and Defendants' cite no authority to suggest as much. Instead, definiteness is a fact-intensive contractual defense, *i.e.*, an argument suited for summary judgment. Defendants quibble with factual issues like the terms and performance of the parties' alleged contract, arguing without support that Plaintiffs were required to describe terms and conditions in its First Amended Complaint that go well beyond what a simple contract claim requires at the pleading stage. Contrary to Defendants' position, Plaintiffs allege specific contractual obligations, including that "Alexander agreed to fund Technology and the development of the new intellectual property and CRM Platform." (Am. Compl. ¶ 12.) Moreover, Plaintiffs allege Alexander's ***actual performance*** of his contractual and obligations, including:

- "To date, Alexander has funded Technology and its development of the new intellectual property, new code, new features, new functionality, new software technology, and CRM Platform by investing more than $2.4 million;"

- "To date, Feracode has completed multiple milestones that Plaintiffs have paid for with cash, cryptocurrency, and other resources, readying the CRM Platform for its Alpha deployment and testing phase;"

- "Technology has developed the CRM Platform at great expense—including with cash, cryptocurrencies, and other resources invested directly from Alexander;"

- "Ulrich has failed to account for substantial funds Alexander invested into Technology for the development of the new intellectual property and CRM Platform, including two wires in the amount of $100,000 and earnings provided from Alexander's other business interests in the amount of approximately more than $2.4 million;" and

5

- "Alexander has performed his material obligations under the Agreement."

(*Id.* ¶¶ 14, 17, 19, 22, 40.)[2]

Defendants cite cases regarding definiteness and contract enforceability that are inapposite and misleading. None of their cited cases concern rulings at the pleading stage; rather, they concern rulings only in the advanced stages of litigation. *See Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, ¶ 1, 989 P.2d 1077 (bench trial); *Prince, Yeates & Geldzahler v. Young*, 2004 UT 26, ¶ 1, 94 P.3d 179 (summary judgment); *Carter v. Sorenson*, 2004 UT 33, ¶ 11, 90 P.3d 637 (dismissing contract claim only after holding an evidentiary hearing of "*all the evidence on the matter*" (emphasis added)); *Richard Barton Enterprises, Inc. v. Tsern*, 928 P.2d 368, 373 (Utah 1996) (reviewing trial court's ruling after it had made findings of fact). In each instance, it is apparent the parties proceeded down the litigation path because the initial pleading standard was met regardless of whether the ultimate contractual terms—a decidedly merit-based, factual inquiry—were insufficient to enforce.

Though Defendants' arguments are not dispositive, Plaintiffs must nevertheless respond to Defendants' mischaracterizations. Defendants argue, inaccurately, that "there is no allegation about whether [Alexander] agreed to provide funding by cash investment, by loan of funds, by facilitating the extension of credit, by in-kind contributions, or by some other means." (Opp. at 7.) As noted above, Plaintiffs specifically allege Alexander invested in Technology and funded the development of the CRM Platform by using "cash, cryptocurrencies, and other resources." (Am. Compl. ¶ 17.) Moreover, Plaintiffs allege Alexander wired $100,000 in cash, ultimately investing approximately more than $2.4 million in Technology. (*Id.* ¶ 22.) Defendants argue,

---

[2] Defendants do not argue that Plaintiffs have failed to allege the elements of breach and damages.

6

unconvincingly, that Alexander "undertook no detriment by agreeing to fund Technology," which is belied by the hundreds of thousands he actually invested into Technology and its development of the CRM Platform.  (Opp. at 9; Am. Compl. ¶ 14.)

Defendants also argue that Plaintiffs "do not identify a benefit conferred upon Ulrich." (Opp. at 8.)  This is completely false.  Plaintiffs allege that "Alexander partnered with J.J. Ulrich" in forming Smash Technology, and together they

> intended to develop Technology into a CRM technology powerhouse by developing the sophisticated and superior CRM Platform that would outpace all competitors in the marketplace. Pursuant to their agreement, Alexander and Ulrich understood and agreed they would be equity partners in Technology and share in its ultimate proceeds and success, and they initially performed accordingly.

(Am. Compl. ¶¶ 10, 15.)  Further, upon completing the CRM Technology, Plaintiffs allege that "Technology would invest in hosting and server costs for the CRM Platform and other necessary operating when ready to deploy the Alpha testing phase in order to become partially operational."  (*Id.* ¶ 16.)  Plaintiffs allege that Technology entered into a Master Services Agreement with Feracode, "whereby Feracode agreed to develop the new intellectual property, new software technology, and CRM Platform for Technology in exchange for $1.7 million."  (*Id.* ¶ 17.)  Plaintiffs allege that Technology intended "to develop more sophisticated and superior CRM technology that was viable to market and was sustainable and scalable, including the use of current updated language and superior software code, among other things."  (*Id.* ¶ 18.)  Given this significant and shared enterprise, Ulrich would benefit with Alexander financially as a partner in Technology's development of the CRM Platform, "sharing in its ultimate proceeds and success," which is why he "initially performed accordingly."  (*Id.* ¶ 15.)  Thus, Defendants' feigned argument about lack of consideration is both disingenuous and without merit.

## CONCLUSION

None of the reasons that amended pleadings are denied exist in this case. As demonstrated above and its Opposition to Defendants' Motion to Dismiss, Plaintiffs have properly pled its breach of contract/breach of good faith claims. Moreover, Plaintiffs motion for leave to amend is timely and Defendants do not argue any undue prejudice. Therefore, the Court should grant this motion and allow Plaintiffs leave to file their First Amended Complaint.

DATED this 16th day of July, 2019.

                            HOLLAND & HART LLP


                            /s/  Darren G. Reid
                            Darren G. Reid
                            Brandon T. Christensen
                            *Attorneys for Plaintiffs*