Heidi G. Goebel (10343)
Eric K. Jenkins, (10783)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, UT  84111
Telephone:  801-441-9393
HGoebel@GAPClaw.com
EJenkins@GAPClaw.com

*Attorneys for Defendant Feracode, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company, and FERACODE, LLC, a Utah limited liability company;<br><br>Feracodes. | **ANSWER OF FERACODE, LLC**<br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tina Campbell |

Feracode Feracode, LLC ("Feracode"), by and through counsel, hereby responds to Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the Complaint, Feracode admits, denies, and alleges as follows:

## PARTIES

1. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 2 and therefore denies the same.

3. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 3 and therefore denies the same.

4. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 4 and therefore denies the same.

5. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 5 and therefore denies the same.

6. Feracode admits the allegations contained in paragraph 6.

## JURISDICTION & VENUE

7. The allegations contained in paragraph 7 are statements of law to which no response is required. To the extent that a response may be required, Feracode does not dispute jurisdiction or venue at this time but reserves the right to do so at any point in the future.

## GENERAL ALLEGATIONS

8. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 8 and therefore denies the same.

9. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 9 and therefore denies the same.

**THE FORMATION OF SMASH TECHNOLOGY (TECHNOLOGY)**

10. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 10 and therefore denies the same.

11. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 11 and therefore denies the same.

12. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 12 and therefore denies the same.

13. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 13 and therefore denies the same.

14. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 14 and therefore denies the same.

15. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 15 and therefore denies the same.

16. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 16 and therefore denies the same.

**THE FERACODE AGREEMENT**

17. Feracode admits that it entered into a Master Services Agreement with Technology in March of 2018. Responding to Plaintiffs' allegations regarding the contents of this Agreement, Feracode admits that it was hired to develop a CRM Platform. Regarding the details of this Agreement, Feracode admits that Plaintiffs' description of the Agreement is generally correct, but Feracode states that the Agreement speaks for itself. Feracode denies any allegations regarding the Agreement contained in paragraph 17 that are not expressly contained in the Agreement. Feracode

lacks sufficient knowledge or belief to admit or deny whether Plaintiffs have contributed any resources to pay for development of the CRM platform and how any such contributions were made. As such, Feracode denies any of Plaintiffs' allegations regarding payments it made to Feracode or for development of the CRM platform.

18. Defendant admits that Solutions was involved in the development of CRM technology prior to Technology's involvement. Defendant denies all other allegations contained in paragraph 18.

19. Feracode denies that Technology has "developed" the CRM platform. Feracode lacks sufficient knowledge or belief to admit or deny whether Plaintiffs have contributed any resources to pay for development of the CRM platform and how any such contributions were made. As such, Feracode denies any of Plaintiffs' allegations regarding payments it made to Feracode or for development of the CRM platform.

20. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 20 and therefore denies the same.

**ULRICH'S FINANICAL MISCONDUCT**

21. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 21 and therefore denies the same.

22. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 22 and therefore denies the same.

23. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 23 and therefore denies the same.

24. Feracode denies that it has enriched itself to the detriment of Plaintiffs. Feracode lacks sufficient knowledge or belief to admit or deny the other allegations contained in paragraph 24 and therefore denies the same.

### INNOVATIONS: FERACODES' MISAPPROPRIATION AND DECEIT

25. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Feracode denies that it has worked to circumvent any contractual obligations to Technology or to divert the CRM platform and related intellectual property to Solutions and/or Innovations. Feracode lacks sufficient knowledge or belief to admit or deny the other allegations contained in paragraph 26 and therefore denies the same.

27. Feracode lacks sufficient knowledge or belief to admit or deny the other allegations contained in paragraph 27 and therefore denies the same.

28. Feracode lacks sufficient knowledge or belief to admit or deny the other allegations contained in paragraph 28 and therefore denies the same.

29. Feracode denies the allegations contained in paragraph 29.

### FIRST CAUSE OF ACTION
**(Injunctive Relief – All Feracodes)**

30. In response to Plaintiffs' paragraph 30, Feracode reassert its responses to all other paragraphs as if fully set forth herein.

31. Feracode denies the allegations contained in paragraph 31.

32. Feracode denies the allegations contained in paragraph 32.

33. Feracode denies the allegations contained in paragraph 33.

34. Feracode denies the allegations contained in paragraph 34.

35. Feracode denies the allegations contained in paragraph 35.

36. Feracode denies the allegations contained in paragraph 36.

37. Feracode denies the allegations contained in paragraph 37.

## SECOND CAUSE OF ACTION
### (Breach of Contract - Ulrich)

38. In response to Plaintiff's paragraph 38, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

39. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

40. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

41. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

42. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

## THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing – Ulrich)

43. In response to Plaintiff's paragraph 43, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

44. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

45. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

46. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

47. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

48. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

49. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

50. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment – All Feracodes)

51. In response to Plaintiff's paragraph 51, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

52. Feracode denies the allegations contained in paragraph 52.

53. Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 53 and therefore denies the same.

54. Feracode denies the allegations contained in paragraph 54.

55. Feracode denies the allegations contained in paragraph 55.

56. Feracode denies the allegations contained in paragraph 56.

## FIFTH CAUSE OF ACTION
### (Intentional Interference with Economic Relations – Ulrich, Solutions, and Innovations)

57. In response to Plaintiff's paragraph 57, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

58. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

59. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

60. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

61. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

62. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

63. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

### SIXTH CAUSE OF ACTION
**(False Advertising and False Designation of Origin 15 U.S.C. § 1125(a)(1)(B) – Ulrich, and Innovations)**

64. In response to Plaintiff's paragraph 64, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

65. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

66. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

67. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

68.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

69.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

70.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

71.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition 15 U.S.C. § 1125(a)(1)(A) – Ulrich and Innovations)**

72.     In response to Plaintiff's paragraph 72, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

73.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

74.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

75. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

76. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

## EIGHTH CAUSE OF ACTION
### (Deceptive Trade Practices Utah Code Ann. § 13-11a-3(1)(b), (c) and (e) – Ulrich and Innovations)

77. In response to Plaintiff's paragraph 77, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

78. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

79. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

80. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

81. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

82.     The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

### NINTH CAUSE OF ACTION
### (Declaratory Judgment – All Feracodes)

83.     In response to Plaintiff's paragraph 83, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

84.     Feracode admits that it entered into a development contract with Technology in March of 2018. Feracode lacks sufficient knowledge or belief to admit or deny the other allegations contained in paragraph 84 and therefore denies the same.

85.     Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 85 and therefore denies the same.

86.     Feracode lacks sufficient knowledge or belief to admit or deny the allegations contained in paragraph 86 and therefore denies the same.

87.     Feracode admits that it entered into a development contract with Technology in March of 2018. Feracode lacks sufficient knowledge or belief to admit or deny the other allegations contained in paragraph 87 and therefore denies the same.

88.     Feracode denies Technology is entitled to the relief requested in paragraph 88.

### TENTH CAUSE OF ACTION
### (Equitable Accounting – Ulrich)

89.     In response to Plaintiff's paragraph 89, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

90. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

91. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

92. The allegations related to this cause of action are not directed at Feracode. As such, no response is required. To the extent that a response may be required, Feracode lacks sufficient knowledge or belief to admit or deny the allegations and therefore denies the same.

## ELEVENTH CAUSE OF ACTION
**(Conversion – All Feracodes)**

93. In response to Plaintiff's paragraph 93, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

94. Feracode denies the allegations contained in paragraph 94.

95. Feracode denies the allegations contained in paragraph 95.

96. Feracode denies the allegations contained in paragraph 96.

97. Feracode denies the allegations contained in paragraph 97.

## TWELFTH CAUSE OF ACTION
**(Misappropriation of Trade Secrets – All Feracodes)**

98. In response to Plaintiff's paragraph 98, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

99. Feracode denies that it had access to Technology's confidential and proprietary information or that such information met the definition of protectable trade secrets under Utah Code Ann. § 13-14-2 or common law.

100. Feracode denies the allegations contained in paragraph 100.

101. Feracode denies the allegations contained in paragraph 101.

102. Feracode denies the allegations contained in paragraph 102.

103. Feracode denies the allegations contained in paragraph 103.

104. Feracode denies the allegations contained in paragraph 104.

105. Feracode denies the allegations contained in paragraph 105.

106. Feracode denies the allegations contained in paragraph 106.

## THIRTEENTH CAUSE OF ACTION
**(Breach of Contract - Feracode)**

107. In response to Plaintiff's paragraph 107, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

108. Feracode admits that it entered into a Master Services Agreement with Technology in March of 2018. Responding to Plaintiffs' allegations regarding the contents of this Agreement, Feracode admits that it was hired to develop a CRM Platform. Feracode admits that Plaintiffs' description of the Agreement is generally correct, but states that the Agreement speaks for itself. Feracode denies any allegations regarding the Agreement contained in paragraph 108 that are not expressly contained in the Agreement. Feracode admits that it has completed multiple milestones contained in the Agreement. Feracode lacks sufficient knowledge or belief to admit or deny whether Plaintiffs have contributed any resources to pay for development of the CRM platform.

109. Feracode denies the allegation contained in paragraph 109.

110. Feracode denies the allegations contained in paragraph 110.

111. Feracode denies the allegations contained in paragraph 111.

## FOURTEENTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing - Feracode)

112. In response to Plaintiff's paragraph 112, Feracode reasserts its responses to all other paragraphs as if fully set forth herein.

113. Feracode with without sufficient knowledge or belief regarding Technology's expectations to admit or deny the allegations contained in paragraph 113, and therefore denies the same.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent that a response may be required, Feracode denies.

115. Feracode denies the allegations contained in paragraph 115.

116. Feracode denies the allegations contained in paragraph 116.

117. Feracode denies the allegations contained in paragraph 117.

118. Feracode denies the allegations contained in paragraph 118.

119. Feracode denies the allegations contained in paragraph 119.

120. Feracode denies all allegations contained in Plaintiffs' Complaint not expressly admitted above.

## THIRD DEFENSE

Plaintiffs seek injunctive relief which is not enforceable against Feracode.

## FOURTH DEFENSE

Plaintiffs' claim for conversion fails to state a claim for relief or establish the required elements of the claim under Utah law: "A conversion is an act of willful interference with a chattel,

done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Allred v. Hinkley*, 328 P.2d 726, 728 (Utah 1958).

### FIFTH DEFENSE

Plaintiffs' claims, in whole or in part, are derivative claims, and Plaintiffs have not complied with the threshold procedural requirements to assert a derivative claim. *See* UTAH CODE ANN. §48-3a-802; *see also* Fed. R. Civ. P. 23.1.

### SIXTH DEFENSE

To the extent that Plaintiffs have failed to mitigate their damages, their claims are barred.

### SEVENTH DEFENSE

Plaintiffs' damages are speculative.

### EIGHTH DEFENSE

Plaintiffs lack standing to assert some or all of the claims in this action.

### NINTH DEFENSE

Plaintiff Michael Alexander has not established a prima facie claim for relief under any of the causes of action because he has not personally suffered any damages.

### TENTH DEFENSE

Plaintiffs' claims for relief are barred in whole or in part by the statute of frauds.

### ELEVENTH DEFENSE

Plaintiffs' claims for breach of contract are not supported by any signed agreement or other written documents.

## TWELFTH DEFENSE

Plaintiffs materially breached the contract prior to any breach by Feracode and deprived Feracode of the benefit of the contract.

## THIRTEENTH DEFENSE

Plaintiffs' claims for equitable relief are barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Feracode terminated any contracts with Plaintiffs for cause.

## FIFTEENTH DEFENSE

The allegations in Plaintiffs' complaint are too vague and unintelligible to provide adequate notice of the nature of claims. Furthermore, Plaintiffs' claims are internally inconsistent, such that Feracode cannot reasonably understand the nature of the claims in order to answer the allegations.

## SIXTEENTH DEFENSE

To the extent Plaintiffs' complaint is based on allegations of fraud or fraudulent conduct, the allegations do not contain enough specificity to meet the requirements of Rule 9 of the Federal Rules of Civil Procedure.

## SEVENTEETH DEFENSE

To the extent Plaintiffs request injunctive relief, Plaintiffs have not established irreparable harm to warrant an award of injunctive relief.

**EIGHTEENTH DEFENSE**

To the extent Feracode proves the allegations in the complaint are false, Feracode is entitled to attorney fees and costs incurred in proving the allegations were not adequately investigated and false.

**NINTEENTH DEFENSE**

Plaintiffs' damages are caused in whole or in part by the conduct of others over whom Feracode has no right of control or for whom Feracode is not vicariously liable.

**TWENTIETH DEFENSE**

Plaintiffs failed to respond to Feracode's notice of cancellation of the contract in a reasonable period of time and therefore waived any claims of breach of contract.

**TWENTY-FIRST DEFENSE**

Feracode is only liable for that portion of fault for Plaintiffs' alleged damages that is apportioned to Feracode. Feracode intends to apportion fault to any parties and non-parties that may have caused damages to Plaintiffs, including Plaintiffs themselves, Smash Solutions, Jerry Ulrich, Smash Innovations, and any individuals or corporations identified by these parties.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims may be barred by one or more of the following affirmative defenses: accord and satisfaction, discharge in bankruptcy, duress, failure of consideration, fraud, lack of capacity, release, statute of frauds, waiver, estoppel, laches, lack of privity, justification, excuse and/or privilege. Feracode reserves the right to raise additional defenses if and when the facts disclosed during discovery provide a good faith basis for doing so, and adopts those defenses as though set forth fully herein.

WHEREFORE, having fully answered Plaintiffs' Complaint, Feracode Feracode denies liability for Plaintiffs' allegations, respectfully requests that such allegations be dismissed with prejudice, and requests such other relief and the Court deems appropriate.

DATED this 19th day of September, 2019.

                                        GOEBEL ANDERSON PC

                                        */s/ Eric K. Jenkins*
                                        Heidi G. Goebel
                                        Eric K. Jenkins
                                        *Attorneys for Defendant Feracode, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2019, the foregoing **ANSWER OF FERACODE, LLC** was served on the following:

    Darren G. Reid
    Brandon T. Christensen
    HOLLAND & HART LLP
    222 South Main Street, Suite 2200
    Salt Lake City, UT  84101
    dgreid@hollandhart.com
    btchristensen@hollandandhart.com

    Matthew C. Barneck
    Zachary E. Peterson
    Kristina H. Ruedas
    RICHARDS BRANDT MILLER NELSON
    Wells Fargo Center, 15th Floor
    299 South Main Street
    P.O. Box 2465
    Salt Lake City, UT  84110-2465
    Matthew-barneck@rbmn.com
    Zachary-peterson@rbmn.com
    Kristina-ruedas@rbmn.com

    */s/ Karen Harwood*