MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Defendants*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
        zachary-peterson@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company,<br><br>Defendants. | **SMASH INNOVATIONS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br><br>Civil No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |

Defendant Smash Innovations, LLC ("**Innovations**"), through its counsel of record

Matthew C. Barneck, Zachary E. Peterson, and Kristina H. Ruedas of the law firm RICHARDS

BRANDT MILLER NELSON, hereby Answer the Plaintiffs' First Amended Complaint as described below, and allege as follows:

## ANSWER

Innovations responds to the individually numbered paragraphs of the First Amended Complaint as follows:

## PARTIES

1. Admit.

2. Admit upon information and belief.

3. Admit.

4. Admit.

5. Admit.

6. Admit upon information and belief.

## JURISDICTION AND VENUE

7. Admit.

## GENERAL ALLEGATIONS

8. Deny.

9. Admit.

**(The Formation of Smash Technology (Technology))**

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

### (The Feracode Agreement)

17. The agreement between Smash Technology, LLC ("**Technology**") and Feracode, LLC ("**Feracode**") speaks for itself. Deny all remaining allegations.

18. Deny.

19. Deny.

20. Deny for lack of knowledge, information, and belief.

### (Ulrich's Financial Misconduct)

21. Deny.

22. Deny.

23. Deny.

24. Deny.

### (Innovations: Ulrich's Misappropriations and Deceit)

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

## FIRST CAUSE OF ACTION
### (Injunctive Relief)

30. Innovations reasserts the responses set forth in paragraphs 1 through 29 and hereby incorporates them by reference.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

## SECOND CAUSE OF ACTION
### (Breach of Contract—Ulrich)

38. Innovations reasserts the responses set forth in paragraphs 1 through 37 and hereby incorporates them by reference.

39. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

40. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

41. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

42. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

### THIRD CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing—Ulrich)**

43. Innovations reasserts the responses set forth in paragraphs 1 through 42 and hereby incorporates them by reference.

44. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

45. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

46. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

47. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

48. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

49. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

50. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment – All Defendants)

51. Innovations reasserts the responses set forth in paragraphs 1 through 50 and hereby incorporates them by reference.

52. Deny.

53. Deny.

54. Deny.

55. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

56. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

### FIFTH CAUSE OF ACTION
### (Intentional Interference with Economic Relations—Ulrich, Solutions, and Innovations)

57. Innovations reasserts the responses set forth in paragraphs 1 through 56 and hereby incorporates them by reference.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

63. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

## SIXTH CAUSE OF ACTION
### (False Advertising and False Designation of Origin 15 U.S.C. § 1125(a)(1)(B)—Ulrich and Innovations)

64. Innovations reasserts the responses set forth in paragraphs 1 through 63 and hereby incorporates them by reference.

65. Deny.

66. Deny.

67. Deny.

68. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

69. Deny.

70. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

71. Deny.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition 15 U.S.C. § 1125(a)(1)(A)—Ulrich and Innovations)

72. Innovations reasserts the responses set forth in paragraphs 1 through 71 and hereby incorporates them by reference.

73. Deny.

74. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

75. Deny.

76. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

### EIGHTH CAUSE OF ACTION
### (Deceptive Trade Practices Utah Code Ann. § 13-11a-3(1)(b), (c) and (e)—
### Ulrich and Innovations)

77. Innovations reasserts the responses set forth in paragraphs 1 through 76 and hereby incorporates them by reference.

78. Deny.

79. Deny.

80. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

81. Deny.

82. Deny.

### NINTH CAUSE OF ACTION
### (Declaratory Judgment – All Defendants)

83. Innovations reasserts the responses set forth in paragraphs 1 through 82 and hereby incorporates them by reference.

84. Deny.

85. Admit.

86. Deny.

87. Deny.

88. Deny.

## TENTH CAUSE OF ACTION
### (Equitable Accounting – Ulrich)

89. Innovations reasserts the responses set forth in paragraphs 1 through 88 and hereby incorporates them by reference.

90. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

91. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

92. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

## ELEVENTH CAUSE OF ACTION
### (Conversion – All Defendants)

93. Innovations reasserts the responses set forth in paragraphs 1 through 92 and hereby incorporates them by reference.

94. Deny.

95. Deny.

96. Deny.

97. This paragraph states a legal conclusion to which no response is required. If a response is required, deny.

## TWELFTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets – All Defendants)

98. Innovations reasserts the responses set forth in paragraphs 1 through 97 and hereby incorporates them by reference.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

## THIRTEENTH CAUSE OF ACTION
### (Breach of Contract – Feracode)

107. Innovations reasserts the responses set forth in paragraphs 1 through 106 and hereby incorporates them by reference.

108. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

109. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

110. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

111. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

## FOURTEENTH CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing – Feracode)**

112. Innovations reasserts the responses set forth in paragraphs 1 through 111 and hereby incorporates them by reference.

113. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

114. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

115. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

116. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

117. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

118. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. If a response is required, deny.

119. The allegations in this paragraph are not directed at Innovations. Therefore, no response from Innovations is required. Furthermore, this paragraph states a legal conclusion to which no response is required. If a response is required, deny.

### First Affirmative Defense

Plaintiffs' claim for unjust enrichment fails to state a claim for relief or establish the required elements under Utah law, which are: "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Jeffs v. Stubbs,* 970 P.2d 1234, 1248 (Utah 1998).

### Second Affirmative Defense

Plaintiffs seek injunctive relief which is not enforceable against Innovations and also seek further information which is not in Innovations' custody or control.

### Third Affirmative Defense

Plaintiffs' claim for conversion fails to state a claim for relief or establish the required elements of the claim under Utah law, which are: "A conversion is an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession." *Allred v. Hinkley*, 328 P.2d 726, 728 (Utah 1958).

### Fourth Affirmative Defense

Plaintiffs' claims, in whole or in part, are derivative claims, and plaintiffs have not complied with the threshold procedural requirements to assert a derivative claim. *See* DEL. CODE ANN. §18-1001, *et seq.*; UTAH CODE ANN. §48-3a-802; FED. R. CIV. P. 23.1.

### Fifth Affirmative Defense

Plaintiffs' claim for ownership of the intellectual property would deprive third party investors of rights, and plaintiffs' First Amended Complaint fails to identify, acknowledge, or join these third parties who are required and indispensable parties to the requested relief.

### Sixth Affirmative Defense

Plaintiffs lack standing to assert some or all of the claims alleged in this action.

### Seventh Affirmative Defense

Plaintiff Michael Alexander has not established a prima facie claim for relief under any of the causes of action because he has not personally suffered any damages.

### Eighth Affirmative Defense

Plaintiffs' claims for breach of contract are not supported by any signed agreement or other written instrument.

### Ninth Affirmative Defense

Plaintiffs' claims for relief are barred in whole or in part by the statute of frauds.

### Tenth Affirmative Defense

Plaintiffs' claims for equitable relief are barred in whole or in part by the doctrine of unclean hands.

### Eleventh Affirmative Defense

The allegations in plaintiffs' First Amended Complaint are too vague and unintelligible to provide adequate notice of the nature of claims.  Furthermore, plaintiffs' claims are internally inconsistent, such that defendants cannot reasonably understand the nature of the claims in order to answer the allegations.

### Twelfth Affirmative Defense

To the extent plaintiffs' First Amended Complaint is based on allegations of fraud or fraudulent conduct, the allegations do not contain enough specificity to meet the requirements of Rule 9 of the Federal Rules of Civil Procedure.

### Thirteenth Affirmative Defense

To the extent plaintiffs request injunctive relief, plaintiffs have not established irreparable harm or other elements necessary for an award of injunctive relief.

### Fourteenth Affirmative Defense

Plaintiffs have not adequately investigated the asserted claims, and plaintiffs do not have documents to support the allegations in the First Amended Complaint.

### Fifteenth Affirmative Defense

Plaintiffs cannot satisfy the writing requirement under the Lanham Act and interpreting case law, which requires that an assignment of rights relating to a trademark "shall be by instruments in writing duly executed."  15 U.S.C. §1060(3).

### Sixteenth Affirmative Defense

To the extent Innovations proves the allegations in the First Amended Complaint are false, Innovations is entitled to attorney fees and costs incurred in proving the allegations were not adequately investigated and false.

### Seventeenth Affirmative Defense

Plaintiffs' claim of ownership may be barred by existing copyrights, trademarks, or patents.

### Eighteenth Affirmative Defense

Plaintiffs' damages may be caused in whole or in part by the conduct of P. Sterling Kerr, and Innovations reserves the right to seek the apportionment of fault against Mr. Kerr at trial as supporting facts are discovered.

### Nineteenth Affirmative Defense

Plaintiffs' damages are caused in whole or in part by the conduct of others over whom Innovations has no right of control or for whom defendants are not vicariously liable.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Innovations denies liability for Plaintiffs' allegations, seeks dismissal of the claims against it, and requests such other and further relief as the Court deems appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Innovations prays for judgment against Technology and Alexander as follows:

A.   For judgment in its favor and against Plaintiffs Technology and Alexander on all claims asserted in the First Amended Complaint;

B.   For an award of attorneys incurred; and

C.   For such other and further relief as the Court deems just and proper.

DATED this 19th day of September, 2019.

RICHARDS BRANDT MILLER NELSON

*/s/ Matthew C. Barneck*
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Smash Solutions, LLC, Jerry J. Ulrich, and Smash Innovations, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of September, 2019, I electronically filed the foregoing **SMASH INNOVATIONS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Darren G. Reid
>Brandon T. Christensen
>Holland & Hart LLP
>222 South Main Street, Suite 2200
>Salt Lake City, UT 84101
>dgreid@hollandhart.com
>btchristensen@hollandhart.com
>*Attorneys for Plaintiffs*

>*/s/ Matthew C. Barneck*

G:\EDSI\DOCS\21981\0002\19M0087.DOC