Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>     Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>     Defendants. | **PLAINTIFFS' ANSWER TO JERRY "J.J." ULRICH'S COUNTERCLAIM**<br><br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>     Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>     Counterclaim Defendants. | |

Plaintiffs Smash Technology, LLC and Michael Alexander ("Plaintiffs"), by and through their counsel of record, hereby submit their Answer to Counterclaim ("Counterclaim") filed by Defendant Jerry "J.J." Ulrich ("Defendant") and hereby states as follows:

## PARTIES

1. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 1 of the Counterclaim.

2. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 2 of the Counterclaim.

3. Plaintiffs admit the allegations contained in Paragraph 3 of the Counterclaim.

4. Plaintiffs admit that Mr. Alexander is a resident of Las Vegas and Bali.

## JURISDICTION AND VENUE

5. Plaintiffs admit that this Court has subject matter jurisdiction over this action.

6. Plaintiffs admit that this Court has personal jurisdiction over the parties.

7. Plaintiffs admit that venue is proper in this Court.

## GENERAL ALLEGATIONS

**A.    The Intellectual Property and the Software.**

8. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 8 of the Counterclaim.

9. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 9 of the Counterclaim.

10. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 10 of the Counterclaim.

11. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 11 of the Counterclaim.

12. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 12 of the Counterclaim.

13. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 13 of the Counterclaim.

14. Plaintiffs lack sufficient information or belief to either admit or deny the allegations and therefore deny the allegations contained in Paragraph 14 of the Counterclaim.

**B.    Alexander's Business Dealings with Smash Solutions, LLC.**

15. Plaintiffs deny the allegations contained in Paragraph 15of the Counterclaim.

16. Plaintiffs deny the allegations contained in Paragraph 16 of the Counterclaim.

17. Plaintiffs admit that Mr. Alexander signed a reseller agreement, but deny all other characterizations or implications contained in Paragraph 17 of the Counterclaim.

18. Plaintiffs deny the allegations contained in Paragraph 18 of the Counterclaim.

19. Plaintiffs deny the allegations contained in Paragraph 19 of the Counterclaim.

20. Plaintiffs deny the allegations contained in Paragraph 20 of the Counterclaim.

**C.    Feracode, LLC.**

21. Plaintiffs deny the allegations contained in Paragraph 21 of the Counterclaim.

22. Plaintiffs deny the allegations contained in Paragraph 22 of the Counterclaim.

23. Plaintiffs deny the allegations contained in Paragraph 23 of the Counterclaim.

**D.    Further discussions with Alexander; Smash Technology, LLC.**

24. Plaintiffs deny the allegations contained in Paragraph 24 of the Counterclaim.

25. Plaintiffs deny the allegations contained in Paragraph 25 of the Counterclaim, including discrete subparts (a)-(e).

26. Plaintiffs deny the allegations contained in Paragraph 26 of the Counterclaim.

27. Plaintiffs deny the allegations contained in the Paragraph 27 of the Counterclaim.

28. Plaintiffs admit Technology and Feracode entered into an agreement.

29. Plaintiffs deny the allegations contained in Paragraph 29 of the Counterclaim.

30. Plaintiffs deny the allegations contained in Paragraph 30 of the Counterclaim.

31. Plaintiffs deny the allegations contained in Paragraph 31 of the Counterclaim.

32. Plaintiffs deny the allegations contained in Paragraph 32 of the Counterclaim.

E. **Alexander Fails to Provide Funding; Ulrich and Solutions Make Feracode Payments.**

33. Plaintiffs deny the allegations contained in Paragraph 33 of the Counterclaim.

34. Plaintiffs deny the allegations contained in Paragraph 34 of the Counterclaim.

35. Plaintiffs deny the allegations contained in Paragraph 35 of the Counterclaim.

36. Plaintiffs deny the allegations contained in Paragraph 36 of the Counterclaim.

37. Plaintiffs deny the allegations contained in Paragraph 37 of the Counterclaim.

38. Plaintiffs deny the allegations contained in Paragraph 38 of the Counterclaim.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

39. Plaintiffs deny the allegations contained in Paragraph 39 of the Counterclaim.

40. Plaintiffs deny the allegations contained in Paragraph 40 of the Counterclaim.

41. Plaintiffs deny the allegations contained in Paragraph 41 of the Counterclaim.

42. Plaintiffs deny the allegations contained in Paragraph 42 of the Counterclaim.

43. Plaintiffs deny the allegations contained in Paragraph 43 of the Counterclaim.

44. Plaintiffs deny the allegations contained in Paragraph 44 of the Counterclaim.

45. Plaintiffs deny the allegations contained in Paragraph 45 of the Counterclaim.

46. Plaintiffs deny the allegations contained in Paragraph 46 of the Counterclaim.

47. Plaintiffs deny the allegations contained in Paragraph 47 of the Counterclaim.

48. Plaintiffs deny the allegations contained in Paragraph 48 of the Counterclaim.

## SECOND CAUSE OF ACTION
### (Intentional Interference with Economic Relations)

49. Plaintiffs deny the allegations contained in Paragraph 49 of the Counterclaim.

50. Plaintiffs deny the allegations contained in Paragraph 50 of the Counterclaim.

51. Plaintiffs deny the allegations contained in Paragraph 52 of the Counterclaim.

52. Plaintiffs deny the allegations contained in Paragraph 52 of the Counterclaim.

53. Plaintiffs deny the allegations contained in Paragraph 53 of the Counterclaim.

54. Plaintiffs deny the allegations contained in Paragraph 54 of the Counterclaim.

## AFFIRMATIVE DEFENSES

By alleging the following affirmative defenses, Plaintiffs do not agree or concede that it bears the burden of proof of persuasion on any of the following, in whole or in part.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendant has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Additional Defenses)

Plaintiffs allege that facts may come to light supporting additional affirmative defenses and Plaintiffs expressly reserve the right to raise such other and additional affirmative defenses based on investigation and discovery in this matter.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel and/or Waiver)

Defendant has waived or are otherwise estopped from making the claims asserted in their Counterclaim.

## FOURTH AFFIRMATIVE DEFENSE
### (Claims Barred)

Defendant's claims are barred by the doctrines of ratification, laches, acquiescence, accord and satisfaction, and/or acceptance of contract benefits.

## FIFTH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

Defendant's claims are barred by the doctrines of frustration of purpose and impossibility.

## SIXTH AFFIRMATIVE DEFENSE
### (Hinderance of Contract)

Plaintiffs allege as a separate affirmative defense, the defense of hinderance of contract.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exercise Care)

Defendant failed to exercise ordinary care, caution or prudence in conducting their affairs relating to the incidents set forth in the complaint and Defendant's damages, if any, were caused or contributed to by Defendant himself.

### EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Defendant's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Defendant has failed to mitigate their damages, if any, thereby reducing or eliminating all damages claimed by Defendant.

### TENTH AFFIRMATIVE DEFENSE
(Acts of Other Persons)

Defendant's damages, if any, were caused by the act or acts of other persons or entities over whom Plaintiffs had no control and for whom Plaintiff is in no way liable or responsible. Plaintiffs are therefore liable, if at all, for only that percentage of fault attributable to Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE
(Failure of Performance)

Plaintiffs allege that Defendant's claims fail because they are barred under the relevant contractual language and because of Defendant's prior breaches of the relevant contractual language.

### TWELVTH AFFIRMATIVE DEFENSE
(Failure of Proximate Cause)

Plaintiffs allege that Defendant's claims are barred to the extent that the alleged conduct of Plaintiffs is not the cause in fact or the proximate cause of the losses, injuries and/or damages alleged in the Counterclaim, and there are other intervening and/or superseding causes for Defendant's alleged losses, injuries, and/or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Merger)

Some or all of Defendant's claims are barred under the doctrine of merger as any statements or representations made prior to the execution of the parties' agreement were merged into the Agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

Defendant's claims fail because Defendant is preventing Plaintiffs from meeting its obligations under the agreement.

### FIFTHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant's claims fail because Plaintiffs' actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate, and necessary. Conduct alleged to be in violation of a statute, if any such conduct occurred, was unintentional, and occurred, if at all, despite Plaintiffs' reasonable and appropriate efforts to avoid any such violations.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Equities)

Plaintiffs have appropriately, completely and fully performed and discharged any and all of their respective obligations and legal duties arising out of the matters alleged in the Counterclaim and any recovery by Defendant would be unjust and inequitable under these circumstances and, therefore, barred by the doctrine on "preponderance of the equities."

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court dismiss Defendant's Counterclaim with prejudice, that Defendant take nothing by his suit, that all relief requested by Defendant in this action be denied, that Plaintiffs recover all costs of court and attorneys' fees

9

incurred herein, and that Plaintiffs receive such other and further relief, general and special, legal and equitable, to which they may be entitled.

DATED this 7th day of October, 2019.

HOLLAND & HART, LLP

/s/ Darren G. Reid
Darren G. Reid
Brandon T. Christensen
*Attorneys for Plaintiff*

13638933_v1