Andrew G. Deiss (7184)
Wesley D. Felix (6539)
Corey D. Riley (16935)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
Tel: (801) 433–0226
Fax: (801) 386-9894
adeiss@deisslaw.com
wfelix@deisslaw.com
criley@deisslaw.com
*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>       Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; FERACODE, LLC, a Utah limited liability company;<br><br>       Defendants. | **SECOND AMENDED SCHEDULING ORDER**<br><br>Case No. 2:19-cv-00105<br><br>Judge Tena Campbell<br>Magistrate Judge Paul M. Warner |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; and JERRY "J.J." ULRICH, an individual;<br><br>       Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual,<br><br>       Counterclaim Defendants. | |

Before the court is the parties' Stipulated Motion to Extend Discovery Deadlines and Amend Scheduling Order ("Motion"). Based on the parties' stipulation, and for good cause shown, the court hereby GRANTS the Motion and ORDERS the dates in the Scheduling Order to be amended and scheduled as set forth below. The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

| 1. | | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|---|
| | | Nature of claims and any affirmative defenses:<br><br>*Plaintiffs' claims against Defendants are as follows: (1) injunctive relief, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) unjust enrichment, (5) intentional interference with economic relations, (6) false advertising and false designation of origin, (7) unfair competition, (8) deceptive trade practices, (9) declaratory judgment, (10) equitable accounting, (11) conversion, and (12) misappropriation of trade secrets.*<br><br>*All of the Defendants have asserted applicable defenses and affirmative defenses, and certain of the Defendants have alleged counterclaims against the Plaintiffs, including claims for (1) declaratory judgment, (2) injunctive relief, (3) trademark infringement, (4) false designation of origin, (5) false advertising, (6) false association, (7) unfair competition, and (8) interference.* | |
| | a. | Date the Rule 26(f)(1) conference was held? | *3/25/19* |
| | b. | Have the parties submitted the Attorney Planning Meeting Report? | *3/25/19* |
| | c. | Deadline for 26(a)(1) initial disclosures | *5/3/19* |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum number of depositions by Plaintiff(s): | *15* |

|  | | |
|---|---|---|
| | b.  Maximum number of depositions by Defendant(s): | _15_ |
| | c.  Maximum number of hours for each deposition (unless extended by agreement of parties): | _7_ |
| | d.  Maximum interrogatories by any party to any party: | _25_ |
| | e.  Maximum requests for admission by any party to any party: | _25_ |
| | f.  Maximum requests for production by any party to any party: | _50_ |
| | g.  The parties shall handle discovery of electronically stored information as follows: *The parties do not anticipate any unusual circumstances regarding electronically stored information that would necessitate a special provision. All electronically stored information will be produced via file share service, DropBox, flash drive, or other similar facility. The Standard Protective Order adopted by DUCivR 26-2 will apply to the exchange of electronically stored information.* | |
| | h.  The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).* | |
| | i.  Last day to serve written discovery: | _3/12/20_ |
| | j.  Close of fact discovery: | _4/24/20_ |
| | k.  *(optional)* Final date for supplementation of disclosures and discovery under Rule 26(e): | _4/24/20_ |
| | | |
| **4.** | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
| | **Disclosures (subject and identify of experts)** | |
| | a.  Party(ies) bearing burden of proof: | _5/6/20_ |
| | b.  Counter disclosures: | _5/27/20_ |
| | **Reports** | |
| | a.  Party(ies) bearing burden of proof: | _8/6/20_ |

| | | | |
|---|---|---|---|
| | b. Counter reports: | | *9/3/20* |
| | | | |
| **5.** | **OTHER DEADLINES** | | **DATE** |
| | a. Last day for expert discovery: | | *10/22/20* |
| | b. Deadline for filing dispositive or potentially dispositive motions: | | *11/20/20* |
| | c. Deadline for filing partial or complete motions to exclude expert testimony: | | *11/20/20* |
| **6.** | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | d. The parties will complete private mediation/arbitration by: | | *4/24/20* |

| | | TIME | DATE |
|---|---|---|---|
| **7.** | **TRIAL AND PREPARATION FOR TRIAL** | | |
| | | | |
| | a. Rule 26(a)(3) pretrial disclosures | | |
| | Plaintiffs(s): | | |
| | Defendant(s): | | |
| | b. Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | |
| | c. Special Attorney Conference on or before: | | |
| | d. Settlement Conference on or before: | | |
| | e. Final Pretrial Conference | | |
| | Jury Trial | | |

IT IS SO ORDERED.

DATED this _____ day of January, 2020

**BY THE COURT:**

_____

Paul M. Warner
Chief United States Magistrate Judge