MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Smash Solutions, LLC,*
  *Smash Innovations, LLC, and Jerry J. Ulrich*
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
       zachary-peterson@rbmn.com
       kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company,<br><br>    Defendants. | **SHORT FORM DISCOVERY MOTION TO COMPEL COMPLETE INITIAL DISCLOSURES AND RELATED DISCOVERY RESPONSES**<br><br><br><br>Civil No. 2:19-cv-00105-TC-PMW<br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

|  |  |
|---|---|
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Counterclaim Defendants. |  |

      Defendants Smash Solutions, LLC, Smash Innovations, LLC, and Jerry J. Ulrich seek an Order compelling Plaintiffs to supplement their Initial Disclosures and related discovery Responses.  Plaintiffs' Initial Disclosures are attached as *Ex. 1* and their discovery Responses are attached as *Exs. 2 and 3*.

      Plaintiffs served their Initial Disclosures on May 3, 2019 but did not set forth a computation of damages as required by Rule 26(a)(1)(A)(iii).  The Disclosures say generically that "*Plaintiffs' computation of damages ... may be the subject of special or expert testimony and ... is likely to include ... the loss of Mr. Alexander's investment into Technology, the diminution in value of Technology (and related lost profits) due to Defendants' misappropriation of its intellectual property and CRM platform.*"  (*Ex. 1* at 10 (emphasis added).)

      Defendants served their first discovery requests on May 31, 2019 seeking documents and information about Plaintiffs' claimed damages.  Plaintiffs responded on July 19, 2019 but still did not itemize their damages claims, simply saying:  "*At this early stage of discovery, Plaintiffs have not calculated the 'amount of damages' against 'each defendant' for 'each cause of action'*

*asserted in Plaintiffs' initial Complaint or in Plaintiffs' First Amended Complaint*." (*See Exs. 2 and 3* at 5 (emphasis added).)

Under Rule 26(a)(1)(A)(iii), Plaintiffs' Initial Disclosures were required to state "a computation of each category of damages" and to produce documents supporting their damages claims. The Disclosures did not include such a computation or produce supporting documents.

The Court should also compel Plaintiffs to supplement their Answer to Interrogatory Nos. 1 and 2 to include a computation of their damages claims. The Complaint alleges "Alexander has funded Technology with approximately $900,000." (Complaint, ¶¶12, 20.) The Amended Complaint (Doc. 50) alleges Alexander invested "more than $2.4 million." (Doc. 50, ¶¶14, 22.) Similarly, in Answer No. 2, Plaintiffs say they "initially estimated [their] contributions into Technology at $900,000" but now estimates they "exceed $2 million." (*Exs. 2 and 3* at 6.)

Plaintiffs must have relied upon specific documents or information to make those allegations, and in particular to increase the number from $900,000 to $2.4 million. The case was filed more than 1 year ago and Plaintiffs should be able to itemize their damages claims and produce supporting documents.

Plaintiffs should also be compelled to supplement their Responses to Request Nos. 1 and 2 to produce documents supporting their damages claims. Similarly, Alexander should supplement his Response No. 4, and Technology should supplement its Response Nos. 6 and 7, to produce documents supporting their unjust enrichment claim.

Defendants' counsel have met and conferred with Plaintiffs about several deficiencies in these discovery responses on September 16, 2019, January 2, 2020, and February 11, 2020. (*See Exs. 4-6*.)

The Court should order Plaintiffs to supplement their Initial Disclosures and discovery responses within fourteen (14) days of an Order.  Pursuant to Fed. R. Civ. P. 37(a)(5), the Court should also Order the Plaintiffs to pay Defendants' reasonable expenses including attorney fees incurred in making the Motion.

DATED this 2nd day of March, 2020.

                                                     RICHARDS BRANDT MILLER NELSON

                                                    /s/ Matthew C. Barneck
                                                   MATTHEW C. BARNECK
                                                   ZACHARY E. PETERSON
                                                   KRISTINA H. RUEDAS
                                                   *Attorneys for Smash Solutions, LLC,*
                                                   *Smash Innovations, LLC, and*
                                                   *Jerry J. Ulrich*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of March, 2020, I electronically filed the foregoing **SHORT FORM DISCOVERY MOTION TO COMPEL COMPLETE INITIAL DICSLOSURES AND DISCOVERY RESPONSES** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Andrew G. Deiss
> Wesley D. Felix
> Corey D. Riley
> DEISS LAW PC
> 10 West 100 South, Suite 425
> Salt Lake City, UT 84101
> adeiss@deisslaw.com
> wfelix@deisslaw.com
> criley@deisslaw.com
> *Attorneys for Plaintiffs and*
> *Counterclaim Defendants*
>
> Heidi G. Goebel
> Eric K. Jenkins
> GOEBEL ANDERSON PC
> 405 South Main Street, Suite 200
> Salt Lake City, UT 84111
> HGoebel@GAPClaw.com
> EJenkins@GAPClaw.com
> *Attorneys for Defendant Feracode, LLC*

                                                  /s/ Matthew C. Barneck

G:\EDSI\DOCS\21981\0002\1AA3431.DOC

5