# EXHIBIT 2

Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>Defendants. | **MICHAEL ALEXANDER'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>Counterclaim Defendants. | |

Plaintiff Michael Alexander ("**Alexander**") hereby submits the following responses and objections to Defendant's First Set of Interrogatories and Requests for Production to Michael Alexander ("**Discovery Requests**").

## GENERAL STATEMENT AND OBJECTIONS

1. Alexander will respond pursuant to the applicable provisions of the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements or requests to the contrary are objected to and will be disregarded. In particular, Alexander objects to the Discovery Requests to the extent they are overly broad, unduly burdensome or oppressive in the amount and format of the information required, or unreasonably cumulative or duplicative in light of information which is already available to Defendants Smash Solutions, LLC ("**Solutions**") and Jerry "J.J." Ulrich ("**Ulrich**") (collectively, "**Defendants**") or which Alexander has already provided to Coates.

2. Alexander objects to the Discovery Requests to the extent that they seek information protected by the attorney-client, work product, or self-critical analysis privileges; such information will not be produced. Any inadvertent production of documents covered by such privilege, immunity, or discovery limitation does not waive any of Alexander's rights to assert such privilege, immunity, or discovery limitation, and Alexander may withdraw from production any such document inadvertently produced as soon as identified.

3. Alexander objects to the Discovery Requests to the extent that they seek confidential, proprietary, or trade secret information. Such documents and information may only be produced by Alexander subject to the entry of an appropriate protective order.

4. To the extent any Discovery Request can be interpreted as requiring Alexander to produce any document or set forth any information which is in the possession, custody and control of Coates or otherwise, that has not been available to or is otherwise not in the possession of Alexander, or is equally accessible to Defendants, Alexander objects thereto and submits that Defendants should seek those documents or information from others.

5. Alexander objects to the Discovery Requests to the extent Coates seeks documents or information that are in the possession of third parties not under Alexander's custody or control. To the extent the documents or information requested are in the possession of a third party, it is more convenient, less burdensome and less expensive for Defendants to seek discovery directly from that third party and Defendants should seek those documents and information from others.

6. Alexander objects to the Discovery Requests to the extent that they seek documents or information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

7. Alexander has not completed discovery, investigation, or preparation for the trial of this matter. Accordingly, documents and information are provided without prejudice to Alexander's rights to make further objections and present additional documents and information which are hereafter discovered or which further discovery and investigation may indicate are relevant to this action and called for by Defendants. Alexander bases these responses on their present ability and information. It is not presently possible to identify definitively each and every fact, witness and document requested or inquired about by Defendants. Responses contained herein are subject to modification and supplementation, as further information is made

3

known to Alexander during the course of the lawsuit and Alexander expressly reserves the right to modify and supplement these responses accordingly.  Further, Alexander reserves the right to introduce evidence at the time of trial based on documents and/or information located, developed, or discovered subsequent to the date of these responses.

8. Alexander reserves all rights to object as to the competency, relevancy, materiality and admissibility of the information disclosed pursuant to Alexander's responses to the Discovery Requests.  Alexander does not waive any objection concerning competency, relevancy, materiality, or admissibility by answering any interrogatory or producing any document pursuant to the Discovery Requests.  Moreover, Alexander denies any allegation or request not expressly admitted or responded to in his responses to the Discovery Requests below.

9. These general objections apply to each and every one of the following responses and objections, and failure to repeat an objection or the making of a specific objection in response to a specific interrogatory or request for production shall not be deemed a waiver of these general objections.

10. Alexander objects to the scope of these Discovery Requests to the extent they seek documents or information that exceeds the scope or relevant time period to the present or the scope or relevant time period identified in the Complaint or in relevant agreements.

11. Alexander objects to each Discovery Request to the extent it seeks documents or information, or purports to impose duties or obligations beyond the requirements of the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** For each cause of action that you assert, please identify the amount of damages that you claim against each defendant by category of damages.

**RESPONSE:** Mr. Alexander incorporates the above-stated General Objections. Mr. Alexander objects to this request as compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. In the First Amended Complaint, for example, Plaintiffs allege fourteen separate causes of action against Mr. Ulrich, Smash Solutions, Smash Innovations, and Feracode. Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander answers as follows: At this early stage of discovery, Plaintiffs have not calculated the "amount of damages" against "each defendant" for "each cause of action" asserted in Plaintiffs' initial Complaint or in Plaintiffs' First Amended Complaint. Mr. Alexander will supplement this response, accordingly, including any calculations that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**INTERROGATORY NO. 2:** In paragraph 12 of the operative complaint you allege that you contributed approximately $900,000 to Technology, please identify the dates of these contributions, the amount of each contribution, how the contribution was made (i.e. check, wire transfer, etc.), whether the contribution was in U.S. currency or other currency (e.g. crypto currency), and what the contribution was to be used for in the company.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Mr. Alexander objects to this request as compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander answers as follows:  At this early stage of discovery, Plaintiffs have not identified the dates, kinds, or amounts of all cash, cryptocurrencies, and other resources Mr. Alexander contributed into Technology.  Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to identify each specific contribution into Technology due to Defendants' misconduct as described in Plaintiffs' allegations.  Mr. Alexander initially estimated his contributions at $900,000 based upon representations by Mr. Ulrich, but Mr. Alexander now believes his contributions into Technology exceed $2 million, including but not limited to two cash wires in the amount of $100,000.  Mr. Alexander will supplement this response, accordingly, including any calculations that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**INTERROGATORY NO. 3:**  Please identify any non-monetary contributions that you made to either Solutions or Technology, including the date of the contribution and the nature of the contribution.

**RESPONSE:** Mr. Alexander incorporates the above-stated General Objections. Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander answers as follows: At this early stage of discovery, Plaintiffs have not identified the dates and nature of all non-monetary contributions Mr. Alexander contributed into Solutions or Technology. Mr. Alexander will supplement this response, accordingly, including any calculations that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

Mr. Alexander is a highly respected and sought-after business consultant. Mr. Ulrich knows this and has acknowledged Mr. Alexander's acumen on numerous occasions in their correspondence, which is one of the many reasons why Mr. Ulrich wanted Mr. Alexander to be his business partner in Technology. Mr. Alexander has communicated with Mr. Ulrich and others by text message, email, and telephone, providing counsel, advice, and support for Technology, and providing access to his personal contacts and relationships for business purposes. In 2018, for example, Mr. Alexander traveled from Asia to the United States on numerous occasions to meet, consult, and advise Mr. Ulrich regarding Technology-related issues at Mr. Alexander's own expense without reimbursement. Mr. Alexander also met with Feracode in person, by telephone, and by webinar to discuss Technology-related business.

**INTERROGATORY NO. 4:** Please identify and describe your background and qualifications in developing software, including any specific software with capabilities similar to the CRM platform that you describe in your complaint.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Subject to and consistent with the foregoing objections, Mr. Alexander answers as follows:  Mr. Alexander owned and operated a software development company for a short period of time.  Similar to Technology, eWorld Partners outsourced development to build marketing tools such as digital signature cards for email with links to audio and video features, among other things.  Mr. Alexander outsourced technical and coding requirements similar to Technology's development agreement with Feracode because neither Mr. Alexander (nor Mr. Ulrich) has the required level of software development knowledge or expertise.

**INTERROGATORY NO. 5:**  In paragraph 43 of the complaint you allege that you have performed all your material obligations in your contract with Ulrich.  Please identify each instance of performance of your obligations, the nature of your perfomance, and the date of performance.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Mr. Alexander objects to the vague meaning of the phrase "each instance of performance of your obligations."  Mr. Alexander objects to this request as vague, compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  For example, including a description of "each instance of performance of your obligations," which is vague, including the nature and date of performance, would require a description of literally hundreds of discrete instances.  Accordingly, Mr. Alexander objects to this Interrogatory as not proportional to this case, *i.e.*, this request is not reasonable considering the needs of the case, the amount in controversy, the complexity of the case, the parties' resources, and the importance of the discovery in resolving the issues.  The likely benefits of the proposed discovery do not outweigh

the substantial and undue burdens of time and expense that would be placed on Mr. Alexander to provide such individualized descriptions.

Additionally, Mr. Alexander objects on the basis that "contention interrogatories," or "each and every fact" interrogatories, are those that "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. NM 2007). Contention interrogatories are "generally disfavored." *Hanford Exec. Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-cv-00828, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013). "Notably, contention interrogatories to identify facts supporting affirmative defenses in an answer may be premature where discovery is in its early stages." *Gorrell v. Sneath*, 292 F.R.D. 629, 636 (E.D. Cal 2013) (denying plaintiff's motion to compel further responses to contention interrogatories). Moreover, "'each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." *Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015). "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case." *Id.* "If it is clear that by using some other discovery tool a party can acquire information of comparable quality while imposing less of a burden on the opponent, the court is justified in ruling that a contention interrogatory need not be answered regardless of when in the pretrial period it is served." 10A Federal Procedure, Lawyers Ed., § 26:537 (2019).

This is a contention interrogatory, brought in the early stages of discovery, and is overly broad and burdensome. Consequently, Mr. Alexander should not be required to respond to it.

Moreover, "[b]road and vague interrogatories invite broad and vague responses." *Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314, 2014 WL 11318341, at *2 (E.D. Cal Aug. 15, 2014).

Subject to and consistent with the foregoing objections, Mr. Alexander answers as follows:  At this early stage of discovery, Plaintiffs have not identified each instance of contract performance, including but not limited to the amounts of all cash, cryptocurrencies, and other resources Mr. Alexander contributed into Technology.  Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to identify each instance of contract performance due to Defendants' misconduct as described in Plaintiffs' allegations.  Mr. Alexander will supplement this response accordingly.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:  Please produce all documents that support the damages that you claim in this case, including all documents that you will provide to any expert witness who you retain to calculate your damages.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Mr. Alexander objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  For example, producing "all documents that you will provide to any expert witness who you retain to calculate your damages" is an inappropriate request at this early stage of discovery and before relevant expert deadlines in the Court's scheduling order.  Mr. Alexander also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander has already produced responsive documents in his possession. Nevertheless, Mr. Alexander hereby produces additional documents ALEX000681-ALEX001504. Mr. Alexander will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 2**: Please produce all documents that show or support your claim that you contributed $900,000 to Technology, as alleged in paragraphs 12 and 20 of the complaint, including but not limited to checks, wire transfer records, other receipts, bank account records, and other related documents.

**RESPONSE:** Mr. Alexander incorporates the above-stated General Objections. Mr. Alexander objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Mr. Alexander also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties. Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander has already produced responsive documents in his possession. Nevertheless, Mr. Alexander hereby produces additional documents ALEX000681-ALEX001504. Mr. Alexander will supplement this

11

response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 3:** Please produce copies of all federal and state tax returns filed in the United States for the taxable years 2015 through the present.

**RESPONSE:** Mr. Alexander incorporates the above-stated General Objections. Mr. Alexander objects to this request as harassing, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Mr. Alexander objects to the scope of the requested time period and the relevance of the requested documents.

Subject to and consistent with the foregoing objections, Mr. Alexander has no responsive documents to produce because he retired to Bali in 2014.

**REQUEST NO. 4:** Please produce copies of any documents supporting or relating to your claim that you have conferred benefits upon Ulrich or Solutions that constitute unjust enrichment, as alleged in the fourth cause of action of your complaint.

**RESPONSE:** Mr. Alexander incorporates the above-stated General Objections. Mr. Alexander objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Mr. Alexander also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties. Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander has already produced responsive documents in his possession. Nevertheless, Mr. Alexander hereby produces

additional documents ALEX000681-ALEX001504.  Mr. Alexander will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 5:**  Please produce copies of any documents supporting or relating to your claim that Ulrich or Solutions converted funds or other property belonging to Alexander, as alleged in the eleventh cause of action of your complaint.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Mr. Alexander objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Mr. Alexander also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.  Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander has already produced responsive documents in his possession.  Nevertheless, Mr. Alexander hereby produces additional documents ALEX000681-ALEX001504.  Mr. Alexander will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 6:**  Please produce copies of any documents supporting or relating to your claim that Ulrich agreed to build his Bitclub Network business to produce adequate sales and production volume to maximize daily earnings from Tatiana Alexander's Uberfund and Centurion Bitclub Network, as alleged in paragraph 11 of your complaint.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Mr. Alexander objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Mr. Alexander also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.  Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander has already produced responsive documents in his possession.  Nevertheless, Mr. Alexander hereby produces additional documents ALEX000681-ALEX001504.  Mr. Alexander will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 7:**  Please produce copies of any documents reflecting, supporting, or relating to the to your answers to Defendants' First Set of Interrogatories to Plaintiff Michael Alexander, served concurrently.

**RESPONSE:**  Mr. Alexander incorporates the above-stated General Objections.  Mr. Alexander objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Mr. Alexander also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.  Moreover, Mr. Alexander objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Mr. Alexander has already produced responsive documents in his possession. Nevertheless, Mr. Alexander hereby produces additional documents ALEX000681-ALEX001504. Mr. Alexander will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

DATED this 19th day of July, 2019.

                      HOLLAND & HART LLP

                      /s/  Darren G. Reid
                      Darren G. Reid
                      Brandon T. Christensen
                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, I served a copy of **MICHAEL ALEXANDER'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** to the following by e-mail:

    Matthew C. Barneck – matthew-barneck@rbmn.com
    Zachary E. Peterson – zachary-peterson@rbmn.com
    Kristina H. Ruedas – kristina-ruedas@rbmn.com


    /s/  Darren G. Reid


13243467_v1