# EXHIBIT 3

Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>      Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>      Defendants. | **SMASH TECHNOLOGY'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>      Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>      Counterclaim Defendants. | |

Plaintiff Smash Technology, LLC ("**Technology**") hereby submits the following responses and objections to Defendant's First Set of Interrogatories and Requests for Production to Smash Technology, LLC ("**Discovery Requests**").

## GENERAL STATEMENT AND OBJECTIONS

1. Technology will respond pursuant to the applicable provisions of the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements or requests to the contrary are objected to and will be disregarded. In particular, Technology objects to the Discovery Requests to the extent they are overly broad, unduly burdensome or oppressive in the amount and format of the information required, or unreasonably cumulative or duplicative in light of information which is already available to Defendants Smash Solutions, LLC ("**Solutions**") and Jerry "J.J." Ulrich ("**Ulrich**") (collectively, "**Defendants**") or which Technology has already provided to Coates.

2. Technology objects to the Discovery Requests to the extent that they seek information protected by the attorney-client, work product, or self-critical analysis privileges; such information will not be produced. Any inadvertent production of documents covered by such privilege, immunity, or discovery limitation does not waive any of Technology's rights to assert such privilege, immunity, or discovery limitation, and Technology may withdraw from production any such document inadvertently produced as soon as identified.

3. Technology objects to the Discovery Requests to the extent that they seek confidential, proprietary, or trade secret information. Such documents and information may only be produced by Technology subject to the entry of an appropriate protective order.

4. To the extent any Discovery Request can be interpreted as requiring Technology to produce any document or set forth any information which is in the possession, custody and control of Coates or otherwise, that has not been available to or is otherwise not in the possession of Technology, or is equally accessible to Defendants, Technology objects thereto and submits that Defendants should seek those documents or information from others.

5. Technology objects to the Discovery Requests to the extent Coates seeks documents or information that are in the possession of third parties not under Technology's custody or control.  To the extent the documents or information requested are in the possession of a third party, it is more convenient, less burdensome and less expensive for Defendants to seek discovery directly from that third party and Defendants should seek those documents and information from others.

6. Technology objects to the Discovery Requests to the extent that they seek documents or information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

7. Technology has not completed discovery, investigation, or preparation for the trial of this matter.  Accordingly, documents and information are provided without prejudice to Technology's rights to make further objections and present additional documents and information which are hereafter discovered or which further discovery and investigation may indicate are relevant to this action and called for by Defendants.  Technology bases these responses on their present ability and information.  It is not presently possible to identify definitively each and every fact, witness and document requested or inquired about by Defendants.  Responses contained herein are subject to modification and supplementation, as

further information is made known to Technology during the course of the lawsuit and Technology expressly reserves the right to modify and supplement these responses accordingly. Further, Technology reserves the right to introduce evidence at the time of trial based on documents and/or information located, developed, or discovered subsequent to the date of these responses.

8. Technology reserves all rights to object as to the competency, relevancy, materiality and admissibility of the information disclosed pursuant to Technology's responses to the Discovery Requests. Technology does not waive any objection concerning competency, relevancy, materiality, or admissibility by answering any interrogatory or producing any document pursuant to the Discovery Requests. Moreover, Technology denies any allegation or request not expressly admitted or responded to in its responses to the Discovery Requests below.

9. These general objections apply to each and every one of the following responses and objections, and failure to repeat an objection or the making of a specific objection in response to a specific interrogatory or request for production shall not be deemed a waiver of these general objections.

10. Technology objects to the scope of these Discovery Requests to the extent they seek documents or information that exceeds the scope or relevant time period to the present or the scope or relevant time period identified in the Complaint or in relevant agreements.

11. Technology objects to each Discovery Request to the extent it seeks documents or information, or purports to impose duties or obligations beyond the requirements of the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** For each cause of action that you assert, please identify the amount of damages that you claim against each defendant by category of damages.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. In the First Amended Complaint, for example, Plaintiffs allege fourteen separate causes of action against Mr. Ulrich, Smash Solutions, Smash Innovations, and Feracode. Moreover, Technology objects to this request to the extent it calls for expert testimony, which will be disclosed at the appropriate time pursuant to the Court's scheduling order.

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not calculated the "amount of damages" against "each defendant" for "each cause of action" asserted in Plaintiffs' initial Complaint or in Plaintiffs' First Amended Complaint. Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**INTERROGATORY NO. 2:** Please identify all payments made to Feracode, including the method of payment, date of payment, and amount of payment.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Technology also objects to this

request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not identified the methods, dates, or amounts of all payments Plaintiffs made to Feracode. Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to account for all payments made to Feracode due to Defendants' misconduct as described in Plaintiffs' allegations. Mr. Alexander initially estimated his contributions into Technology at $900,000 based upon representations by Mr. Ulrich, but Mr. Alexander now believes his contributions into Technology exceed $2 million, which include Plaintiffs' substantial payments to Feracode pursuant to Technology's Master Services Agreement with Feracode. Technology will supplement this response accordingly.

**INTERROGATORY NO. 3:** In paragraph 19 of the operative complaint you allege that Ulrich engaged in financial misconduct. Please identify each instance of misconduct that support this contention, including the date of the misconduct, the amount of the improper financial transaction, and the method used in the financial misconduct.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as seeking information in the possession, custody, and/or control of Defendants and other related third parties. Technology objects to the vague meaning of the phrase "each instance of misconduct that support this contention." Technology objects to this request as vague, compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. For example, including a description of "each

instance of misconduct that support this contention," which is vague, including the date of the misconduct, the amount of the improper financial transaction, and the method used in the financial misconduct, would require a description of literally dozens of discrete instances. Accordingly, Technology objects to this Interrogatory as not proportional to this case, i.e., this request is not reasonable considering the needs of the case, the amount in controversy, the complexity of the case, the parties' resources, and the importance of the discovery in resolving the issues. The likely benefits of the proposed discovery do not outweigh the substantial and undue burdens of time and expense that would be placed on Technology to provide such individualized descriptions.

Additionally, Technology objects on the basis that "contention interrogatories," or "each and every fact" interrogatories, are those that "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. NM 2007). Contention interrogatories are "generally disfavored." *Hanford Exec. Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-cv-00828, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013). "Notably, contention interrogatories to identify facts supporting affirmative defenses in an answer may be premature where discovery is in its early stages." *Gorrell v. Sneath*, 292 F.R.D. 629, 636 (E.D. Cal 2013) (denying plaintiff's motion to compel further responses to contention interrogatories). Moreover, "'each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." *Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015). "Contention interrogatories should not require a party to

provide the equivalent of a narrative account of its case." *Id.* "If it is clear that by using some other discovery tool a party can acquire information of comparable quality while imposing less of a burden on the opponent, the court is justified in ruling that a contention interrogatory need not be answered regardless of when in the pretrial period it is served." 10A Federal Procedure, Lawyers Ed., § 26:537 (2019).

This is a contention interrogatory, brought in the early stages of discovery, and is overly broad and burdensome. Consequently, Technology should not be required to respond to it. Moreover, "[b]road and vague interrogatories invite broad and vague responses." *Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314, 2014 WL 11318341, at *2 (E.D. Cal Aug. 15, 2014).

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not identified each instance of Mr. Ulrich's financial misconduct, including but not limited to the dates, amounts, and methods of such misconduct. Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to identify each instance of Mr. Ulrich's financial misconduct due to Defendants' misconduct as described in Plaintiffs' allegations. Technology will supplement this response accordingly.

**INTERROGATORY NO. 4:** Please state how Technology intends to develop its CRM Platform.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as seeking information in the possession, custody, and/or control of Defendants and other related third parties.

8

Subject to and consistent with the foregoing objections, Technology answers as follows: Technology intended to develop its CRM Platform pursuant to its Master Services Agreement with Feracode. Technology described its development intentions in its initial Complaint (¶¶ 7-18) and First Amended Complaint (¶¶ 8-20), which is incorporated herein by reference.

**INTERROGATORY NO. 5:** In paragraph 17 of the operative complaint you allege that Technology has developed the CRM platform at great expense and implemented protocols to keep the information confidential and proprietary. Please identify and describe all expenses referenced and all protocols implemented, including the dates of each and who was responsible for each act.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Technology objects to this request as seeking information in the possession, custody, and/or control of Defendants and other related third parties. Technology objects to this request as duplicative of Interrogatory No. 2.

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not identified the methods, dates, or amounts of all payments Plaintiffs made to Feracode and all protocols implemented to keep the information confidential and proprietary. Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to identify all payments made to Feracode and all related protocols due to Defendants' misconduct as described in Plaintiffs' allegations. Mr. Alexander initially estimated his contributions into Technology at $900,000 based upon representations by Mr. Ulrich, but Mr. Alexander now

believes his contributions into Technology exceed $2 million, which include Plaintiffs' substantial payments to Feracode pursuant to Technology's Master Services Agreement with Feracode. Technology will supplement this response accordingly.

**INTERROGATORY NO. 6:** Please identify any conduct on the part of either defendant that has impeded, precluded, prevented, or harmed Technology in the development of its CRM Platform.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as compound, overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Technology objects to this request as seeking information in the possession, custody, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not identified all of Defendants' conduct that has impeded, precluded, prevented, or harmed Technology in the development of its CRM Platform. Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to account for all such conduct due to Defendants' misconduct as described in Plaintiffs' allegations. To be clear, however, Technology has described Defendants' relevant misconduct in its initial Complaint (¶¶ 7-27) and First Amended Complaint (¶¶ 8-29), which is incorporated herein by reference.

**INTERROGATORY NO. 7:** In paragraph 97 you allege that defendants misappropriated trade secret information. Please identify each piece of trade secret information that you allege either defendant misappropriated.

**RESPONSE:**  Technology incorporates the above-stated General Objections. Technology objects to this request as seeking information in the possession, custody, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not identified each piece of trade secret information that Defendants' have misappropriated.  Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to account for all such instances due to Defendants' misconduct as described in Plaintiffs' allegations.  To be clear, however, Technology has described Defendants' relevant misappropriation of the CRM Platform in its initial Complaint (¶¶ 23-27) and First Amended Complaint (¶¶ 25-29).

**INTERROGATORY NO. 8**:  In paragraph 98, you allege that you took reasonable steps to protect your trade secret information.  Please identify and describe all your efforts to protect your alleged trade secret information.

**RESPONSE:**  Technology incorporates the above-stated General Objections. Technology objects to this request as seeking information in the possession, custody, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology answers as follows: At this early stage of discovery, Plaintiffs have not identified each step it took to reasonably protect its trade secret information that Defendants' have misappropriated.  Absent further discovery, including obtaining necessary documents and testimony from Defendants and related third parties, Plaintiffs are currently unable to identify each such instances due to Defendants'

misconduct as described in Plaintiffs' allegations. To be clear, however, Technology has described Defendants' relevant misappropriation of the CRM Platform in its initial Complaint (¶¶ 23-27) and First Amended Complaint (¶¶ 25-29), which is incorporated herein by reference. Moreover, Technology's Master Services Agreement with Feracode contained confidentiality protections for the development of the proprietary CRM Platform.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: Please produce all documents that support the damages that you claim in this case, including all documents that you will provide to any expert witness who you retain to calculate your damages.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required. For example, producing "all documents that you will provide to any expert witness who you retain to calculate your damages" is an inappropriate request at this early stage of discovery and before relevant expert deadlines in the Court's scheduling order. Technology also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession. Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504. Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 2**:  Please produce records of all financial transactions, including bank account records, accounting records, ledgers, profit-loss statements, balance sheets, and any schedules of debts, liabilities, or assets.

**RESPONSE:**  Technology incorporates the above-stated General Objections. Technology objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Technology also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession.  Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504.  Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 3:**  Please produce copies of all federal and state tax returns filed in the United States for the taxable years 2015 through the present.

**RESPONSE:**  Technology incorporates the above-stated General Objections. Technology objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Technology objects to the scope of the requested time period and the relevance of the requested documents.

Subject to and consistent with the foregoing objections, Technology has no responsive documents.

**REQUEST NO. 4:** Please provide any agreements, contracts, or draft documents between Technology and any individual or entity for employment, membership, ownership, or operations with Technology.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession. Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504.

**REQUEST NO. 5:** Please produce copies of any documents supporting or relating to your claims that Ulrich (i) entered into unauthorized vendor agreements, (ii) commingled Technology's funds with Solutions' funds or with his personal accounts, (iii) used Technology's funds for personal expenses, or (iv) fraudulently invoiced Solutions and/or himself for various Technology purchases, as alleged in paragraphs 19-22 of the complaint, including but not limited to vendor agreements, bank records, checks, receipts, invoices, purchase orders, and other related documents.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required. Technology objects to this request to the extent it seeks expert testimony before relevant expert deadlines in the Court's scheduling order. Technology also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession. Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504. Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 6:** Please produce copies of any documents supporting or relating to your claim that you have conferred benefits upon Ulrich or Solutions that constitute unjust enrichment, as alleged in the fourth cause of action of your complaint.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request to the extent it seeks expert testimony before relevant expert deadlines in the Court's scheduling order. Technology objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession. Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504. Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 7:** Please produce copies of any documents reflecting, supporting, or relating to the claim that you have made payments to Feracode pursuant to an agreement between Technology and Feracode entered in March 2018, as alleged in paragraph 15 of the

15

complaint, including but not limited to checks, wire transfer records, payment receipts, bank account records, and other related documents.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request to the extent it seeks expert testimony before relevant expert deadlines in the Court's scheduling order.  Technology objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession.  Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504.  Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 8:** Please produce copies of any documents supporting or relating to any transactions between Technology and Smash Innovations, LLC, as alleged in the tenth cause of action of your complaint.

**RESPONSE:** Technology incorporates the above-stated General Objections. Technology objects to this request as overly broad, unduly burdensome, and oppressive in the amount and format of the information required.  Technology objects to this request to the extent it seeks expert testimony before relevant expert deadlines in the Court's scheduling order. Technology also objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession.  Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504.  Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 9:**  Please produce copies of any documents supporting or relating to your claim that Ulrich or Solutions converted funds or other property belonging to Technology, as alleged in the eleventh cause of action of your complaint.

**RESPONSE:**  Technology incorporates the above-stated General Objections.  Technology objects to this request to the extent it seeks expert testimony before relevant expert deadlines in the Court's scheduling order.  Technology objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession.  Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504.  Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

**REQUEST NO. 10:**  Please produce copies of any documents showing that Technology has a website, and the date(s) during which it was maintained, as alleged in paragraph 26 of your complaint.

**RESPONSE:**  Technology incorporates the above-stated General Objections. Technology objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession.

**REQUEST NO. 11:**  Please produce copies of any documents reflecting, supporting, or relating to your answers to Defendants' First Set of Interrogatories to Plaintiff Smash Technology, LLC, served concurrently.

**RESPONSE:**  Technology incorporates the above-stated General Objections. Technology objects to this request to the extent it seeks expert testimony before relevant expert deadlines in the Court's scheduling order.  Technology objects to this request to the extent that it seeks documents in the custody, possession, and/or control of Defendants and other related third parties.

Subject to and consistent with the foregoing objections, Technology has already produced responsive documents in its possession.  Nevertheless, Technology hereby produces additional documents ALEX000681-ALEX001504.  Technology will supplement this response, accordingly, including any calculations or documents that will be provided by expert testimony to be disclosed at the appropriate time pursuant to the Court's scheduling order.

DATED this 19th day of July, 2019.

                                    HOLLAND & HART LLP

                                    /s/  Darren G. Reid
                                    Darren G. Reid
                                    Brandon T. Christensen
                                    *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2019, I served a copy of **SMASH TECHNOLOGY'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** to the following by e-mail:

> Matthew C. Barneck – matthew-barneck@rbmn.com
> Zachary E. Peterson – zachary-peterson@rbmn.com
> Kristina H. Ruedas – kristina-ruedas@rbmn.com

/s/  Darren G. Reid

13259296_v1

19