MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Smash Solutions, LLC,*
  *Smash Innovations, LLC, and Jerry J. Ulrich*
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
          zachary-peterson@rbmn.com
          kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company,<br><br>    Defendants. | **SHORT FORM DISCOVERY MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST DISCOVERY REQUESTS**<br><br><br>Civil No. 2:19-cv-00105-TC-PMW<br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

| | |
|---|---|
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Counterclaim Defendants. | |

Defendants for Smash Solutions, LLC, Smash Innovations, LLC, and Jerry J. Ulrich seek an Order compelling Plaintiffs to supplement their Responses to Defendants' first discovery requests. Plaintiffs' Responses are attached as *Exs. 1 and 2*.

Defendants served their first set of discovery requests on Plaintiffs on May 31, 2019, and Plaintiffs responded on July 19, 2019. Defendants' counsel attempted to meet and confer about several deficiencies in these responses on September 16, 2019, and January 2 and February 11, 2020. (*See Exs. 3-5*.) The Court should compel Plaintiffs to supplement their responses as follows:

I.    <u>Alexander's Answer No. 5, Technology's Answer No. 3</u>.

Plaintiffs argue these Interrogatories are "contention interrogatories" and they are not required to answer at this stage of the case. Yet case law from other Districts in the Tenth Circuit holds that such interrogatories are appropriate if they ask for the "principal or material" facts supporting an allegation or defense. *Lucero v. Valdez, et al.*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Interrogatories may ask for the material or principal facts that support a party's

contentions"); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (same). The Court should compel Plaintiffs to identify the principal or material facts supporting the allegation that they have performed all material obligations of their contract with Ulrich.

II.     Alexander's Response No. 6.

Plaintiffs' Complaint alleges Ulrich "defaulted on his obligations" to "build his Bitclub Network business to produce adequate sales and production volume …." (Complaint, ¶11; *see also* Amended Complaint (Doc. 50), ¶13.) Plaintiffs must have relied upon specific documents or information in order to make these allegations in good faith, but if so they have not produced them. Therefore, they should each be required to supplement their Response No. 6 to identify and produce supporting documents or information.

III.    Technology's Response No. 3.

Technology should be required to either produce its tax returns or explain why it has no tax returns for the relevant periods.

IV.     Technology's Response No. 9.

The documents identified in Technology's Response do not include any documentation that shows "Ulrich or Solutions converted funds or other property belonging to Alexander …." If Technology has specific documents supporting its Eleventh Cause of Action, it is required to produce them.

V.      Verification.

Rule 33(b)(5) requires the party who answers Interrogatories to sign them. Plaintiffs' Answers contain only the signature of counsel.

Plaintiffs' failure to adequately respond to Defendants' first discovery requests has hindered Defendants' ability to defend against Plaintiffs' claims and led to unnecessary delays in discovery.  Therefore, the Court should order Plaintiffs to supplement their Responses within fourteen (14) days of an Order.  Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, the Court should also Order the Plaintiffs to pay the Defendants' reasonable expenses including attorney fees incurred in making the Motion.

DATED this 2nd day of March, 2020.

RICHARDS BRANDT MILLER NELSON


 /s/ Matthew C. Barneck
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Smash Solutions, LLC,*
  *Jerry J. Ulrich, and Smash Innovations, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of March, 2020, I electronically filed the foregoing **SHORT FORM DISCOVERY MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST DISCOVERY REQUESTS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Andrew G. Deiss
>Wesley D. Felix
>Corey D. Riley
>DEISS LAW PC
>10 West 100 South, Suite 425
>Salt Lake City, UT 84101
>adeiss@deisslaw.com
>wfelix@deisslaw.com
>criley@deisslaw.com
>*Attorneys for Plaintiffs and*
>*Counterclaim Defendants*
>
>Heidi G. Goebel
>Eric K. Jenkins
>GOEBEL ANDERSON PC
>405 South Main Street, Suite 200
>Salt Lake City, UT  84111
>HGoebel@GAPClaw.com
>EJenkins@GAPClaw.com
>*Attorneys for Defendant Feracode, LLC*

/s/ Matthew C. Barneck

G:\EDSI\DOCS\21981\0002\1A99867.DOC