# EXHIBIT 3



**RICHARDS BRANDT MILLER NELSON**

*A Professional Law Corporation*

September 16, 2019

<u>**Via Email: dgreid@hollandhart.com and U.S. Mail**</u>

Darren G. Reid, Esq.
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101

> Re:   *Smash Technology, LLC, et al. v. Smash Solutions, LLC, et al.*
>        File No.  21981-0002

Dear Darren:

  This letter is sent pursuant to Local Rule 37-1(a) to address Michael Alexander's ("**Alexander**") Responses to Defendant's First Interrogatories and Requests for Production of Documents, and Smash Technology, LLC's ("**Technology**") Responses to Defendants' First Interrogatories and Requests for Production of Documents, each dated July 19, 2019.  Below are the Answers and Responses we believe are deficient, and we request the opportunity to meet and confer about these issues either in person or by telephone.

**I.**  **Alexander's Responses**.

  <u>Interrogatory No. 1</u>.  Plaintiff Alexander is required to supplement his Answer to Interrogatory No. 1 to include a computation of his alleged damages.  Under Rule 26(a)(1)(A)(iii), both Plaintiffs were required to include with their Initial Disclosures "a computation of each category of damages" and produce documents supporting their damages claims.  The Initial Disclosures did not include such a computation.  The Complaint dated January 28, 2019 alleges as of that date "Alexander has funded Technology with approximately $900,000." (Complaint, ¶12; *see also,* ¶20.)  The Amended Complaint (Doc. 50) now alleges Alexander has invested "more than $2.4 million." (Doc. 50, ¶14; *see also,* ¶22.)  Plaintiffs must have relied upon some documentation or specific information in order to make those allegations in good faith, and in particular to increase the number from $900,000 to $2.4 million.  Therefore, we believe Alexander is required to supplement his Answer to include a computation of his alleged damages for each cause of action, and at very least the basis for the dollar figures alleged in the Complaint and Amended Complaint as referenced above.

  <u>Interrogatory No. 2</u>.  Similarly, Alexander's Answer to Interrogatory No. 2 initially estimates his "contributions into Technology at approximately $900,000" and now estimates they "exceed $2 million." Alexander must have relied upon documentation or specific information to identify those dollar figures, and is

Wells Fargo Center
299 S Main Street | 15th Floor
Salt Lake City, Utah 84111

PO Box 2465
Salt Lake City, Utah 84110-2465

P 801-531-2000 | F 801-532-5506
E-Mail: mail@rbmn.com
www.rbmn.com

Gary L. Johnson
George T. Naegle
Craig C. Coburn
Robert G. Wright[WY]
Christian W. Nelson[ID]
Matthew C. Barneck[CO WY]
Mark R. Sumsion
Brandon B. Hobbs

Zachary E. Peterson[MT]
David H. Tolk
Lincoln Harris[KY]
Rafael A. Seminario
Cortney Kochevar[WY]
Steven H. Bergman[CA]
Lori L. Hansen
Brian D. Bolinder[WY]

Sean C. Miller[ID]
Jennifer H. Mastrorocco
Barbara Melendez
Jack W. Reed
Barry G. Scholl
Kristina H. Ruedas
Cody G. Kesler
Samantha E. Wilcox[ID WY]

Tyler A. Dever[DC]
Zachary L. Sayer
John E. Keiter[AZ]
Aaron T. Cunningham

Of Counsel:
David L. Barclay
Lynn S. Davies
Russell C. Fericks
Michael K. Mohrman
Kari N. Dickinson
Alexandria M. Westover
Jonathon D. Parry[WA]

*Also Admitted:*  Arizona California Colorado
District of Columbia Idaho Kentucky
Montana Wyoming

Founders:
William S. Richards
(1929-2002)
Robert W. Brandt
(1923-2017)
Robert W. Miller
(1940-1983)
P. Keith Nelson
(1939-2013)

September 16, 2019
Page 2

_____

required to state the basis for his calculations. Further, this Interrogatory asks not for the amount of Plaintiffs' alleged damages but the amount of payments made to FeraCode. If "Plaintiffs have not identified the methods, dates, or amounts of *all* payments Plaintiffs made to Feracode" (emphasis added), then Alexander must at least answer concerning the payments he *can* identify.

Interrogatory No. 5. Alexander has objected to Interrogatory No. 5 arguing it is a "contention interrogatory" that he is not required to answer at this stage of the case. However, case law from the Tenth Circuit holds that such interrogatories are appropriate if they ask for the "principal or material" facts supporting an allegation or defense. *Lucero v. Valdez, et al.,* 240 F.R.D. 591, 594 (D.N.M. 2007) ("Interrogatories may ask for the material or principal facts that support a party's contentions"); *Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 405 (D. Kan. 1998) (same). Therefore, we believe Alexander is required to answer Interrogatory No. 3 to "identify [*the principal or material facts*] supporting your allegation in paragraph 43 of the Complaint that you have performed all your material obligations in your contract with Ulrich."

Request No. 1. As with Interrogatory No. 1 above, we believe Alexander must supplement his Response to Request No. 1 and produce documents supporting his damages claims. The documents Plaintiffs have produced do not support investments or contributions anywhere near the amounts alleged in the Complaint or the Amended Complaint. In order to make these allegations in good faith, Plaintiffs must have relied upon documentation or specific information for the calculations of $900,000 and $2.4 million, respectively. Therefore, we ask Alexander to supplement his Response to this Request.

Request No. 2. Similarly, we believe Alexander must supplement his Response to Request No. 2. Plaintiffs have produced no bank account records or any information identifying a bank account belonging to Alexander or Technology. If Alexander truly contributed $900,000, or $2.4 million, those contributions must have come from a bank or other financial account, and he is required to identify each such account and produce account records supporting the allegations. The only record Alexander has produced of an actual deposit in a bank account is the receipt of a $60,000 wire transfer not from Alexander but from Prayektis Hartati, presumably another individual in Indonesia, to the account of *Solutions*, not Technology, at America First Credit Union in South Jordan, Utah. (*See* Doc. 38-7.) Plaintiffs do not identify the sender or his/her connection, if any, to Alexander. This transfer was made on February 6, 2018 (*id.*; Doc. 38-1, ¶30), before Technology was formed (*see* Doc. 32-3), so it could not have been a transfer to Technology.

Then, Plaintiffs produced records of certain wire transfers to Feracode made by *Ulrich* (*see* Doc. 38-27), not Alexander or Technology, and one unreadable Wells Fargo transaction receipt. (*See* Doc. 38-26.) Plaintiffs also allege "two cash wires in the amount of $100,000" with no indication of when or to whom they were made, and have not produced any documentation to support them. (Doc. 50, ¶22.)

The only evidence of financial transactions Plaintiffs have produced are those identified above, some of which were produced as ALEX001224-1229, and a report produced as ALEX000996-1001. The latter identifies Alexander's deposits as totaling $122,350. None of these documents identifies a bank account belonging to

September 16, 2019
Page 3

_____

Alexander or Technology.  If Plaintiffs truly made contributions in the amounts alleged, they are required to produce supporting documentation.

Request No. 4.  For the reasons explained with respect to Request Nos. 1 and 2 above, Alexander is required to identify and produce documents supporting the amount of unjust enrichment he claims.  The documents in ALEX000681-1504 that are responsive to this Request No. 4 include only those documents identified above.

Request No. 5.  Defendants believe Alexander's Response to Request No. 5 does not include any documentation that shows "Ulrich or Solutions converted funds or other property belonging to Alexander …." If Alexander has specific documents supporting his Eleventh Cause of Action, he is required to produce them.  If he does not have any other documents responsive to Request No. 5, please so state.

Request No. 6.  Alexander alleges in the Complaint that Ulrich "defaulted on his obligations" to "build his Bitclub Network business to produce adequate sales and production volume …." (Complaint, ¶11; *see also,* Doc. 50, ¶13.)  Alexander must have relied upon documentation or specific information in order to make these allegations in good faith.  Therefore, we believe he is required to supplement his Response to Request No. 6 to identify and produce supporting documentation or information.

Signature.  Rule 33(b)(5) of the Federal Rules of Civil Procedure requires the party who answers Interrogatories to sign them.  These Answers contain only the signature of counsel, and we ask that Alexander supplement his Answers accordingly, or otherwise provide a signed acknowledgement to be attached to the Answers.

II.    **Technology's Responses**.

Interrogatory No. 1.  The request set forth above with respect to Alexander's Answer No. 1 applies here as well.  We believe Technology must also supplement its Answer to Interrogatory No. 1 to include a computation of its alleged damages for each cause of action, and at very least the basis for the dollar figures alleged in the Complaint and Amended Complaint as referenced above.

Interrogatory No. 2.  The request set forth above with respect to Alexander's Answer No. 2 also applies here.  Technology must have relied upon documentation or specific information to identify those dollar figures, and is required to state the basis for his calculations.  If "Plaintiffs have not identified the methods, dates, or amounts of *all* payments Plaintiffs made to Feracode" (emphasis added), then Technology must at least answer concerning the payments it *can* identify.

Interrogatory No. 3.  Technology has objected to Interrogatory No. 3 arguing it is a "contention interrogatory" that Technology is not required to answer at this stage of the case.  However, case law from the Tenth Circuit holds that such interrogatories are appropriate if they ask for the "principal or material" facts

September 16, 2019
Page 4

_____

supporting an allegation or defense. *Lucero v. Valdez, et al.,* 240 F.R.D. 591, 594 (D.N.M. 2007) ("Interrogatories may ask for the material or principal facts that support a party's contentions"); *Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 405 (D. Kan. 1998) (same). Therefore, we believe Technology is required to answer Interrogatory No. 3 by identifying "the [*principal or material facts*] supporting your allegation in paragraph 19 of the Complaint that Ulrich engaged in financial misconduct."

Interrogatory No. 5. In response to Interrogatory No. 5, Technology objects that it seeks information "in the possession, custody, and/or control of Defendants and other related third parties." Yet the Interrogatory asks for information supporting the *Plaintiffs'* allegations. Technology's Answer states Alexander's initial estimate of $900,000 of contributions to Technology and now increases the estimate to exceed $2 million. In order to make its allegations in good faith, Technology must have relied upon documentation or specific information for these calculations. As with Alexander's Responses to Request Nos. 1 and 2 above, Technology is required to state the basis for its calculations and identify the documents or information on which they are based.

Request No. 1. The demand with respect to Alexander's Response No. 1 above also applies here. We ask that Technology also supplement its Response to Request No. 1.

Request No. 2. We believe Technology also must supplement its Response to Request No. 2, for the same reasons stated above with respect to Alexander's Response No. 2.

Request No. 3. Just as the Defendants have done in response to Plaintiffs' meet-and-confer letter dated August 12, 2019, Technology is required to explain why it has no tax returns for the period identified.

Request No. 6. For the reasons explained with respect to Request Nos. 1 and 2 above, Technology is required to state the basis for its calculations and identify the documents or information supporting the amount of unjust enrichment it claims. The documents in ALEX000681-1504 that are responsive to Request No. 6 include only those documents identified above.

Request No. 7. Technology is required to identify and produce any documents showing that Technology itself actually made a payment to FeraCode. As addressed with respect to Alexander's Response to Request No. 2 above, Technology not produced any such documents, with the possible exception of one unreadable Wells Fargo transaction receipt. (*See* Doc. 38-26.) If it has no such documents, Technology should supplement its response to so state.

Request No. 9. The documents identified in Technology's Response to Request No. 9 do not include any documentation that shows "Ulrich or Solutions converted funds or other property belonging to Alexander ...." If Technology has specific documents supporting its Eleventh Cause of Action, it is required to produce them. If it does not have any other documents responsive to Request No. 6, please so state.

September 16, 2019
Page 5
_____


    <u>Signature</u>.   Rule 33(b)(5) of the Federal Rules of Civil Procedure requires the party who answers Interrogatories to sign them.  These Answers contain only the signature of counsel, and we ask that Technology supplement its Answers accordingly or otherwise provide a signed acknowledgement to be attached to the Answers.


    Please contact me when you are available to discuss these discovery issues in person or by telephone.

Sincerely,

RICHARDS, BRANDT MILLER NELSON

Matthew C. Barneck

MCB/kr

cc:    Zachary E. Peterson
       Kristina H. Ruedas

G:\EDSI\DOCS\21981\0002\19L6032.DOCX