# EXHIBIT 1

MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
*Attorneys for Smash Solutions, LLC, Jerry J. Ulrich,*
  *and Smash Innovations, LLC*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
       zachary-peterson@rbmn.com
       kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company;<br><br>    Defendants. | **SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MICHAEL ALEXANDER**<br><br>Civil No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |

SMASH SOLUTIONS, LLC, a Delaware
limited liability company; JERRY "J.J."
ULRICH, an individual; and JOHN DOES 1-3;

      Counterclaim Plaintiffs,

vs.

SMASH TECHNOLOGY, LLC, a Nevada
limited liability company; and MICHAEL
ALEXANDER, an individual;

      Counterclaim Defendants.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Smash

Solutions, LLC ("**Solutions**"), Smash Innovations, LLC ("**Innovations**"), and Jerry J. Ulrich

("**Ulrich**"), through their counsel of record Matthew C. Barneck, Zachary E. Peterson, and

Kristina H. Ruedas of the law firm RICHARDS BRANDT MILLER NELSON, hereby request Plaintiff

Michael Alexander ("**Alexander**") to produce the following documents at the offices of

RICHARDS BRANDT MILLER NELSON, 111 East Broadway, Fourth Floor, P.O. Box 2465, Salt

Lake City, Utah, within thirty (30) days of service of these Requests.

This Request for Production is deemed to be continuing. If after producing documents

and things you become aware of any additional documents, tangible things, or information

responsive to this Request for Production, the Federal Rules of Civil Procedure require you to

produce such additional documents and things, and/or provide such additional information.

The definitions set forth below shall be used for purposes of this Request for Production

of Documents:

2

## DEFINITIONS

1.       The term "**identify**" when used in reference to an individual person means to state his/her full name and present address, his/her present or last known position and business affiliation, and his/her position and business affiliation at the time in question. "**Identify**" when used in reference to a business organization or agency means to state its full name, its principal business address, and the nature of the organization, if known (e.g., corporation, partnership, non-profit, state or federal government, etc.). "**Identify**" when used in reference to a document, means to state the date, author, addressee, and type of document (e.g., letter memoranda, telegram, etc.) or some other means of identifying it, its substance, and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control or custody, state what disposition was made of it. "**Identify**" when used in reference to an oral communication means to state exactly what was said, when, where, by whom, and to whom.

2.       As used herein, the word "**including**" means including, but not limited to.

3.       As used herein, the word "**describe**" means comprehensive, full, fair, frank, complete, accurate and detailed description of the matter about which inquiry is made.

4.       As used in the accompanying discovery, "**you**" means Plaintiff Michael Alexander and includes anyone assisting you in the preparation of responses to this Request.

5.       As used throughout these discovery requests, the phrase "**discovery period**" refers to the time period from the date on which you respond to these Requests and including the preceding ten (10) years.

6.       The term "**documents**" shall, unless otherwise indicated, include letters, correspondence, telegrams, memoranda, records, memoranda of telephone or personal

3

conversations or conferences, intra-office communications, e-mails, computer files, microfilm, microfiche, tape, videotape, or other recordings, stenographic notes, bulletins, analyses, notices, and all other writings of any nature whatsoever, or copies of such documents where originals are not available.

7.      As used throughout these discovery requests, the phrase **"intellectual property"** refers to the "customer relationship management" (**"CRM"**) technology described in paragraph 7 of the Complaint.

8.      As used throughout these discovery requests, the term **"Technology"** refers to Plaintiff and Counterclaim Defendant Smash Technology, LLC.

9.      As used throughout these discovery requests, the term **"Solutions"** refers to Defendant and Counterclaim Plaintiff Smash Solutions, LLC.

10.     As used in these discovery requests, the term **"Innovations"** refers to Defendant Smash Innovations, LLC

11.     This Request for Production of Documents shall be inclusive of all documents in the possession of or under the control of the Plaintiff, including, but not limited to, those documents in the possession of or under the control of agents, attorneys, representatives, employees, officers, independent consultants, experts, or any other person or entity working for or on behalf of the above-named Plaintiff.

### INSTRUCTIONS

1.      In responding to these Requests for Production of Documents, you must furnish all information which is available to you, including without limitation, information in the possession of your agents, employees, attorneys, investigators for your attorneys, and others over

4

whom you exercise control, not merely information known to the person or persons who answer these Requests for Production of Documents.

      2.      If any document to be identified is one for which you claim a privilege, state:

      a.      The name of the person who prepared the document;

      b.      The name of the person who signed the document or in whose name it was issued;

      c.      The name of each person to whom the document was addressed or circulated;

      d.      The title and nature of the writing;

      e.      The date of the document and, if it bears no date, the date when it was prepared;

      f.      The physical location of the original and any copies of which you are aware, the name and address of each person having custody or control of the document, and the name and number of the file, if any, in which it is contained; and

      g.      The basis for the privilege which you claim, in sufficient detail to enable the Court to rule on the adequacy of the asserted privilege.

      3.      If you contend that the Response to any Request for Production of Document is privileged, in whole or in part, or otherwise object to any part of any Request herein, state the reasons for such objection or privilege and identify each person having knowledge of the factual basis, if any, on which the privilege or other objection is asserted.

      4.      E-mails, e-mail folders, computer files and other electronic documents shall be submitted in electronic form.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 8**:   Please produce a copy of all tax returns filed by Michael Alexander in Bali, Indonesia, including all national, federal, provincial, state, or local tax returns, and any tax returns filed with any other government agency or office anywhere in the world, for the years 2015 through the present.

**REQUEST NO. 9**:  Please produce documents reflecting your sales, production volume, and/or earnings from Tatiana Alexander's Uberfund and Centurion positions with Bitclub Network from January 1, 2015 through the present.

**REQUEST  NO.  10**:   Please  produce  records  reflecting  earnings  you  have  realized through or as a result of any other cryptocurrency investments or activities from January 1, 2015 through the present.

**REQUEST NO. 11**:  Please produce records of any payments made with cryptocurrency to Feracode or otherwise to develop "the CRM Platform" as alleged in paragraphs 17 and 19 of the First Amended Complaint.

DATED this __19__ day of September, 2019.

RICHARDS BRANDT MILLER NELSON

_____
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Smash Solutions, LLC,*
 *Jerry J. Ulrich, and Smash Innovations, LLC*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __19__ day of September, 2019, I served the foregoing **SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MICHAEL ALEXANDER** on the persons identified below as indicated:

| | | |
|---|---|---|
| Darren G. Reid<br>Brandon T. Christensen<br>HOLLAND & HART LLP<br>222 South Main Street, Suite 2200<br>Salt Lake City, UT 84101<br>dgreid@hollandhart.com<br>btchristensen@hollandhart.com<br>*Attorneys for Plaintiffs and*<br>*Counterclaim Defendants* | ☑<br>☐<br>☐<br>☑ | U.S. Mail – Postage Prepaid<br>Hand Delivery<br>Electronic Filing<br>Email |
| Heidi G. Goebel, Esq.<br>Eric K. Jenkins, Esq.<br>GOEBEL ANDERSON, P.C.<br>405 S. Main Street, Ste. 200<br>Salt Lake City, UT 84111<br>hgoebel@gapclaw.com<br>ejenkins@gapclaw.com<br>*Attorneys for Feracode, LLC* | ☑<br>☐<br>☐<br>☑ | U.S. Mail – Postage Prepaid<br>Hand Delivery<br>Electronic Filing<br>Email |

G:\EDSI\DOCS\21981\0002\19L7295.DOC