Andrew G. Deiss (7184)
Corey D. Riley (16935)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
Tel: (801) 433–0226
Fax: (801) 386-9894
adeiss@deisslaw.com
criley@deisslaw.com
*Attorneys for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; FERACODE, LLC, a Utah limited liability company;<br><br>    Defendants. | **PLAINTIFFS' RESPONSE TO SHORT FORM DISCOVERY MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST DISCOVERY REQUESTS**<br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell<br><br>Chief Magistrate Paul M. Warner |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; and JERRY "J.J." ULRICH, an individual;<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual,<br><br>    Counterclaim Defendants. | |

1

Defendants' Short Form Discovery Motion to Compel Supplemental Responses to Defendants' First Discovery Requests [Dkt. No. 78] should be denied.

## I.     Alexander's Answer No. 5; Technology's Answer No. 3.

For these interrogatory responses, Defendants address one of several objections raised by Plaintiffs. As Plaintiffs explained in their objections, the interrogatories fail for vagueness, lack of proportionality, and other grounds. [Dkt. No. 78-1 at 9]. Namely, the interrogatories ask for a description of every moment of Plaintiffs' performance under the contract even though, as alleged, Defendants concealed that information. [Dkt. No. 50]. Defendants request should be denied because Plaintiffs' unaddressed objections are justified.

Instead of addressing the merits of Plaintiffs' objections, Defendants cite inapplicable cases where certain "contention interrogatories" were found valid; such as, when parties ask for "principal or material" facts to support an allegation. Defendants do not explain how their own interrogatories fall within the exception. Nor do Defendants claim their interrogatories are anything but "contention interrogatories," which are generally disfavored for the reasons mentioned in Plaintiffs' responses. [Dkt. No. 78-1 at 10]. At bottom, Defendants fail to provide enough detail to fully respond.

## II.    Alexander's Response No. 6.

Alexander has complied with Request No. 6 when he produced 823 pages of responsive documents. [Dkt. No. 78-1 at 15]. Although Defendants have additional documents to show Ulrich's default, they have not produced them. Plaintiffs are thus being forced to use third parties to fill the gaps. These documents will be included in supplemental responses as they become available. At this time, Alexander has complied.

### III. Technology's Response No. 3.

Defendants have not provided enough information to dispute Technology's response. Regardless, Technology complied with Request No. 3 and no further response is required under Rule 34. [Dkt. No. 78-2 at 15].

### IV. Technology's Response No. 9.

Technology has complied with Request No. 9. [Dkt. No. 78-2 at 17]. Plaintiffs produced 823 pages of responsive documents. Defendants argue the documents do not "show" the conversion of funds. But rule 34 is not a tool to "show" the elements of conversion. In any event, the scope of the conversion will be explained at trial. Until then, the documents speak for themselves—including forthcoming documents from third parties.

### V. Verification.

To the extent required by rule 33, Plaintiffs will verify their responses to the interrogatories. Plaintiffs are preparing supplemental responses to requests as required by the rules of procedure. Notably, Defendants have insisted that supplemental responses are served before depositions are scheduled. Given Defendants' demand to supplement (which has been delayed by Defendants' failure to produce documents), Plaintiffs will verify their responses when they are completed. Although Defendants do not state a reason why the initial responses should be verified before the supplemental disclosure, Plaintiffs will provide the verification page if it is immediately necessary.

For these reasons, Defendants' Short Form Discovery Motion to Compel Supplemental Responses to Defendants' First Discovery Requests [Dkt. No. 78] should be denied.

DATED this 9th day of March, 2020.

                                        Deiss Law PC

                                        /s/ Andrew G. Deiss
                                        Andrew G. Deiss
                                        Corey Riley
                                        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of March, 2020, I filed a copy of the foregoing to be served with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Heidi G. Goebel
Erik K. Jenkins
Goebel Anderson PC
hgoebel@gapclaw.com
ejenkins@gapclaw.com

Matthew C. Barneck
Zachary E. Peterson
Kristina H. Ruedas
Richards Brandt Miller Nelson
matthew-barneck@rbmn.com
zachary-peterson@rbmn.com
kristina-ruedas@rbmn.com

                                              DEISS LAW PC

                                              /s/ Corey D. Riley