Andrew G. Deiss (7184)
Corey D. Riley (16935)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
Tel: (801) 433–0226
Fax: (801) 386-9894
adeiss@deisslaw.com
criley@deisslaw.com
*Attorneys for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; FERACODE, LLC, a Utah limited liability company;<br><br>    Defendants. | **PLAINTIFFS' RESPONSE TO SHORT FORM DISCOVERY MOTION TO COMPEL PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell<br><br>Chief Magistrate Paul M. Warner |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; and JERRY "J.J." ULRICH, an individual;<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual,<br><br>    Counterclaim Defendants. | |

1

Defendants' Short Form Discovery Motion to Compel Plaintiffs' Response to Defendants' Second Request for Production of Documents [Dkt. No. 79] should be denied. Of course, Plaintiffs agree that Defendants are entitled to responses to these four requests for production of documents. However, Plaintiffs have good cause for the delay and Defendants have not stated any substantial harm.

Plaintiffs' good cause is shown by the sequence of events after the discovery requests were served. Plaintiff Michael Alexander is currently on the mend from serious health issues that required surgery and an extended recovery. He was unavailable for the time period after the requests were served. His participation in this case is necessary, and, at this point, he is ready and able to assist counsel in the discovery process. The delays caused by Alexander's health issues were unavoidable, and Defendants' correctly note that they were the reason for an extension of the responses immediately before prior counsel withdrew.

As Defendants also note, they requested to meet and confer on the day before Plaintiffs' prior counsel filed their motion to withdraw from the case. Undersigned counsel appeared on December 31, 2019, [Dkt. No. 74], but did not receive the complete file from prior counsel until January 24, 2020. Since then, counsel has sought to address all of the discovery issues raised in Defendants' three pending discovery motions, as well as other pressing issues. There are 14 causes of action in the First Amended Complaint; multiple counterclaims; and each of the pleadings involve allegations of trade secret violations, tort and contract theories, and equitable and declaratory relief judgments. Plaintiffs are obligated to respond to the requests, no doubt, but the stipulated deadline for the requests ended immediately before prior counsel withdrew. Counsels' 1.5 months (with the file) have been a transition period in a complex case—and

Plaintiffs have acted in good faith to comply with all discovery obligations. More than two weeks may be necessary to complete the requests, and Plaintiffs should be given a reasonable opportunity to respond.

Finally, Defendants make no effort to explain how the timing of the responses to these four discovery requests have "hindered [their] ability to defend against Plaintiffs' claims." [Dkt. No. 79]. As discussed in Plaintiffs' filings accompanying this response, Defendants themselves have not provided categories of documents, while demanding immediate supplementation of documents, and without providing any substantial reason for their requests. Additional time is reasonable in this case because of the number and content of discovery responses that Defendants' are demanding. Defendants' cannot point to any actual prejudice because none exists; just as no substantial basis exists for many of their other discovery demands.

For these reasons, Defendants' Short Form Discovery Motion to Compel Plaintiffs' Response to Defendants' Second Request for Production of Documents should be denied.

DATED this 9th day of March, 2020.

                                              Deiss Law PC

                                              /s/ Andrew G. Deiss
                                              Andrew G. Deiss
                                              Corey Riley
                                              Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of March, 2020, I filed a copy of the foregoing to be served with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Heidi G. Goebel
Erik K. Jenkins
Goebel Anderson PC
hgoebel@gapclaw.com
ejenkins@gapclaw.com

Matthew C. Barneck
Zachary E. Peterson
Kristina H. Ruedas
Richards Brandt Miller Nelson
matthew-barneck@rbmn.com
zachary-peterson@rbmn.com
kristina-ruedas@rbmn.com

DEISS LAW PC

/s/ Corey D. Riley