Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

---

## IN THE UNITED STATES DISTRICTCOURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; <br><br> Defendants. | **PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO SMASH SOLUTIONS, LLC** <br><br><br> Case No. 2:19-cv-00105-TC <br><br> Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; <br><br> Counterclaim Defendants. | |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Smash Technology, LLC and Michael Alexander (collectively, "Plaintiffs"), by and through their counsel of record, submit their First Set of Written Discovery Requests to Defendant Smash Solutions, LLC (Smash Solutions).

## **DEFINITIONS**

1.     In this First Set of Document Requests, "document" and "documents" are used in the broadest sense permitted by Fed. R. Civ. P. 34(a)(1), including but not limited to material stored electronically on tape, disk or other media and e-mail.  "Document" or "documents" also include all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed, or otherwise prepared.  Each such non-identical copy is to be considered and identified as a separate document.  To the extent any "communication" as defined below is reduced to or evidenced in a writing or other recordation, it is expressly included in the terms "document" or "documents."

2.     The term "person" or "persons" includes not only natural persons, but also without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof, including any directors, officers, employees, and agents thereof.

3.     The term "communication" or "communications" shall include any documents and any exchange or transfer of information between two or more persons or between one or more persons and a file, whether written, oral, or in any other form including communications

via a meeting, e-mail, correspondence, conversation, conference, telephone conversation, or video conference.

4.      "Identify" when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his actions in connection with the matters alleged in this action.

5.      "Identify" when used with respect to a corporation or other form of business organization, means to state the name of such corporation or business organization, the address of its principal place of business and the identity of all individuals who acted on its behalf in connection with matters alleged in this action.

6.      "Identify" when used with regard to a document or writing, means to give the type of document or writing (e.g., letter, memorandum, facsimile, report, etc.), date, file and/or identifying symbol, to identify the author, addressee(s), and each custodian of such document, and to state the substance of such document or produce the same.

7.      "Describe" when used with respect to a communication, document, act, event, or conduct, means to give, state, or identify the following:

a.      The date of the communication, document, act, event, or conduct, where it took place, and the person or persons present;

b.      If a communication or document, the words or substance of the communication or document, the person making each of the particular statements so listed, the mode of the communication (e.g., in writing, telephone, in person) and the location of each of the participants;

3

c.     If an act, event, or conduct, the details of the act or conduct being described and what each participant in such act or conduct did; and

d.     Any document evidencing or reflecting any communication, act, event, or conduct described in response to, or called for by, the interrogatory requesting you to describe the communication, document, act, event, or conduct.

8.     "Thing" or "things" is used in the most comprehensive and permissive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, components, molds, or other devices, including commercially manufactured items.

9.     When a document or thing which "refers" or "relates to" any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, or concerns that matter, or that is in any way pertinent to that matter.

10.     Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine.

11.     The term "statement" includes any written or graphic statement, signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

12.     The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these Document Requests any information which might otherwise be construed to be outside their scope.

13.     The term "Complaint" means and refers to Plaintiffs' Complaint for Injunctive and Other Relief.  The terms "intellectual property" and "CRM Platform" refer to the intellectual property and CRM Platform assets as described in the Complaint.

14.     "Solutions," "You," and "Your" means:

a.     Smash Solutions, LLC, individually and/or collectively, and/or all entities or names under which it has done or is doing business;

b.     anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers, directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

c.     all predecessors, successors, or owners/purchasers thereof;

d.     all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

e.     all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

15.     "Ulrich" means:

a.     "Jerry 'J.J.' Ulrich,", individually and/or collectively, and/or all entities or names under which it has done or is doing business;

a.     anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers, directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

      b.     all predecessors, successors, or owners/purchasers thereof;

      c.     all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

      d.     all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

16.     "Innovations" means:

      a.     Smash Innovations, LLC, individually and/or collectively, and/or all entities or names under which it has done or is doing business;

      b.     anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers, directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

      c.     all predecessors, successors, or owners/purchasers thereof;

      d.     all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

      e.     all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

17.     "Feracode" means:

      a.     Feracode, LLC, individually and/or collectively, and/or all entities or names under which it has done or is doing business;

      b.     anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers,

directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

        c.     all predecessors, successors, or owners/purchasers thereof;

        d.     all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

        e.     all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

## <u>INSTRUCTIONS</u>

1.     If any document responsive to a Request for Production was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.  No document requested herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2.     If any document is withheld on a claim of privilege or work-product protection, please produce a privilege log that states (a) the date the document was prepared or the date it bears, (b) the author of the document, (c) the addressee(s) and recipient(s) of the document, (d) the title and/or subject matter of the document, (e) the source of the document, (f) the identity of all persons to whom the document or any portion thereof has been revealed to date, and (g) the basis for withholding the document.

3.     In your responses to this First Set of Document Requests, please restate the text of each Interrogatory, Request for Production, and Request for Admission preceding your response thereto.

4.    This First Set of Document Requests shall be deemed continuing so as to require supplemental answers if you obtain any further information between the time its answers hereto are served and the time of trial.

5.    Smash Solutions is required to respond to this First Set of Document Requests in writing within twenty-eight (28) days of service pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:  Please produce all documents that support the damages that you claim in this case, including all documents that you will provide to any expert witness who you retain to calculate your damages.

**REQUEST NO. 2**:  Please produce records of all your financial transactions from 2015 to the present, including bank account records, accounting records, ledgers, profit-loss statements, balance sheets, and any schedules of debts, liabilities, or assets.

**REQUEST NO. 3**:  Please produce copies of all federal and state tax returns filed in the United States for the taxable years 2015 through the present.

**REQUEST NO. 4**: Please provide any agreements, contracts, or draft documents between Solutions and any individual or entity for employment, membership, ownership, or operations with Solutions.

**REQUEST NO. 5**: Please produce copies of any documents supporting or relating to Plaintiffs' claims that Ulrich (i) entered into unauthorized vendor agreements, (ii) commingled Technology's funds with Solutions' funds, Innovations' funds, or Ulrich's personal accounts, (iii) used Technology's funds for Solutions', Innovations', or Ulrich's expenses, or (iv)

fraudulently invoiced Solutions, Innovations, and/or Ulrich for various Technology purchases, including but not limited to vendor agreements, bank records, checks, receipts, invoices, purchase orders, cryptocurrency accounts and transaction receipts and records, and other related documents.

**REQUEST NO. 6:** Please produce copies of any documents supporting or relating to Plaintiffs' claim that they have conferred benefits upon you, Innovations, Ulrich, or Feracode that constitute unjust enrichment.

**REQUEST NO. 7:** Please produce copies of any documents reflecting, supporting, or relating to the claim that Plaintiffs have made payments to Feracode pursuant to the Agreement between Technology and Feracode entered in March 2018, including but not limited to checks, wire transfer records, payment receipts, bank account records, cryptocurrency accounts and transaction receipts and records, and other related documents.

**REQUEST NO. 8:** Please produce copies of any documents supporting or relating to any transactions between you and Innovations, Ulrich, Technology, and/or Feracode from 2015 to the present, including but not limited to checks, wire transfer records, payment receipts, bank account records, cryptocurrency accounts and transaction receipts and records, and other related documents.

**REQUEST NO. 9:** Please produce copies of any documents supporting or relating to Plaintiffs' claim that you, Ulrich, Innovations, and/or Feracode converted funds, cryptocurrency, or other property belonging to Technology.

**REQUEST NO. 10:** Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any of the allegations, denials, or affirmative defenses contained in

Plaintiffs' Complaint and your Answer and Counterclaims thereto, including but not limited to emails, text messages, instant messages, and voice messages.

**REQUEST NO. 11**: Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any discussions, negotiations, transactions, or agreements between you, on the one hand, and Ulrich, Alexander, or an any other person or entity, on the other hand, regarding the formation, funding, and operation of Smash Technology and/or its development of the intellectual property and CRM Platform, but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 12**:  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to the formation, funding, and/or operation of Smash Innovations, LLC, including but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 13**:  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to your discussions, negotiations, payments, transactions, and/or agreements with Feracode, LLC, including but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 14**:  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to discussions with any person or entity from 2015 to the present regarding the development of the intellectual property and/or CRM Platform, included but not limited to oral and written agreements, meeting minutes, emails, text messages, instant messages, and voice messages.

**REQUEST NO. 15**:  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any and all payments, deposits, withdrawals, transfers (cash or Bitcoin), and/or exchanges that you made to Ulrich, Innovations, and/or Feracode from 2015 to the present, including but not limited to agreements, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals, payments, and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

DATED this 12th day of June, 2019.

HOLLAND & HART, LLP


/s/ Darren G. Reid
Darren G. Reid
Brandon T. Christensen
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2019, I served a copy of the foregoing document to the

following by e-mail:

Matthew C. Barneck – <u>matthew-barneck@rbmn.com</u>
Zachary E. Peterson – <u>zachary-peterson@rbmn.com</u>
Kristina H. Ruedas – <u>kristina-ruedas@rbmn.com</u>


/s/ Christa L. Fries

12746191_v1

12

Darren G. Reid (11163)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dgreid@hollandhart.com
btchristensen@hollandhart.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICTCOURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>        Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>        Defendants. | **PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO JERRY "J.J." ULRICH**<br><br><br>Case No. 2:19-cv-00105-TC<br><br>Judge Tena Campbell |
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>        Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>        Counterclaim Defendants. | |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Smash Technology, LLC and Michael Alexander (collectively, "Plaintiffs"), by and through their counsel of record, submit their First Set of Written Discovery Requests to Defendant Jerry "J.J." Ulrich ("Ulrich").

## **DEFINITIONS**

1.      In this First Set of Document Requests, "document" and "documents" are used in the broadest sense permitted by Fed. R. Civ. P. 34(a)(1), including but not limited to material stored electronically on tape, disk or other media and e-mail.  "Document" or "documents" also include all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed, or otherwise prepared.  Each such non-identical copy is to be considered and identified as a separate document.  To the extent any "communication" as defined below is reduced to or evidenced in a writing or other recordation, it is expressly included in the terms "document" or "documents."

2.      The term "person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof, including any directors, officers, employees, and agents thereof.

3.      The term "communication" or "communications" shall include any documents and any exchange or transfer of information between two or more persons or between one or more persons and a file, whether written, oral, or in any other form including communications via a meeting, e-mail, correspondence, conversation, conference, telephone conversation, or video conference.

4.      "Identify" when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his actions in connection with the matters alleged in this action.

5.      "Identify" when used with respect to a corporation or other form of business organization, means to state the name of such corporation or business organization, the address of its principal place of business and the identity of all individuals who acted on its behalf in connection with matters alleged in this action.

6.      "Identify" when used with regard to a document or writing, means to give the type of document or writing (e.g., letter, memorandum, facsimile, report, etc.), date, file and/or identifying symbol, to identify the author, addressee(s), and each custodian of such document, and to state the substance of such document or produce the same.

7.      "Describe" when used with respect to a communication, document, act, event, or conduct, means to give, state, or identify the following:

a.      The date of the communication, document, act, event, or conduct, where it took place, and the person or persons present;

b.      If a communication or document, the words or substance of the communication or document, the person making each of the particular statements so listed, the mode of the communication (e.g., in writing, telephone, in person) and the location of each of the participants;

c.      If an act, event, or conduct, the details of the act or conduct being described and what each participant in such act or conduct did; and

d.      Any document evidencing or reflecting any communication, act, event, or conduct described in response to, or called for by, the interrogatory requesting you to describe the communication, document, act, event, or conduct.

8.      "Thing" or "things" is used in the most comprehensive and permissive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, components, molds, or other devices, including commercially manufactured items.

9.      When a document or thing which "refers" or "relates to" any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, or concerns that matter, or that is in any way pertinent to that matter.

10.     Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine.

11.     The term "statement" includes any written or graphic statement, signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

12.     The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these Document Requests any information which might otherwise be construed to be outside their scope.

13.     The term "Complaint" means and refers to Plaintiffs' Complaint for Injunctive and Other Relief.  The terms "intellectual property" and "CRM Platform" refer to the intellectual property and CRM Platform assets as described in the Complaint.

14.     "Solutions" means:

a.     Smash Solutions, LLC, individually and/or collectively, and/or all entities or names under which it has done or is doing business;

b.     anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers, directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

c.     all predecessors, successors, or owners/purchasers thereof;

d.     all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

e.     all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

15.     "Ulrich," "You," or "Your" means:

a.     "Jerry 'J.J.' Ulrich,", individually and/or collectively, and/or all entities or names under which it has done or is doing business;

a.     anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers, directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

b.      all predecessors, successors, or owners/purchasers thereof;

c.      all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

d.      all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

16.      "Innovations" means:

a.      Smash Innovations, LLC, individually and/or collectively, and/or all entities or names under which it has done or is doing business;

b.      anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers, directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

c.      all predecessors, successors, or owners/purchasers thereof;

d.      all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

e.      all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

17.      "Feracode" means:

a.      Feracode, LLC, individually and/or collectively, and/or all entities or names under which it has done or is doing business;

b.      anyone acting or purporting to act on behalf of persons or entities identified in subsection (a) above including, without limitation, all present and former officers,

directors, investors, employees, independent contractors, agents, representatives, attorneys, consultants, or other personnel;

       c.     all predecessors, successors, or owners/purchasers thereof;

       d.     all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a), above (whether owned in whole or in part); and/or

       e.     all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

## **INSTRUCTIONS**

1.     If any document responsive to a Request for Production was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.  No document requested herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2.     If any document is withheld on a claim of privilege or work-product protection, please produce a privilege log that states (a) the date the document was prepared or the date it bears, (b) the author of the document, (c) the addressee(s) and recipient(s) of the document, (d) the title and/or subject matter of the document, (e) the source of the document, (f) the identity of all persons to whom the document or any portion thereof has been revealed to date, and (g) the basis for withholding the document.

3.     In your responses to this First Set of Document Requests, please restate the text of each Interrogatory, Request for Production, and/or Request for Admission preceding your response thereto.

4.      This First Set of Document Requests shall be deemed continuing so as to require supplemental answers if you obtain any further information between the time its answers hereto are served and the time of trial.

5.      Ulrich is required to respond to this First Set of Document Requests in writing within twenty-eight days (28) days of service pursuant to Rule 34 of the Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**  Please produce all documents that support the damages that you claim in this case, including all documents that you will provide to any expert witness who you retain to calculate your damages.

**REQUEST NO. 2:**  Please produce records of all your personal financial transactions from 2015 to the present, including but not limited to bank account records, credit card statements, accounting records, ledgers, profit-loss statements, balance sheets, and any schedules of debts, liabilities, or assets.

**REQUEST NO. 3:**  Please produce copies of all federal and state tax returns you filed personally or filed for other entities you own, direct, control, or have an interest in for the taxable years 2015 through the present.

**REQUEST NO. 4:**  Please provide any agreements, contracts, or draft documents between, on the one hand, you, Solutions, Innovations, and/or any other business entity you have an interest in and, on the other hand, any individual or entity for employment, membership, ownership, or operations.

**REQUEST NO. 5:** Please produce copies of any documents supporting or relating to Plaintiffs' claims that you (i) entered into unauthorized vendor agreements, (ii) commingled Technology's funds with Solutions' funds, Innovations' funds, your personal accounts, or any other business entity you have an interest in, (iii) used Technology's funds for personal expenses, or (iv) fraudulently invoiced Solutions, Innovations, and/or yourself for various Technology purchases, including but not limited to vendor agreements, bank records, checks, receipts, invoices, purchase orders, cryptocurrency accounts and transaction receipts and records, and other related documents.

**REQUEST NO. 6:** Please produce copies of any documents supporting or relating to Plaintiffs' claim that they have conferred benefits upon you, Solutions, Innovations, or Feracode that constitute unjust enrichment.

**REQUEST NO. 7:** Please produce copies of any documents reflecting, supporting, or relating to the claim that Plaintiffs have made payments to Feracode pursuant to the Agreement between Technology and Feracode entered in March 2018, including but not limited to checks, wire transfer records, payment receipts, bank account records, cryptocurrency accounts and transaction receipts and records, and other related documents.

**REQUEST NO. 8:** Please produce copies of any documents supporting or relating to any transactions between you, Technology, Solutions, Innovations, and/or Feracode from 2015 to the present, including but not limited to checks, wire transfer records, payment receipts, bank account records, cryptocurrency accounts and transaction receipts and records, and other related documents.

**REQUEST NO. 9:**  Please produce copies of any documents supporting or relating to Plaintiffs' claim that you, Innovations, Solutions, and/or Feracode converted funds, cryptocurrency, or other property belonging to Plaintiffs.

**REQUEST NO. 10:** Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any of the allegations, denials, or affirmative defenses contained in Plaintiffs' Complaint and your Answer and Counterclaims thereto, including but not limited to emails, text messages, instant messages, and voice messages.

**REQUEST NO. 11:** Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any discussions, negotiations, transactions, or agreements between you, on the one hand, and Michael Alexander or any other person or entity, on the other hand, regarding the formation, funding, and operation of Smash Technology and/or its development of the intellectual property and CRM Platform, including but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 12:**  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to your formation, funding, and/or operation of Smash Innovations, LLC, including but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 13:**  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to your discussions, negotiations, payments, transactions, and/or

agreements with Feracode, LLC and/or any of its principals or agents, including but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 14:**  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to your discussions with any person or entity from 2015 to the present regarding the development of the intellectual property and/or CRM Platform, including but not limited to oral and written agreements, meeting minutes, emails, text messages, instant messages, and voice messages.

**REQUEST NO. 15:**  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any and all payments, deposits, withdrawals, transfers (cash or Bitcoin), and/or exchanges that Michael Alexander made to you from 2015 to the present, including but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

**REQUEST NO. 16:**  Produce all documents and other tangible things which evidence, reflect, discuss, or relate to any and all payments, deposits, withdrawals, transfers (cash or Bitcoin), and/or exchanges that you made to Alexander, Technology, Solutions, Innovations, and/or Feracode from 2015 to the present, including but not limited but not limited to oral and written agreements, meeting minutes, checks, invoices, bank statements, cash deposits, Bitcoin withdrawals and payments and/or exchanges, wire transfers, emails, text messages, instant messages, or voice messages.

DATED this 12th day of June, 2019.

HOLLAND & HART, LLP


/s/ Darren G. Reid
Darren G. Reid
Brandon T. Christensen
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2019, I served a copy of the foregoing document to the

following by e-mail:

Matthew C. Barneck – matthew-barneck@rbmn.com
Zachary E. Peterson – zachary-peterson@rbmn.com
Kristina H. Ruedas – kristina-ruedas@rbmn.com


/s/ Christa L. Fries

13104910_v1

13