MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
 *Attorneys for Smash Solutions, LLC,*
 *Smash Innovations, LLC, and Jerry J. Ulrich*
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
        zachary-peterson@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>  Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company,<br><br>  Defendants. | **Defendants and Counterclaim Plaintiffs Smash Solutions, LLC, Jerry Ulrich, and Smash Innovations, LLC's Response to Plaintiffs' Short Form Discovery Motion to Amend Scheduling Order**<br><br><br><br>Civil No. 2:19-cv-00105-TC-PMW<br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

| | |
|---|---|
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3;<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>    Counterclaim Defendants. | |

    Defendants and Counterclaim Plaintiffs respectfully request the Court deny Plaintiffs' request for an extension of fact discovery because Plaintiffs have failed to diligently pursue their claims. A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). This good cause standard "focuses on the diligence of the party seeking leave to modify the scheduling order." *See Larada Scis., Inc. v. Pediatric Hair Sols. Corp.*, No. 2:18-CV-00551, 2020 WL 1915832, at *2 (D. Utah Apr. 20, 2020).

    Plaintiffs initiated this action in January 2019, based primarily on allegations that Michael Alexander invested significant sums of money into Smash Technology in exchange for the transfer of intellectual property from Smash Solutions. Shortly after this matter was filed, Mr. Ulrich was hospitalized with a severe infection. At a status hearing in April, Defendants requested additional time to allow Mr. Ulrich to fully recuperate, and Plaintiffs argued the Court should deny the request in order to let the case move forward. Yet, 16 months later, Plaintiffs have still not produced evidence of Alexander's investments nor an agreement to transfer Smash

Solutions' intellectual property. Indeed, the basic information required by Rule 26 to establish a viable claim has not been produced. This evidence should have been in Plaintiffs' possession at the time they filed their Complaint.

Instead of producing these critical documents, Plaintiffs attempt to shift responsibility to Defendants to produce documents to support Plaintiffs' claims. In their Motion, Plaintiffs assert that Defendants have not responded to their Request No. 2 seeking "all financial transactions from 2015 to the present." (Doc. 84-1.) To the contrary, Defendants produced hundreds of pages responsive to this request in September 2019. Plaintiffs have never sent any correspondence or made any other formal indication that Defendants' supplemental production was deficient. Plaintiffs also acknowledge obtaining approximately 1,500 pages of financial transactions via subpoenas. Yet despite these productions, Plaintiffs claim they need additional time to identify records of payments that Plaintiffs claim to have made. Again, Plaintiffs fail to explain why these records are not in their possession.

In addition, Plaintiffs have failed to meet their own discovery obligations. Defendants filed three short form discovery motions to pursue document discovery from Plaintiffs; one of which addresses a request for production served in September 2019 to which Plaintiffs never responded. (Docs. 77-79.) Defendants sent Plaintiffs meet-and-confer letters in September and December 2019, and Plaintiffs never responded to them. While Defendants recognize the unique challenges presented by the Covid-19 pandemic, social distancing restrictions did not begin until early March 2020. Plaintiffs have owed Defendants documents and information since the case was initiated in early 2019 and since discovery served in mid-2019.

Fact discovery has already been extended twice at Plaintiffs' request, with Defendants' stipulation. (Docs. 69, 76). Despite these extensions, Plaintiffs have failed to provide basic information to support the claims and to address Defendants' pending discovery requests. Given these deficiencies, Defendants cannot agree to another extension of fact discovery.

DATED this  29th  day of April, 2020.

RICHARDS BRANDT MILLER NELSON


  / S /   KRISTINA RUEDAS
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Smash Solutions, LLC,*
  *Smash Innovations, LLC, and Jerry J. Ulrich*

G:\EDSI\DOCS\21981\0002\1AJ3543.DOC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  29th  day of April, 2020, I electronically filed the foregoing **Defendants and Counterclaim Plaintiffs Smash Solutions, LLC, Jerry Ulrich, and Smash Innovations, LLC's Response to Plaintiffs' Short Form Discovery Motion to Amend Scheduling Order** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Andrew G. Deiss
>Wesley D. Felix
>Corey D. Riley
>DEISS LAW PC
>10 West 100 South, Suite 425
>Salt Lake City, UT 84101
>adeiss@deisslaw.com
>wfelix@deisslaw.com
>criley@deisslaw.com
>*Attorneys for Plaintiffs and*
>*Counterclaim Defendants*
>
>Heidi G. Goebel
>Eric K. Jenkins
>GOEBEL ANDERSON PC
>405 South Main Street, Suite 200
>Salt Lake City, UT  84111
>HGoebel@GAPClaw.com
>EJenkins@GAPClaw.com
>*Attorneys for Defendant Feracode, LLC*

  / S /   KRISTINA H. RUEDAS

G:\EDSI\DOCS\21981\0002\1AJ3543.DOC