MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
 *Attorneys for Smash Solutions, LLC,*
 *Smash Innovations, LLC, and Jerry J. Ulrich*
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
        zachary-peterson@rbmn.com
        kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>        Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company,<br><br>        Defendants. | **MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS**<br><br><br><br>Civil No. 2:19-cv-00105-TC-JCB<br><br>Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

SMASH SOLUTIONS, LLC, a Delaware
limited liability company; JERRY "J.J."
ULRICH, an individual; and JOHN DOES 1-3;

       Counterclaim Plaintiffs,

vs.

SMASH TECHNOLOGY, LLC, a Nevada
limited liability company; and MICHAEL
ALEXANDER, an individual;

       Counterclaim Defendants.

Defendants and Counterclaim Plaintiffs Smash Solutions, LLC, Jerry Ulrich, and Smash Innovations, LLC ("**Defendants**"), through their counsel of record Matthew C. Barneck, Zachary E. Peterson, and Kristina H. Ruedas of RICHARDS BRANDT MILLER NELSON, and pursuant to Rules 16, 26, 37, and 56 of the Federal Rules of Civil Procedure, respectfully move the Court to enter discovery sanctions and summary judgment against the Plaintiffs.

## STATEMENT OF RELIEF SOUGHT

Pursuant to D.U.Civ.R 7-1(a)(1), Defendants summarize the relief sought by this Motion. They pursue three (3) kinds of relief.  First, they seek an order under FED. R. CIV. P. 37(b)(2)(A) prohibiting Plaintiffs from supporting their damages claims or calling expert witnesses in the case, because they failed to comply with the Court's Memorandum Decision and Order entered June 30, 2020 (the "**June 30 Order**") (Doc. 90) and the Scheduling Order entered July 29, 2020. (Doc. 94)  Second, based on the failure to call expert witnesses or an order precluding Plaintiffs from calling experts, summary judgment should be granted to the Defendants on the First

through Twelfth causes of action in Plaintiffs' First Amended Complaint. (Doc. 50) Finally, and in addition to the relief described above, Defendants renew a Motion for Partial Summary Judgment previously filed (Doc. 32) addressing ownership of the Intellectual Property at issue in the case. The Motion was denied previously because there were issues of fact and discovery was not yet complete.

Based thereon, Defendants seek an order of sanctions and an order of summary judgment dismissing all causes of action against them.

## STATEMENT OF RELEVANT FACTS

1.     On January 28, 2019, Plaintiffs Michael Alexander ("**Alexander**") and Smash Technology, LLC ("**Smash Tech**") filed their Complaint in the Fourth District Court for the State of Utah.

2.     On February 15, 2019, the case was removed to the United States District Court for the District of Utah. (Doc. 4.)

3.     On April 12, 2019, Defendants answered the Complaint and asserted a Counterclaim against Alexander and Smash Tech. (Doc. 27.)

**A.     Failure Comply With Court-Ordered Discovery Obligations.**

4.     On May 3, 2019, Plaintiffs served their Initial Disclosures, which failed to provide the required "computation of each category of damages claimed by the disclosing party …." FED. R. CIV. P. 16(a)(1). (Doc. 90 at 5-6.) "Instead, Plaintiffs stated that they would provide a damage calculation after 'special or expert testimony' …." (Doc. 90 at 6.) Plaintiffs' "initial disclosures failed to even provide an amount that each 'likely' category of damages would support." (Doc. 90 at 6.)

5.      The documents Plaintiffs produced also did not support the damages alleged in the Complaint, so Defendants served their first set of discovery requests on May 31, 2019 seeking tax returns, contracts, and/or records of payment such as checks, wire transfer records, payment receipts, bank account records, and other related documents.  (Doc. 90 at 6, 10.)

6.      On July 19, 2019, Plaintiffs served responses to Defendants' first discovery requests and included a number of general objections and other objections asserting that the discovery requests called for expert testimony or sought "documents in the custody, possession, and/or control of Defendants and other related third parties."  (Doc. 90 at 6-7.)

7.      On September 16, 2019, Defendants' counsel sent Plaintiffs' counsel a meet-and-confer letter asserting the failure to itemize damages calculations or to produce documents supporting their damages claims.  (Doc. 77-4 at 2-6; Doc. 78-3 at 2-6.)

8.      On September 19, 2019, Defendants served their Second Request for Production of Documents upon Alexander.  (Doc. 90 at 11.)

9.      Alexander did not respond to Defendants' Second Request for Production (Doc. 90 at 6-7) until after the Court ordered it to do so.  The Court-ordered deadline was July 30, 2020, and Alexander did not serve Responses until August 14, 2020.  (Declaration of Matthew C. Barneck, ¶¶3-4, filed concurrently.)

10.     Moreover, Alexander did not produce any tax returns or any other documents supporting his alleged cryptocurrency losses or other damages.  (Barneck Decl., ¶5.)

11.     On March 2, 2020, Defendants filed three (3) Short Form Discovery Motions, asking the Court to order that the Plaintiffs (1) fairly disclose their claimed damages and produce

supporting documents; (2) completely respond to Defendants' first set of discovery requests; and (3) respond to Defendants' second set of discovery requests.  (Docs. 77-79.)

12.      On June 30, 2020, the Court granted Defendants' Motions.  The Court found as follows:  "As to the interrogatories on damages, Mr. Alexander and Smash Tech then stated '[s]ubject to and consistent with the foregoing objections' that they had not calculated their damages '[a]t this early stage of discovery.'"  (Doc. 90 at 7.)

13.      The Court ordered Plaintiffs to do the following:

a)      Alexander must respond anew to Interrogatories 1 and 2 and document requests 1, 2, and 6 within 30 days of the Order;

b)      Alexander must respond to Interrogatory No. 5 no later than 30 days after the close of fact discovery;

c)      Smash Tech must respond again to Interrogatory No. 2 and document requests 3, 4, 6, 7, and 9 within 30 days of the Order;

d)      Smash Tech must respond to Interrogatory No. 3 no later than 30 days after the close of fact discovery; and

e)      All interrogatory responses must be "under oath."

(Doc. 90 at 24-25.)

14.      The Court also granted Defendants' attorney fees associated with one Short Form Discovery Motion (Doc. 79).  Plaintiffs' counsel did not dispute the amount of fees incurred, and agreed to pay Defendants' counsel $1,819.17.  (*See* Email from Tawni Budgen to Defendants' Counsel, dated August 11, 2020, attached as *Ex. 1*.)  Regardless, Plaintiffs never paid the award. (Barneck Decl., ¶7.)

15.     On July 30, 2020, Plaintiffs served supplemental responses to the Defendants' first discovery requests.  These supplemental responses were still deficient, however, as outlined in Defendants' August 7 meet-and-confer letter.  (Barneck Decl., ¶9.)

16.     Plaintiffs did not respond to the meet-and-confer letter and did not amend or further supplement their responses.  (Barneck Decl., ¶10.)

17.     On August 28, 2020, Plaintiffs' counsel moved to withdraw as counsel, citing "professional considerations and conflicts between counsel and plaintiffs."  (Doc. 95.)

18.     The Court granted the Motion to Withdraw on August 31, 2020 and ordered Plaintiffs and Counterclaim Defendants, or their new counsel, to file a Notice of Appearance within twenty-one (21) days.  (Doc. 98.)  The Court warned that failure to file a Notice of Substitution of Counsel or Notice of Appearance may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment. (Doc. 98.)

19.     Plaintiffs and Counterclaim Defendants have failed to appear or appoint counsel as required by the Court's Order (Doc. 98).

20.     Fact discovery closed on October 30, 2020.  (Doc. 94.)  Contrary to the Court's June 30 Order, Alexander failed to serve a supplemental Answer to Interrogatory No. 5 within 30 days after the close of fact discovery.  Likewise, Smash Tech failed to serve a supplemental Answer to Interrogatory No. 3 within 30 days after the close of fact discovery.  (*See* Doc. 90 at 25; Barneck Decl., ¶11.)

21.     Under the Court's most recent Scheduling Order, Plaintiffs' expert witness disclosures and reports were due on November 13, 2020.  (Doc. 94)  Plaintiffs and Counterclaim

Defendants failed to designate or disclose any expert witnesses or produce any expert reports.[1]

(Barneck Decl., ¶12.)

     22.    Plaintiffs did not seek discovery from the experts that Defendants designated on

December 31, 2020.  (Barneck Decl., ¶14.)  Expert discovery closed on February 5, 2021.

(Doc. 94)

### B.    Solutions Owns the Intellectual Property.

     23.    Defendant Smash Solutions, LLC ("**Smash Solutions**") was formed in 2012.

(*See* Articles of Organization, attached as *Ex. 2*.)

     24.    Ulrich invented the technology and infrastructure for the business software at

issue in this action.  (Declaration of Jerry J. Ulrich, Doc. 33, ¶5.)

     25.    During all times relevant to the Plaintiffs' claims, Smash Solutions owned all

intellectual property rights to the software (the "**Intellectual Property**").  (Doc. 33, ¶7.)

     26.    Smash Solutions has never transferred the Intellectual Property to Smash Tech.

(Doc. 33, ¶16.)

     27.    During all the time relevant to Plaintiffs' claims, Smash Solutions was the

registered owner of the trademark associated with the Intellectual Property.  (*Ex. 3*.)

     28.    The mark was filed on August 2, 2013 and registered on August 5, 2014 (*see id.*),

before Alexander or Smash Tech had any business relationship with Smash Solutions.  (*Ex. 3*.)

---

[1] Plaintiffs previously filed their "initial" expert disclosures on May 6, 2020.  (Doc. 86)  However, they did not serve any final expert disclosures or produce any expert reports by the November 13, 2020 deadline.  (Barneck Decl., ¶13.)

29.     Plaintiffs' Amended Complaint alleges that Defendant Jerry Ulrich ("**Ulrich**") "agreed to transfer infant intellectual property to [Smash Tech] …."  (Amended Complaint, Doc. 50, ¶12.)

30.     Plaintiffs further allege:  "Based upon his representations, Ulrich transferred Solutions' infant intellectual property to Technology and dissolved Smash Solutions."  (Doc. 50, ¶14.)

31.     Smash Solutions has never entered into any contract with Alexander or Smash Tech.  (Doc. 33, ¶17.)

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT STANDARDS

"Summary Judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1219 (10th Cir. 2016); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* FED. R. CIV. P. 56(a).  To meet this initial burden "the movant 'need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law.'"  *U.S. v. Simons, et al.*, 129 F.3d 1386, 1388 (10th Cir. 1997) (*quoting Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).

"To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture or surmise."  *Bones v. Honeywell Int'l, Inc., et al.*, 366 F.3d 869, 875 (10th Cir. 2004).  The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd.,*

*et al. v. Zenith Radio Corp., et al.*, 475 U.S. 574, 586 (1986).  "[A] party cannot rest on ignorance of facts" in response to a motion for summary judgment.  *Conaway v. Smith, et al.*, 853 F.2d 789, 794 (10th Cir. 1988).

## POINT II

### ALEXANDER AND SMASH TECH FAILED TO COMPLY WITH ORDERS OF THE COURT.

If a party fails to obey an order to provide or permit discovery, including an order under Rules 26(f), 35, or 37(a), the Court where the action is pending may issue further just orders, including the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(b)(2)(A).

Similarly, if a party fails to properly and timely disclose a witness or document, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the Court may impose other appropriate sanctions, including any of the orders

listed in Rule 37(b)(2)(A)(i)-(vi). FED. R. CIV. P. 37(c)(1).  If a party fails to obey a scheduling or other pretrial order, the Court may issue any just orders, including for the following sanctions listed in Rule 37.  *See* FED. R. CIV. P. 16(f)(1)(C).

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to obey a scheduling or other pretrial order."  FED. R. CIV. P. 16(f)(1)(C).

### A.   *Ehrenhaus* Factors.

The Tenth Circuit has addressed the scope of permissible sanctions for a party's failure to comply with discovery orders.  "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'"  *Ehrenhaus v. Reynolds, et al.*, 965 F.2d 916, 920-21 (10th Cir. 1992).

Most of the case law concerns the sanction of dismissal.  *See, e.g., Klein-Becker USA, LLC, et al. v. Englert, et al.*, 711 F.3d 1153 (10th Cir. 2013); *The Procter & Gamble Co., et al. v. Haugen, et al.*, 427 F.3d 727 (10th Cir. 2005).  Courts should consider the *Ehrenhaus* criteria before granting dismissal or even before imposing a lesser sanction.  Those criteria are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Ehrenhaus*, 965 F.2d 921.

In this case, Defendants do not seek dismissal as a sanction but rather an order prohibiting Plaintiffs from supporting their damages claims at trial because they failed to comply

with the Court's June 30 Order.  The Court should also preclude Plaintiffs from calling any expert witnesses to testify about damages or any other issues, because they failed to properly designate experts or produce any expert reports in accordance with the Court's Scheduling Order.  (Doc. 94)  Defendants acknowledge that if granted this sanction would lead indirectly to dismissal of Plaintiffs' claims based on the request for summary judgment set forth below. Therefore, each of the *Ehrenhaus* factors are addressed here.

First, Defendants are significantly prejudiced by Plaintiffs' failure to properly allege or support their damages claims.  Plaintiffs bear the burden of proof and Defendants cannot prepare an adequate defense without knowing the proof Plaintiffs plan to offer at trial.

Second, Plaintiffs' non-compliance has interfered with the judicial process because they filed this action, alleged damages, and then failed to comply with the Court's Orders requiring them to produce supporting evidence.  Ignoring this failure would render Rules 16 and 26 relatively meaningless as tools meant to ensure that parties such as the Defendants have a fair opportunity to defend themselves.

Third, the Plaintiffs are culpable here because they were specifically ordered to respond to discovery requests seeking evidence of damages, and they plainly failed to do so.

Fourth, the Court's June 30 Order did not warn Plaintiffs in advance that dismissal was a likely sanction.  (*See* Doc. 90.)  However, Defendants are not seeking dismissal as a sanction. They seek dismissal under Rule 56 as set forth below.  The sanctions they seek under Rules 16, 26, and 37 are an order prohibiting Plaintiffs from introducing evidence of their alleged damages or calling expert witnesses at trial.  FED. R. CIV. P. 37(b)(2)(A)(ii) (authorizing an order

"prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

Finally, there is no lesser sanction more effective than the one Defendants seek.  The Court's June 30 Order already ordered Plaintiffs to respond to discovery requests seeking damages evidence and Plaintiffs failed to comply.  Both fact and expert discovery are now closed, and Defendants have no other opportunity to obtain the documents and information necessary to defend the claims against them.

For these reasons, Defendants believe this Motion satisfies each of the *Ehrenhaus* factors described above.

**B.    Damages Claims and Supporting Evidence; Failure to Designate Experts or Produce Reports.**

A party must make its initial disclosures based on the information then reasonably available to it.  The party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  FED. R. CIV. P. 26(a)(1)(E).

Plaintiffs' Initial Disclosures failed to provide the required "computation of each category of damages claimed by the disclosing party …."  FED. R. CIV. P. 16(a)(1).  (Doc. 90 at 5-6.)  "Instead, Plaintiffs stated that they would provide a damage calculation after 'special or expert testimony' …."  (Doc. 90 at 6.)

The Court's June 30 Order also required the Plaintiffs to supplement responses to discovery requests concerning their damages claims.  (Doc. 90 at 24-25.)

However, Plaintiffs never provided a calculation of their damage by supplementing their Initial Disclosures.  They also failed to supplement their document production or their answers to

interrogatories concerning damages claims as the Court ordered them to do.  (Doc. 90 at 24-25; Barneck Decl., ¶11.)  Further, they failed to make a final designation of experts and produced no expert reports, thus failing to comply with the Court's most recent Scheduling Order.  (Doc. 94)  Expert testimony was supposed to be the means whereby Plaintiffs would support their damages claims.  (Doc. 90 at 6.)  The failure to comply with these Orders supports a sanction precluding Plaintiffs from now introducing evidence of their damages or calling any expert witnesses to testify at trial.

C.    **Failure to pay Attorney Fee Award; Failure to Appoint New Counsel.**

It is also clear that Plaintiffs failed to pay the attorney fee award required by the Court's June 30 Order and that they failed to appoint new counsel as required by the Order entered August 31, 2020.  These defaults do not directly relate to discovery or evidence of damages, but they show a pattern of failure to comply with Orders of the Court and may be taken into account when the Court decides whether to award the sanctions sought by this Motion.

**POINT III**

**SUMMARY JUDGMENT SHOULD BE GRANTED.**

Based on the foregoing, the Court should enter summary judgment dismissing the First through Twelfth Causes of Action alleged in their First Amended Complaint.  (Doc. 50)  "Courts in this district and in the Tenth Circuit have granted summary judgment where an expert witness had been precluded, or where the court found that expert testimony was required, but no expert had been designated."  *Preventive Energy Solutions, LLC v. NCAP Ventures 5, LLC, et al.*, Case No. 2:16-cv-809-PMW, 2019 WL 2869950, *2 (D. Utah 2019 (unpublished); *see also Harvey v. United States*, 685 F.3d 939, 950-51 (10th Cir. 2012) (holding that "failure to provide expert

evidence on the issues of injury, causation, negligence, or wrongful act or omission rendered summary judgment appropriate" on a Federal Tort Claims Act claim).

By their own admission in discovery, expert testimony was required to prove the damages Plaintiffs allege in this action.  They have failed to properly designate expert witnesses or produce expert reports.  As a result, the Court has full authority to grant summary judgment dismissing Plaintiffs' First through Twelfth causes of action alleged against the Defendants.

## POINT IV

## SOLUTIONS OWNED THE INTELLECTUAL PROPERTY.

Undisputed facts in the record support a ruling as a matter of law that, during all times relevant to the Plaintiffs' claims, Solutions owned the Intellectual Property at issue in this action, and it had no contractual obligation to transfer its interests in the Intellectual Property to either Plaintiff.  The Court should grant summary judgment against the Plaintiffs and in favor of Smash Solutions on the Counterclaim for declaratory relief, ruling that Plaintiffs Alexander and Smash Tech have no ownership interest in the Intellectual Property.

### A.      No Breach of Contract or Breach of Implied Covenant.

Absent a contract, Plaintiffs have no legal basis to allege a transfer of the Intellectual Property and no basis to compel Smash Solutions to transfer the Intellectual Property to Smash Tech as a form of relief in this action.

Plaintiffs' claims for breach of contract and breach of implied covenant are nominally pleaded against Ulrich only.  However, the Complaint elsewhere contends that Technology owns the Intellectual Property, and that it acquired such ownership by virtue of the "agreement" between Alexander and Ulrich.  (Doc. 50, ¶¶8, 12-14, 20-25, 33-37, 60-62, 67, 71-79, 84-88.)

Therefore, the Motion briefly addresses the Plaintiffs' Second (breach of contract) and Third (breach of implied covenant) causes of action.

In Utah, a breach of contract claim requires proof of the following elements: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *America West Bank Members, L.C. v. State of Utah, et al.,* 2014 UT 49, ¶15, 342 P.3d 224; *see also, Carmichael, et al. v. Higginson, et al.,* 2017 UT App 139, ¶10 n.5, 402 P.3d 146 (same); *Houweling's Nurseries Oxnard, Inc., et al. v. Robertson, et al.,* 276 F. Supp. 3d 1239, 1246 (D. Utah 2017). "One of the established principles of contract law is that, absent an exception, 'a contract cannot bind a nonparty.'" *Ayres, et al. v. AG Processing Inc., et al.,* 345 F. Supp. 2d 1200, 1215 (D. Kan. 2004) (holding minority members' claim for breach of contract against members/officers of company failed because only the company was a party to the agreement alleged to have been breached); *Lockyer, et al. v. AXA Advisors, LLC, et al.,* 2010 WL 4612040, *5 (D. Utah 2010) ("A cause of action for breach of contract may only be asserted against a party to the contract itself.") (unpublished disposition) (*citing Horman v. Gordon,* 740 P.2d 1346, 1351 (Utah Ct. App. 1987)).

Similarly, "[a] claim for breach of the implied covenant of good faith and fair dealing … is based on judicially recognized duties not found within the four corners of the contract." *Christiansen, et al. v. Farmers Insurance Exchange,* 2005 UT 21, ¶10, 116 P.3d 259. The "duties of good faith and fair dealing arise out of the relationship between the parties created by the contract and have no independent existence outside of the contract …." *Peterson & Simpson, et al. v. IHC Health Services, Inc.,* 2009 UT 54, ¶21, 217 P.3d 716. The "covenant cannot be

read to establish new, independent rights or duties to which the parties did not agree ….”
*Oakwood Village, LLC v. Albertsons, Inc., et al.,* 2004 UT 101, ¶45, 104 P.3d 1226.

Plaintiffs’ claims for breach of contract and breach of the implied covenant, both alleged only against Ulrich, cannot be the basis for establishing Smash Tech’s ownership of the Intellectual Property.  Both claims allege an agreement between Alexander and Ulrich, not Smash Solutions.  (Doc. 50, ¶¶39-42, 44-50.)  As a matter of law Plaintiffs cannot prove “a contract” to which Smash Solutions was a party, and accordingly, cannot show that Smash Solutions breached any such contract. *See America West,* 2014 UT 49, ¶15.  Similarly, as a matter of law, Plaintiffs cannot sustain a claim for breach of the implied covenant of good faith and fair dealing against Smash Solutions.  Because the implied covenant arises out of the contractual relationship and has “no independent existence outside of the contract,” *Peterson & Simpson,* 2009 UT 54, ¶21, there can be no claim against Smash Solutions for breach of the implied covenant.  Because Smash Solutions is not a party to the alleged agreement, Plaintiffs cannot sustain a breach of contract or breach of implied covenant claim against it.

The undisputed record shows that the Intellectual Property belonged to Smash Solutions before the alleged “agreement” was entered.  Specifically, the Amended Complaint alleges that “Ulrich agreed to transfer infant intellectual property to [Smash Tech] ….”  (Doc. 50, ¶12.)  It further alleges Ulrich represented he “transferred [Smash] Solutions’ infant intellectual property to [Smash Tech] ….”  (Doc. 50, ¶14.)[2]  Then Plaintiffs allege a controversy exists “regarding the ownership and/or control of the new intellectual property,” and based thereon seek declaratory judgment in their favor (Ninth Cause of Action).  (Doc. 50, ¶¶84-88.)  Absent a transfer of

---

[2]  To be clear, Defendants do not agree that Ulrich made any such representation, and preserve their right to contest this allegation at trial to the extent necessary.

ownership, Smash Solutions still owns and controls the Intellectual Property.  Absent a contract to which Smash Solutions was a party, Plaintiffs have no legal basis to assert ownership of the Intellectual Property.

**B.      No Instrument in Writing.**

Finally, no contract of sale was ever written or signed.  During discovery Plaintiffs produced over 3,000 pages of documents with their Rule 26(a) initial disclosures and written discovery responses, but these documents do not include any writing that purports to effect a transfer of the Intellectual Property from Smash Solutions to Alexander or Smash Tech.  There is no purchase and sale agreement, no license, no assignment of interests, no bill of sale, and no other instrument in writing purporting to effect a transfer to Technology of any rights in the Intellectual Property.  (Barneck Decl., ¶¶15-16.)

The Lanham Act declares that an assignment of rights relating to a trademark "shall be by instruments in writing duly executed."  15 U.S.C. §1060(3).  It further directs the United States Patent and Trademark Office to "maintain a record of information on assignments, in such form as may be prescribed by the Director."  15 U.S.C. §1060(5).  Similarly, the Copyright Act states that a "transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. §204(a).

The Second Circuit has held as follows regarding this writing requirement:  "Although it may seem formalistic, the 'writing requirement' is rooted in real policy concerns.  [It] serves the ends of (1) ensuring that the owner of the intellectual property will not assign it inadvertently; (2) forcing parties to determine the precise rights being transferred; and (3) enhancing

predictability and certainty of ownership." *Federal Treasury Enterprise Sojuzplodoimport, et al., v. SPI Spirits Limited, et al.,* 726 F.3d 62, 74 (2nd Cir. 2013) (*citing Effects Assoc., Inc. v. Cohen, et al.,* 908 F.2d 555, 557 (9th Cir. 1990)).  In *SPI Spirits*, the Second Circuit found "no such writing in the record before us, nor is such a writing adequately alleged in the Complaint." *SPI Spirits,* 726 F.3d at 74.  Further, the RESTATEMENT (SECOND) OF CONTRACTS states:  "It is essential to an assignment of a right that the obligee manifest an intention to transfer the right to another person without further action or manifestation of intention by the obligee." RESTATEMENT (SECOND) OF CONTRACTS, §324 (1981).

The policy concerns that the Second Circuit identified illustrate the reasons why the Court reject any alleged verbal agreement for the transfer of the Intellectual Property in this action.  In particular, an important purpose served by an instrument in writing is to enhance the "predicability and certainty of ownership." *SPI Spirits,* 726 F.3d at 74.  "A clear writing effecting an assignment signals to the parties and the world that the assign is the party that owns the mark and is authorized to exclude others from use." *Id.*  Plaintiffs have neither alleged nor produced any such instrument in writing, and the Defendants agree no writing was prepared or signed.  Although Plaintiffs do not allege per se the transfer of a trademark or a copyright in this case,[3] they make the very similar contention that ownership of the Intellectual Property was transferred to Smash Tech without any instrument in writing.

The only agreement Plaintiffs allege concerning a transfer of ownership is the unwritten agreement allegedly entered between Alexander and Ulrich.  Because the undisputed evidence is

---

[3]  Plaintiffs do assert two causes of action under the Lanham Act.  Their Sixth Cause of Action is titled "False Advertising and False Designation of Origin" and is based upon 15 U.S.C. §1125(a)(1)(B).  (Doc. 50 at 12-13.) Their Seventh Cause of Action is titled "Unfair Competition" and is based upon 15 U.S.C. § 1125(a)(1)(A). (Doc. 50 at 13-14.)

that the Intellectual Property was not transferred to Smash Tech, Smash Solutions is entitled to summary judgment declaring that neither Alexander nor Smash Tech have any ownership interest in the Intellectual Property.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant this Motion and enter sanctions against the Plaintiffs under FED. R. CIV. P. 37(b)(2)(A) prohibiting Plaintiffs from supporting their damages claims at trial through documentary evidence or by calling expert witnesses, based upon their failure to comply with the Court's Orders as set forth above.  Defendants also ask the Court to grant summary judgment under FED. R. CIV. P. 56 dismissing the First through Twelfth causes of action in Plaintiffs' First Amended Complaint, because they are precluded from supporting their damages claims as just addressed.  Finally, in addition to other relief, Defendants also seek summary judgment ruling that neither Alexander nor Smash Tech have any ownership interest in the Intellectual Property at issue in this action.

DATED this 26th day of February, 2021.

RICHARDS BRANDT MILLER NELSON


  /s/ Matthew C. Barneck
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Smash Solutions, LLC,*
 *Smash Innovations, LLC, and Jerry J. Ulrich*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of February, 2021, I electronically filed the foregoing **MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Michael Alexander
> 2450 St. Rose Parkway, Suite 120
> Henderson, NV 89704
>
> Smash Technology, LLC
> 2450 St. Rose Parkway, Suite 120
> Henderson, NV 89704
>
> Heidi G. Goebel
> Eric K. Jenkins
> GOEBEL ANDERSON PC
> 405 South Main Street, Suite 200
> Salt Lake City, UT  84111
> HGoebel@GAPClaw.com
> EJenkins@GAPClaw.com
> *Attorneys for Defendant Feracode, LLC*

/s/  Matthew C. Barneck

G:\EDSI\DOCS\21981\0002\1BV8695.DOC

20