MATTHEW C. BARNECK [5249]
ZACHARY E. PETERSON [8502]
KRISTINA H. RUEDAS [14306]
RICHARDS BRANDT MILLER NELSON
 *Attorneys for Smash Solutions, LLC,*
 *Smash Innovations, LLC, and Jerry J. Ulrich*
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
         zachary-peterson@rbmn.com
         kristina-ruedas@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual;<br><br>        Plaintiffs,<br><br>vs.<br><br>SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; SMASH INNOVATIONS, LLC, a Wyoming limited liability company; and FERACODE, LLC, a Utah limited liability company,<br><br>        Defendants. | **DECLARATION OF MATTHEW C. BARNECK**<br><br><br><br>Civil No. 2:19-cv-00105-TC-JCB<br><br>Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

| | |
|---|---|
| SMASH SOLUTIONS, LLC, a Delaware limited liability company; JERRY "J.J." ULRICH, an individual; and JOHN DOES 1-3; <br><br>     Counterclaim Plaintiffs, <br><br> vs. <br><br> SMASH TECHNOLOGY, LLC, a Nevada limited liability company; and MICHAEL ALEXANDER, an individual; <br><br>     Counterclaim Defendants. | |

I, Matthew C. Barneck, state under penalty of perjury under the laws of the United States of America, as follows:

1.     I am over the age of 18 years and otherwise competent to testify to the facts set forth in this Declaration.

2.     I am a member in good standing of the Utah State Bar Association and the Bar of this Court, and have been since 1988. I am one of the counsel of record for the Defendants and Counterclaimants in this action.

3.     In the Court's Memorandum Decision and Order entered June 30, 2020 (Doc. 90), Plaintiffs were ordered to serve responses to the Defendants' Second Request for Production of Documents to Michael Alexander, within thirty (30) days after the Order. (Doc. 90 at 20.)

4.     When the deadline passed and Plaintiff Alexander failed to serve Responses, Defendants' counsel served a meet-and-confer letter on August 7, 2020. Plaintiff then served responses on August 14, 2020.

5.      However, Alexander's responses did not produce any tax returns or any records showing his alleged cryptocurrency losses.  Alexander did not produce any additional documents with his responses beyond what Plaintiffs has produced previously.

6.      The Court also awarded attorney fees against Plaintiff Alexander as a sanction for failing to respond to the Defendants' Second Request for Production of Documents.  The parties were ordered to meet and confer on the amount of attorney fees and costs.  (Doc. 90 at 23-24.)

7.      They did so an agreed upon the amount of $1,819.17, and further agreed that Alexander would make the payment by August 15, 2020.  Defendants' counsel provided wiring instructions for that purpose.  However, neither Alexander, Plaintiff Smash Technology, nor their counsel paid the required amounts of attorney fees and costs.

8.      Shortly thereafter, Plaintiffs' counsel sought leave to withdraw, which the Court granted on August 31, 2020.  (Doc. 98)

9.      On July 30, 2020, by the Court-ordered deadline, Plaintiffs served supplemental responses to the Defendants' First Interrogatories and First Request for Production of Documents.  However, these supplemental responses were still deficient and Defendants' counsel served a meet-and-confer letter on August 7.

10.      Plaintiffs did not respond to the meet-and-confer letter and did not amend or further supplement their responses served July 30, 2020.

11.      Neither Alexander nor Smash Technology served supplemental Answers to Interrogatories within thirty (30) days after the close of fact discovery, as required by the Court's Order.  (Doc. 90 at 25.)

12.     The Plaintiffs also failed to designate or disclose any expert witnesses or produce expert reports by the deadline of November 13, 2020 as set forth in the most current Scheduling Order.  (Doc. 94)

13.     Plaintiffs previously filed their "initial" expert disclosures on May 6, 2020. (Doc. 86)  However, they failed to serve any final expert disclosures or any expert reports by the November 13, 2020 deadline.

14.     Plaintiffs did not seek any discovery from the experts designated by the Defendants on December 31, 2020.  Expert discovery closed on February 5, 2021.  (Doc. 94)

15.     During discovery, Plaintiffs produced over 3,000 pages of documents with their Rule 26(a) initial disclosures and other discovery responses.

16.     These documents do not include a purchase and sale agreement, a license, an assignment of interests, a bill of sale, or any other instrument in writing purporting to effect a transfer to Smash Tech of any rights in the Intellectual Property.

I declare under penalty of perjury under the laws of the United States of America, in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

DATED this 26th day of February, 2021.

RICHARDS BRANDT MILLER NELSON


 /s/ Matthew C. Barneck
MATTHEW C. BARNECK
ZACHARY E. PETERSON
KRISTINA H. RUEDAS
*Attorneys for Smash Solutions, LLC,*
 *Smash Innovations, LLC, and Jerry J. Ulrich*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 26th day of February, 2021, I electronically filed the foregoing **DECLARATION OF MATTHEW C. BARNECK** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Michael Alexander
>2450 St. Rose Parkway, Suite 120
>Henderson, NV 89704

>Smash Technology, LLC
>2450 St. Rose Parkway, Suite 120
>Henderson, NV 89704

>Heidi G. Goebel
>Eric K. Jenkins
>GOEBEL ANDERSON PC
>405 South Main Street, Suite 200
>Salt Lake City, UT  84111
>HGoebel@GAPClaw.com
>EJenkins@GAPClaw.com
>*Attorneys for Defendant Feracode, LLC*

/s/  Matthew C. Barneck

G:\EDSI\DOCS\21981\0002\1BW7931.DOC